crimes in other jurisdictions (see **Attachment 'M', AB 888, W&I Code § 6600(b)** as amended April 17, 1995, in strikeout text, id.), all done prior to the Act passing, and not one legislator thought of keeping **Penal Code § 668** to address offenses that may have been committed out-of-state, or of including offenses under the pre 1977 Indeterminate Sentencing Law.

**385.**   As stated in ***People v. Hunt*** (1999) 74 Cal.App.4th 939, 88 Cal.Rptr.2d 524:

> [3] Although we are charged with interpreting a statute to effectuate legislative intent, we "cannot enlarge the plain terms of the statute in pursuit of that underlying policy." (***Cathay Bank v. Fidelity National Title Insurance Co.*** (1996) 46 Cal.App.4th 266, 271, 53 Cal.Rptr.2d 595; ***City of Sacramento v. Public Employees' Retirement System*** (1994) 22 Cal.App.4th 786, 794, 27 Cal.Rptr.2d 545.) "An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intention not expressed therein." (***Mutual Life Ins. Co. v. City of Los Angeles*** (1990) 50 Cal.3d 402, 412, 267 Cal.Rptr. 589, 787 P.2d 996, citations and internal quotation marks omitted.) *It is a cardinal rule that courts may not add provisions to a statute.* (***Adoption of Kelsey S.*** (1992) 1 Cal.4th 816, 827, 4 Cal.Rptr.2d 615, 823 P.2d 1216; Code Civ. Proc., s 1858.) (Emphasis by Petitioner.)

**386.**   It must also be mentioned that even though the SVP Act has been amended on numerous occasions after being passed, the defining language of who is to be regarded as a 'Sexually Violent Predator' per **W&I Code § 6600(a)** had remained unchanged, as pertinent to the timetable of Petitioners claims.

**387.**   The second paragraph of **W&I Code § 6600(a)** states in pertinent part:

> Conviction of one or more of the **crimes enumerated** in this section **shall constitute** *evidence* **that may support** a *court or jury determination* **that a person is a sexually violent predator,** but shall not be the sole basis for the determination...

**388.**   This paragraph applies only to the type of *evidence* that a court or jury may use in *support of a finding,* that a person **is** a sexually violent predator, which would be determined at a trial, long after the respective administrative agencies and the courts (through its review of the petition) were supposed to have ***narrowed***, by the structured screening process (**Arguments I and II,** supra), the persons eligible for inclusion under the Act, by using the defined limiting factors as previously presented.

**389.**   **W&I Code § 6600(a)**, *in its definition of a sexually violent predator,* includes the necessity of *being convicted of a* **'sexually violent offense'** and specifically states the offenses to be considered as sexually violent offenses in **W&I Code § 6600(b)**, which states:

**390.**   (b) **"Sexually violent offense"** *means the following acts* when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, and that are committed on, before, or after the effective date of this article *and* **result in a conviction and a determinate sentence**: a felony violation of paragraph (2) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262, Section 264.1, subdivision (a) or (b) of Section 288, or subdivision (a) of Section 289 of the Penal Code, or sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code.

**391.**   The language of this section defines with specificity, eight (8) felonies, exclusive to other sex related felonies, that qualify under the Act and the necessity that the felony violation result in a conviction and a *determinate* sentence, which bolsters the previously defined Sexually Violent Predator aspect of **W&I Code § 6600(a)**, this time by stating the offenses of which a person would have had to commit against two or more victims, for which he or she received a determinate sentence. This fits the rule of statutory construction, as stated by the California Supreme Court where:

**392.**   " 'provisions relating to the same subject matter must be harmonized to the extent possible' " (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 659, 25 Cal.Rptr.2d 109, 863 P.2d 179)

**393.**   Just as appropriate here, is the decision of, *In Re Christian S.* (1994) 7 Cal.4th 768 at 788, to reiterate the point:

**394.**   *Where the Legislature makes express statutory distinctions, we must presume it did so deliberately,* giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. This concept merely restates another statutory construction canon: we presume the Legislature intended everything in a statutory scheme, and *we should not read statutes to omit expressed language or include omitted language.* As our Supreme Court stated, "we are aware of no authority that supports the notion of legislation by accident."(Emphasis by Petitioner)

**395.**   The minimal requirements of the statute as emphasized above are static and easily discernable, and by itself, creates the subject-matter that must be found before the court can obtain jurisdiction.

396.   The California Supreme Court deciding ***People v. Superior Court (Whitley)*** (1999) 68 Cal.App.4th 1383; 81 Cal.Rptr.2d 189, a SVP case, applied the rule they held in ***People v. Superior Court (Marks)*** (1991) 1 Cal.4th 56, at page 66,stating:

397.   Courts often have stated the general rule that when a statute prescribes certain procedures, a trial court has no "jurisdiction" or power to act without the occurrence of those procedural prerequisites. (***People v. Superior Court (Marks)*** (1991) 1 Cal.4th 56, 66, 2 Cal.Rptr.2d 389, 820 P.2d 613; see ***Abelleira v. District Court of Appeal*** (1941) 17 Cal.2d 280, 288, 109 P.2d 942.) **(FN3)** Thus it has been held that when a statute establishes prerequisites for maintenance of a civil commitment procedure, a trial court's jurisdiction or power to enter an order of commitment *depends [68 Cal.App.4th 1388] on compliance with those prerequisites.* (Emphasis by Petitioner)

398.   **(FN3.)** *Stated another way, a court acts in excess of its jurisdiction or in excess of its power if it acts without the occurrence of those prerequisites. To be distinguished is lack of jurisdiction in its fundamental sense, i.e., the absence of subject matter jurisdiction or jurisdiction over the parties. (***People v. Superior Court (Marks)***, supra, 1 Cal.4th at pp. 65-66; see ***Abelleira v. District Court of Appeal***, supra, 17 Cal.2d at pp. 286-290.)

### C. The Superior Court Lacked Jurisdiction For Arraignment:

399.   On June 27, 1996, Petitioner appeared in Superior Court for arraignment for **In Re Crim: Case No. A766947; Civil Case No. ZM 001979**, represented by Deputy Public Defender David Yamada. Petitioner entered a plea of Demurrer. **(Exh. 21, "Minute Order of Arraignment".)**

400.   Petitioner, during a 10 to 15 minute conference, (first time meeting Mr. Yamada) prior to entering the court for arraignment, informed Mr. Yamada about the issues that were raised at the Board of Prison Terms Probable Cause Hearing, and of the previous "NOT TRUE" findings on the Ohio prior, and stated that the same issues needed to be raised at this arraignment. Mr. Yamada agreed, and instead raised an issue to include petitioner as a part of the Class Action dismissal **(See Attach. G, face page of class action pleading to California Supreme Court)** that the Honorable Judge Harold Shabo had previously granted. **(See Exh. 22, "Arraignment Transcript" at page 1, lines 14 to 23.)**

401.   Beginning at page 2, lines 3 to 11, after Mr. Yamada spoke of the findings made by

1  Judge Tynan, (implying the "NOT TRUE" determination). Petitioner then requested
2  permission to address the Court. Permission was granted.

3  **402.** Petitioner then stated that it shouldn't matter whether the law was constitutional or
4  unconstitutional, that the demurrer goes to challenge the Petition on it's face, as the facts
5  stated in the petition itself, presents a defense. Petitioner then informed the court that
6  Mr. Yamada had failed to point out the issues that address the demurrer. Petitioner then
7  raised the out of state issue, pointing out that the SVP Act specifically didn't include out
8  of state offenses, and that the SVP Act required specific California Penal Code Sections.
9  and at line 13, Mr Yamada acknowledged, "We will go through that issue also".

10  **403.** Petitioner then further presented to the court that the Ohio prior resulted in a
11  indeterminate sentence, which also did not qualify under the express language of the
12  statute, and that the Petition should therefore be dismissed for lack of qualifying criteria.
13  The Court in **Reno v. Baird** (1998) 18 Cal.4th 640, spoke of words and stated:

14  **404.** To ignore the term, therefore, would violate the maxim of statutory
15  construction that " '[c]ourts should give meaning to every word of a
    statute if possible, and should avoid a construction making any word
16  surplusage.' [Citation.]" (**Reno v. Baird** (1998) 18 Cal.4th 640, 658, 76
    Cal.Rptr.2d 499, 957 P.2d 1333.)

17  **405.** The United States Supreme Court in weighing in on the construction of a California
18  statute in **Hughes Aircraft Co. v. Jacobson** (U.S. Cal. 1999) 119 S.Ct. 755 stated:

19  **406.** As in any case of statutory construction, our analysis begins with "the
    language of the statute." **Estate of Cowart v. Nicklos Drilling Co.,** 505
20  U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992). And where the
    statutory language provides a clear answer, it ends there as well. See
21  **Connecticut Nat. Bank v. Germain,** 503 U.S. 249, 254, 112 S.Ct. 1146,
    117 L.Ed.2d 391 (1992).
22

23  **407.** At this time, the Assistant District Attorney Rick Vagnozzi, continuing to commit
24  fraud on the court, argued that Petitioners Ohio sentence had been commuted to a
25  determinate sentence once Petitioner paroled. This statement resulted in petitioner
26  denying that such a commutation happened and required an explanation on Ohio's
27  sentencing and parole structure.

28  **408.** The act of presenting this untruthful statement to the Court gives further evidence of

1   prosecutorial misconduct, and the courts, addressing acts such as this, as in ***People v.***

2   ***Pitts*** (5 Dist. 1990) 273 Cal.Rptr. 757, 223 Cal.App.3d 606 have stated:

3   **409.**    'Prosecutorial misconduct implies *the use of deceptive or reprehensible*
          *methods to attempt to persuade either the court* or the jury. [Citation.]'
4          " (***People v. Haskett*** (1982) 30 Cal.3d 841, 866, 180 Cal.Rptr. 640, 640
          P.2d 776.)    A prosecutor has a duty to prosecute vigorously.   "But,
5          while he may strike hard blows, he is not at liberty to strike foul ones.
          *It is as much his duty to refrain from improper methods calculated to*
6          *produce a wrongful conviction* as it is to use every legitimate means to
          bring about a just one." (***Berger v. United States*** (1935) 295 U.S. 78,
7          88, 55 S.Ct. 629, 633, 79 L.Ed. 1314.)    Misconduct need not be
          intentional in order to constitute reversible error.   (***People v. Bolton***
8          (1979) 23 Cal.3d 208, 214, 152 Cal.Rptr. 141, 589 P.2d 396.)

9   **410.**    The deception shown is obvious. A competent and skillful advocate of the state, in

10   possession of documents (see **Exh. 17, "Ohio Criminal History Sheet"** supra, *a*

11   *document he **personally** requested from Ohio*), that show Petitioner's sentence and place

12   of conviction, which was specifically not included in the SVP Act's qualifying criteria,

13   fraudulently persuading the Court that Petitioner's sentence was commuted to a

14   determinate sentence at the time he paroled, knowing that those statements were not true.

15   As previously shown, **W&I Code § 6600(a)** is clear on its requirements.

16   **411.**    **Exhibit 17** (the **"Ohio Criminal History Sheet"**) show numerically, the sentences

17   received, and **Exhibit 2, page 1,** (the **"Ohio Journal Entry, Conviction"**) and **page 2,**

18   (the **"Ohio Journal Entry, Sentencing"**) not only show the sentences received, but use

19   the word indeterminate as part of its pronouncement of judgment.

20   **412.**    As a licensed practitioner of law, representing the People of the State of California,

21   ignorance of how the words 'determinate' or 'indeterminate' are used or defined would

22   be absurd. As such, Blacks Law Dictionary defines:

23   **413.**    "Determinate Sentencing" as:

24          A sentence for a fixed length of time rather than for an unspecified
          duration.

25   **414.**    And "Indeterminate Sentencing" as:

26          The practice of not imposing a definite term of confinement, but instead
27          prescribing a range for the minimum and maximum term, leaving the
          precise term to be fixed in some other way, usually based on a prisoner's
28          conduct and apparent rehabilitation while incarcerated.

1. A sentence of an unspecified duration, such as one for a term of 10 to 20 years.

2. A maximum prison term that the parole board can reduce, through statutory authorization, after the inmate has served the minimum time required by law.

**415.** In 1999, reviewing prosecutorial misconduct in ***People v. Watts*** (1st Dist. 1999) 91 Cal.Rptr.2d 1, 76 Cal.App.4th 1250, the 1st District cited California Supreme Court decisions, by stating:

**416.** The prosecutor, after all, " ' "is the representative not of any ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all;  and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." ' [Citations.]" (***People v. Fierro*** (1991) 1 Cal.4th 173, 208, 3 Cal.Rptr.2d 426, 821 P.2d 1302.)    Thus, *"the prosecutor must execute the duties of this representative office diligently and fairly, avoiding even the appearance of impropriety that might reflect poorly on the state."* (***People v. Trevino*** (1985) 39 Cal.3d 667, 682, 217 Cal.Rptr. 652, 704 P.2d 719, disapproved on other grounds in ***People v. Johnson*** (1989) 47 Cal.3d 1194, 1216-1221, 255 Cal.Rptr. 569, 767 P.2d 1047.) (Emphasis by Petitioner)

**417.** After the arguments presented by Petitioner and the fraudulent claims made by prosecutor DDA Richard Vagnozzi, the Court acknowledged, at page 2, line 14, "That's another issue that your lawyer is going to handle."

**418.** The responses made by the Court and Petitioners attorney, as shown above, appear to be unconnected to the rest of the statements that appear in the transcript, and in this manner, the transcript stands own its own to show that some type of oversight, or editing was made, removing the issues petitioner personally presented to the court, including Petitioner's plea of Demurrer. (At this time, Petitioner has to rely on his sworn Declaration, (**See Exh. 24, Petitioners "Declaration of Issues Presented at Arraignment".**)

**419.** After petitioner presented these arguments, the Honorable Judge Harold Shabo stated that he couldn't address the issues raised and would defer a ruling on those issues, because the appellate court had issued a stay of all proceedings while they review the constitutionality of the SVP Act. This statement by the Honorable Judge Shabo is also missing from the transcript.

71

**420.** Petitioner also addressed the issue of housing, and for safety reasons Petitioner requested housing at Atascadero State Hospital pending a ruling on the constitutionality of the SVP Act, due to the continuing physical attacks committed against SVP's at Los Angeles County Jail. The sheriffs were not segregating SVP's from the general population and leaking information to the penal inmates and detainees of the of the so-called civil charges of the Sexually Violent Predator population. Though this request was personally made by Petitioner it is also missing from the transcript, but it is implied in the transcript on page 2, lines 21 to 27, and is referred to as a motion by Petitioner in **Exhibit 24**, the **Arraignment Minute Order**, dated 06-27-96, and **Exhibit 25**, **Minute Order for Transfer**, dated 08-02-96.

### D. Petitioner Was Entitled to A Hearing On The Plea Of Demurrer:

**421.** At the time that Petitioner pled demurrer to the Petition, Petitioner having familiarized Deputy Public Defender David Yamada, with the issues that needed to be presented, during the 10 to 15 minutes prior to the actual appearance in court, placed counsel on notice of a potentially meritorious defense, and therefore, counsel should have known that the crimes used to support the petition for commitment, actually presented a defense that would negate the cause of action, and because of that, case law would require him to demurrer the petition. See *In re Greenfield* (1970) 11 Cal. App. 3d 536, 541, 89 Cal. Rptr. 847, where attorney's ignorance of controlling case law was inexcusable neglect, and *People v. Zimmerman* (1980) 102 Cal. App. 3d 647, 161 Cal. Rptr. 669, where defense counsel must be reasonably familiar with significant recent decisions.

**422.** Petitioner believes that he was entitled to a hearing to present evidence in support of his demurrer. Petitioner was denied effective assistance of counsel at this critical stage, due to counsel being appointed at the time of the arraignment, and by counsel neglecting to follow-up on Petitioner's presented issue of lack of jurisdiction, file a motion presenting the demurrer, or even to present Petitioner's claims to the appellate department of the Public Defenders Office. (See *In re Williams* (1969) 1 Cal.3d 168,

72

174–175; 81 Cal.Rptr. 784, and ***People v. Ibarra*** (1963) 60 Cal.2d 460, 464, 34 Cal.Rptr. 863.)

**423.** Instead, Petitioner was required to address these issues himself, and as previously shown, these presentations were excluded from the transcript of the arraignment. Had Petitioner's attorney presented these claims, it is Petitioner's heartfelt belief, that the issues would have been preserved by transcript for review, instead of Petitioner needing to rely on extrinsic aids to provide proof, in order to preserve this lack of jurisdiction claim as a defense.

**424.** California **Code of Civil Procedures, § 430.10**, in relevant part provides:

> "The party against whom a complaint or cross complaint has been filed may object, by demurrer or answer as provided in section 430.30, to the pleading on any one or more of the following grounds:...
>
> (a)   The court has no jurisdiction of the subject of the cause of action alleged in the pleading.
>
> (e)   The pleading does not state facts sufficient to constitute a cause of action."

**425.** Likewise California **Penal Code § 1003**, is equally applicable as an alternative to **Code of Civil Procedure § 430.10**, for when a plea or demurrer should be entered and states:

**426.**   ...Both the demurrer and plea must be put in, in open Court, either at the time of arraignment or at such other time as may be allowed to the defendant for that purpose.

**427.** It goes on at **Penal Code § 1004** to state the grounds that may be used, and provides, as pertinent to Petitioner:

**428.**   The following fundamental defects, when appearing on the face of an accusatory pleading, may be reached by demurrer.

> (1)   If an *indictment,* that the grand jury had no legal authority to inquire into the offense charged, or if an *information or complaint,* that the court has no jurisdiction of the offense charged therein. (P.C. 1004(1).)
>
> (5)   That it contains matter which, if true, would constitute a legal justification or *excuse of the offense charged, or other legal bar to the prosecution.* (Emphasis by Petitioner.)

**429.** Petitioner having placed appointed Deputy Public Defender David Yamada, on notice

1   by the in Court plea of demurrer, believes counsel was obligated to pursue the plea by

2   filing the demurrer in writing, as required by **P.C. § 1005**, or if he realized later that

3   he would no longer be representing Petitioner after the arraignment, by giving notice to

4   the lawyer who would be appointed to proceed with Petitioner' representation, and by

5   this inaction denied Petitioner effective assistance of counsel.

6   **430.**   The manner and timing of the stay of proceedings issued by the appellate court at the

7   time of Petitioner's arraignment caused Petitioner to suffer grievous harm, in the manner

8   of continued incarceration. The claimed failure of the court to have authority to timely

9   address those issues, allowed intervening amendments, which, if applied retroactively,

10  removed a defense relied on in two (2) separate forums, long before the amendments

11  existed, which even in the civil context, should be in violation of the Constitutions Ex

12  Post Facto Clause.

13  **431.**   An arraignment could not be viewed as anything other than a proceeding, as it is the

14  first step in the adversarial judicial process, and if that proceeding could be held while

15  a stay of proceeding was in effect, then Petitioner believes that a demurrer (which must

16  be pled immediately), challenging the facts enabling the Petition could also be

17  entertained, as a sustained demurrer would end the action on the merits, thus sparing the

18  court of unnecessary time and expense.

19  **432.**   Petitioner believes this was also intended by the enabling statute at W&I Code §

20  6602, "The judge of the superior court *shall review the petition*...", in Petitioners

21  understanding means to review the propriety of the petition and then hold a probable

22  cause hearing, "...and shall determine whether there is probable cause...", which then

23  brings in the proceeding similar to a criminal preliminary hearing.

24

25  **E. The Superior Court Lacked Jurisdiction For Probable Cause Hearing:**

26  **433.**   On May 25, 1999, Petitioner was returned to Los Angeles County Jail for a Probable

27  Cause Hearing by ASH request, per amended W&I Code § 6602.5 (Discharge Summary

28  unavailable), compelling a 6602 hearing as a requirement for SVP's to be housed at

74

1    Atascadero State Hospital.

2  **434.**  On June 16, 1999, petitioner appeared in court and started the Probable Cause

3    Hearing, where Petitioner's attorney submitted a number of motions, again raising the

4    claims on the original qualifying criteria that was presented at the arraignment in 1996.

5    At this time, the Court denied the Demurrer, and ruled that the amendments applied,

6    despite Petitioners attempt to preserve his original defense to the petition, even after

7    Petitioner pointed out that the Court had held the Demurrer and other issues in abeyance

8    until after the Appellate Court made a ruling on the constitutionality of the Act. The

9    Honorable Judge Shabo decided that the retroactivity of the amendment of September

10   13, 1996 (See **Stats.1996, c. 462 (A.B.3130), § 4, eff. Sept. 13, 1996**), superseded the

11   abeyance order, and any original jurisdictional claims that were raised while the 'stay of

12   proceedings' order was in effect.

13  **435.**  In order to preserve the issues, Petitioners attorney Nancy Ramseyer, DPD, presented

14   the following motions to dismiss due to lack of qualifying predicate offenses on two (2)

15   issues:

16  **436.**      A. Respondents (Petitioner) Ohio conviction did not qualify under
              the Sexually Violent Predator Act at the time the Petition was
17            filed, and;

18            B. The Ohio conviction was previously found to be "Not True" in
              California.
19

20  **437.**  On June 28, 1999, Deputy District Attorney, Rebecca Marie Madrid filed her

21   Opposition to Motion to Dismiss.

22  **438.**  On June 30th, 1999, Petitioners motions were argued and denied. (Petitioner is not

23   sure of the exact date, because Petitioner does not have a copy of the calendar or

24   transcript of the motion hearings.) Petitioner presented other motions throughout the

25   probable cause proceedings, pertaining to similar issues, including one claiming the right

26   to confront the original 1996 evaluators, citing ***Albertson v. Superior Court (People)***

27   (2D6d 2000) 77 Cal.App.4th 431 and ***Sporich v. Superior Court*** (2D 2000) 77

28   Cal.App.4th 422, (these decisions were later overruled in ***Albertson v. Superior Court***

*(People)* (C. 2001) 25 Cal.4th 796).

**439.** On August 06, 1999, during the probable cause hearing, Deputy District Attorney Rebecca Marie Madrid, filed an Amended Petition for commitment as a Sexually Violent Predator, for the claimed sole purpose of correcting the offense dates cited in the Petition. Petitioner objected and demurred, based on jurisdictional grounds and issue preclusion. Objection overruled and Demurrer denied. (**Exh. 36, "Amended Petition and Affidavit".**)

**440.** On November 19, 1999, Petitioner filed a Supplemental Motion to Dismiss due to lack of qualifying Sexually Violent Offense; the issue presented:

> **A.** If the 1996 Amendment applies to respondent, the Ohio prior should be dismissed under the terms of the Amendment.

**441.** On December 16, 1999, a hearing was had on the motion pertaining to the Ohio prior, which was supplemented with collateral estoppel claims, per the finality of decisions from the 1987 bifurcated trial issues, and the 'NOT TRUE' finding of that court. The court allowed the prosecution to re-litigate an issue previously ruled against them, then denied the motion to dismiss and ruled that the **Ohio Revised Code § 2907.05 fits Penal Code § 288(a). (Attachment 'C' Ohio Revised Code § 2907.05 and 'D' California Penal Code §§ 261 - 290, transcript unavailable.)**

**442.** Petitioner, at this time wishes to quote *People v. Mitchell* (4 Dist. 2000) 96 Cal.Rptr.2d 401, 81 Cal.App.4th 132, at page 143, where that court stated: "Our Supreme Court in *People v. Davis* (1995) 10 Cal.4th 463, 41 Cal.Rptr.2d 826, 896 P.2d 119, noted the subtle differences between former jeopardy and the traditional doctrines of res judicata and collateral estoppel:

**443.** "Double jeopardy precludes reprosecution for an offense of which a defendant has been acquitted or to which jeopardy has otherwise attached. *Res judicata gives conclusive effect to a final judgment on the merits in subsequent litigation of the same controversy. Collateral estoppel bars relitigation of an issue decided in a previous proceeding in a different cause of action if '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; and (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding.'* [Citations.]"

76

(Id. at pp. 514 515, fn. 10, 41 Cal.Rptr.2d 826, 896 P.2d 119.)"
(Emphasis by Petitioner)

444.   In 1987, after the jury returned a verdict of guilty in Case Number A766947, Petitioner had a bifurcated trial before Judge Tynan on the Ohio prior. The information filed on the prior pursuant to **Penal Code § 667.5** alleged both, the **Ohio Revised Code § 2907.02, Rape,** and **Ohio Revised Code § 2907.05, Gross Sexual Imposition**. Petitioners presentation was based on the elements of the offense of the Ohio Statute versus the elements of the offense of the California Statute. The 'NOT TRUE' finding made by the court in case number A766947, was made on the merits as to all issues.

445.   The District Attorney had a fair opportunity to present his case, unhampered by evidentiary insufficiency. He may have also had the option, which he waived through inaction, of appellate review of Judge Tynan's ruling, if he believed that it was made in error. (See **Attachment 'A', 1987 Trial Transcript,** and **Exhibit 4, pg. 2, "Minute Order".**)

446.   Petitioner took an appeal on the conviction in Case Number A766947, which was subsequently affirmed in an unpublished decision, which has long since been final, for application of collateral estoppel principles.

447.   In *People v. Walker* (2001) 107 Cal.Rptr.2d 264, 89 Cal.App.4th 380, the court stated at page 267:

448.   [3] The court in *People v. Monge*, supra, [(1997)] 16 Cal.4th 826, 66 Cal.Rptr.2d 853, 941 P.2d 1121, and again in *People v. Hernandez* (1998) 19 Cal.4th 835, 80 Cal.Rptr.2d 754, 968 P.2d 465, noted that although double jeopardy principles did not bar retrial of prior convictions, *there may be other statutory or case law principles which may prevent such retrials.* In *Mitchell*, supra, [*People v. Mitchell* (2000)] 81 Cal.App.4th 132, 96 Cal.Rptr.2d 401, this court addressed the issue of whether other principles might prevent retrial of alleged prior convictions. In that case *we held the equitable principles of res judicata and collateral estoppel were relevant to a determination of the prosecution's rights to subject a defendant to repeated trials on alleged prior convictions.*

449.   The court further stated at page 267-268 in pertinent parts:

In *Mitchell*, supra, 81 Cal.App.4th 132, 96 Cal.Rptr.2d 401 *we held that retrial was barred where the prosecution had a full and fair opportunity to present its proof on the truth of the prior conviction in that case. We*

77

noted that _there were no evidentiary errors of the trial court_ that prevented *268 the prosecution from presenting its proof at the first trial. Thus, central to our decision to bar retrial was the absence of judicial error that could have prevented the prosecution from making its case. (Id. at p. 136, 96 Cal.Rptr.2d 401.) (Emphasis by Petitioner.)

**450.** Pertinent to the issue presented, **W&I Code § 6600(a)** was amended by **Stats.1996, c. 462 (A.B. 3130), § 4, eff. Sept. 13, 1996** to include "...a conviction in another state for an offense that _includes all the elements_ of an offense described in subdivision (b)...", closely tracking the language used in **Penal Code § 667.5(f)** that defines a prior conviction as including "a conviction in another jurisdiction for an offense which _includes all of the elements_ of the particular felony as defined under California law....", which was what needed to be determined in Petitioners 1987 bifurcated trial, **and is final as to those comparisons, for purposes of collateral estoppel,** as they are the same preliminary issues that have to be determined for application in the SVP context.

**451.** Even though **W&I Code § 6600(a)** further states in pertinent part: "..._The existence of any prior conviction may be shown with documentary evidence. The details underlying the commission of an offense that led to a prior conviction... may be shown by documentary evidence..._" does not stop the fact that the "_includes all the elements of_" requirement has to be determined first.

**452.** First _N.B.S. Corp. v. Gabrielsen_, (Cal.App. 1 Dist. 1986) 225 Cal.Rptr. 254, 179 Cal.App.3d 1189, held:

**453.** The application of the doctrine of [179 Cal.App.3d 1196] collateral estoppel depends on whether the issue in both actions is the same, not whether the issue arises in the same context. (See, e.g., **_Miller v. Superior Court_,** [(1985)]supra, 168 Cal.App.3d [376] at p. 381, 214 Cal.Rptr. 125 [_collateral estoppel applies to bar reconsideration of issue, already decided in criminal action, in subsequent civil proceeding_].) (Emphasis by Petitioner.)

**454.** Similarly, The United States Supreme Court in **_C.I.R. v. Sunnen_,** (U.S.Mo. 1948) 68 S.Ct. 715, 333 U.S. 591 determined:

**455.** The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound '_not only as to every matter which was offered and received to sustain or defeat the claim or demand, **but as to any other admissible matter which might have been offered for**_

78

*that purpose.' Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195. *The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever,* absent fraud or some other factor invalidating the judgment. See von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, ss 47, 48. (Emphasis by Petitioner.)

**456.** On April 28, 2000 after testimony by Dr. Kent Franks and Dr. Hy Malinek, Petitioner's Attorney Nancy Ramseyer filed additional Motions to Dismiss, the issues presented:

**457.**   A. The Board of Prison Terms had no authority to place the 45 day hold.

      B. Due to the negligence of the Board of Prison Terms, the subsequent SVP petition was improperly filed.

**458.** On May 10, 2000 Deputy District Attorney Rebecca Marie Madrid filed her opposition to Motion to Dismiss. The argument presented:

      A. The Board of Prison Terms was authorized to place the 45 day hold pursuant to **California Code of Regulations, Title 15, §2600.1.**

**459.** On May 23, 2000, the Court denied the motions presented on the above issues, denied an oral motion to strike the testimony of the witnesses, Dr. Kent Franks and Dr. Hy Malinek, and after the closing arguments and summation, issued a ruling on May 25th, 2000, that Probable Cause was found and that Petitioner is to stand trial on the SVP Petition. Petitioner requested and the Honorable Judge Harold Shabo, in agreement, ordered all the necessary transcripts for Writ review.

**460.** As to the Motions presented above at **paragraph 457**, Petitioner incorporates the same arguments as presented previously in **Argument II**, beginning at page 26, challenging the Board of Prison Terms authority to hold Petitioner without Probable Cause, in excess of their jurisdiction. Blacks Law Dictionary defines the Jurisdictional-fact doctrine as:

**461.** (Administrative law) The principle that if evidence is presented challenging the factual findings that triggered an agency's action, then a court will review the facts to determine whether the agency had authority to act in the first place.

**462.** On June 12th, 2000, Petitioner returned to Atascadero State Hospital, to await trial on the SVP Petition, gather exhibits and do research for the application of this instant Writ.

79

It has been a continuing up hill battle, with the unprovoked interference by the ASH Hospital Administration and the Hospital Peace Officers doing their searches, the repeated attempts to obtain the necessary documentary exhibits, and the failure to obtain aid from the previously appointed Public Defenders.

**Petitioners First Amendment Claim, as presented above:**

**463.** Petitioner was denied *his right to petition the government* (appeal from any decision due to the stay order, a liberty interest) *for redress* (the courts inability to address the demurrer) *of grievances* (no lawful authority to detain Petitioner, and the reliance on non-qualifying criteria).

**Petitioners Fourth Amendment Claim, as presented above:**

**464.** Petitioner's right to be secure ... *against unreasonable ... seizures*, (the Stay caused unreasonable delay, of which continued incarceration was the result) shall not be violated, and *no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons ... to be seized.* (The fabricated Petition filed by DDA Richard Vagnozzi also caused continued detention.)

**Petitioners Fifth Amendment Claim, as presented above:**

**465.** The entire process as presented above clearly denied Petitioner his *right to not be deprived of...liberty,...without due process of law.*

**Petitioners Sixth Amendment Claim, as presented above:**

**466.** Further, Petitioner was also clearly denied his *right to have effective Assistance of Counsel for his defense.* (A lawyer to challenge the manner in which custody was imposed, and properly pursue the demurrer and other issues by extraordinary writ.)

**Petitioners Eighth Amendment Claim, as presented above:**

**467.** Petitioner suffered from having ... *cruel and unusual punishments inflicted,* (By the manner in which Petitioner was either, subjected to staying in the County Jail, under threat to life and limb, or suffering the indignities of incarceration in a mental hospital, due to the court inability to proceed because of the Stay).

**Petitioners Fourteenth Amendment Claim, as presented above:**

**468.**   The United States Constitution guarantees these rights to Petitioner by way of the **Fourteenth Amendment** and inclusive to the argument presented, Petitioner asks for relief, by way of this Writ, on the basis that he was illegally arraigned, seized, denied effective assistance of counsel, and intentionally and blatantly denied due process protections, and therefor, the filed Petition for commitment, should be dismissed, and Petitioner released from custody.

# VI.

## CONCLUSION

**469.**   Petitioner has clearly shown that the state violated in numerous ways, a number of his constitutional rights, guaranteed by both the United States Constitution and the California Constitution. Numerous due process rights were denied through fraud and/or omission, by the manner in which the Act was applied, from the first day that the California Department of Corrections selected Petitioner for inclusion under the Sexually Violent Predators Act, and such acts continued throughout the screening process by the California Department of Mental Health, with the additional application of impromptu policies created and applied by the California Board of Prison Terms, to the creation of jurisdiction thru fabrication by Deputy District Attorney Rick Vagnozzi, compounded by the three year limbo caused by the Order Staying all Proceedings, and the absence of the Court to have power to act, except in a limited manner until the probable cause hearing.

**470.**   Observing similar issues as the ones presented here, reviewing ***Cooley v. Superior Court (Marentez)*** (Cal. 2002) 29 Cal.4th 228, 127 Cal.Rptr.2d 177, the California Supreme Court stated:

**471.**       The probable cause determination, however, is the first judicial hearing at which the offender can point out any error related to this documentary evidence. In light of the fact that this element can be easily verified, excluding this determination from the scope of the probable cause hearing would lead to the absurd result that an individual could potentially be kept in custody pending an eventual trial, even though he or she did not meet this basic requirement for civil commitment.

**472.**   Petitioner has shown that he started out with the most basic criteria necessary for the Act missing, yet events turned continuously against him to the point that his claims have never been properly addressed, and now presents these issues to a court of competent jurisdiction that could correct what has gone so thoroughly and terribly wrong. Petitioner includes for the court to take judicial notice, the unpublished decision of ***Gerald Rogers v. Superior Court,*** included as **Attachment 'V'**, where the appellate court ruled on the same indeterminate sentence issue as that claimed by Petitioner.

**473.**   Retired U.S. Supreme Court Justice William Brennan stated in his speech at

Georgetown University on October 12, 1985: "We do not have, nor did we ever want a pure democracy. The Constitution and Bill of Rights was to protect individuals and minorities from the oppression of the majority." The state has violated numerous statutes, regulations, procedures, and decisional case law, with each agent of the state not wanting "to be the one to release" petitioner.

474.   Perhaps "eloquence" is the correct word to use in describing the many concurring opinions which Justice Kennedy delivers when the Supreme Court has made split decisions. Such a term brings into mind Justice Kennedy's words which have since been borrowed by many lower court justices:

475.   "The hard fact is that sometimes we must make decisions we do not like. We make them because they are right, right in the sense that the law and the constitution, as we see them, compel the result. And so great is our commitment to the process that, express distaste for the result, perhaps for fear of undermining a valued principle that dictates the decision. This is one of those cases." (***Texas v. Johnson*** (1989) 491 U.S. 397, 402-421, concurring opinion of J. Kennedy.)

476.   Petitioner believes that this case calls for such a decision as Justice Kennedy refers. The political climate in California since 1995, has encouraged and acquiesced in draconian measures of confinement which ignore all but the mere shadow of formalities in regards to the constitutional and civil rights of persons accused of being a Sexually Violent Predator. Here, there has been shown that jurisdiction didn't exist as to the time Petitioner should have been released from confinement. Since then jurisdiction has been forcefully obtained, as Petitioner has never been in a position to either refute or refuse, what has happened to him. Such stolen jurisdiction has been addressed by ***Bradley v. Fisher*** (U.S.Dist.Col. 1871) 80 U.S. 335, 20 L.Ed. 646, 13 Wall. 335, which states:

477.   Where there is clearly no jurisdiction over *352 the subject matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible.

478.   Based on the issues presented in this writ, petitioner asks that the Writ Issue and Petitioner be immediately released from custody.

**PRAYER FOR RELIEF**

Petitioner is without remedy save by way of Writ of Habeas Corpus:

**WHEREFORE,** Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

1. Declare the rights of the petitioner;
2. Appoint Counsel for any hearings, if necessary;
3. Issue a Writ of Habeas Corpus, releasing petitioner from custody;
4. Restore Petitioner's rights, privileges and immunities guaranteed by law; and
5. Grant any other and further relief the Court deems proper.

**DATED:** 3-10-2010

Respectfully submitted,

Eli Toney DelRay,
CO #000155-2
Petitioner in Pro-per

**VERIFICATION**

I, Eli Toney DelRay, state:

    I am the Petitioner in this action. I have read the foregoing Petition for Writ of Habeas Corpus and the facts stated herein are true, and as to those matters that are herein based on information and belief, I also believe them to be true.

    I, therefore declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the County of Fresno, at Coalinga State Hospital, Coalinga, California, on _3-10-2010_____ .

Submitted,

_El Tony DelRay_

Eli Toney DelRay
CO #000155-2
Petitioner in Pro-per

85

# EXHIBITS

# COVER SHEET

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│    1    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:

**DEPARTMENT OF JUSTICE REPORT**
**(Printout)**

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☑ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

```
JUDICIAL
             01/PET THEF(              DISP/CON( .TED
                                      CONFINEMENT/5D


CUSTODY-SUPERVISION
    A/RECEIVED- 057074
       AGENCY/OH018011C HSE OF CORR-CLEVE        START DATE/032874


CYCLE/02  DOA/082174----------------------------------DRE/092174  DLU/101085

ARREST        AGENCY/OHCLP0098 CLEVELAND PD RECORDS      ARREST#/144220
    DOO 082174  01/RAPE (2 CASES) 1199     DISP/TURNED OVER TO OTHER
                   2907.02                      AGENCY
    ADD/082274 SO CUY CO 082974 BOGJ


JUDICIAL
              01/RAPE 2CTS CS 1199       DISP/CONVICTED
                 2907.02                 CONFINEMENT/14Y-50Y
                 7Y-25Y EACH COUNT
              02/GROSS SEX IMPO 1199     DISP/CONVICTED LESS OFN
                 2907.05                 CONFINEMENT/2Y-5Y
        PROVISIONS/CONSECUTIVE


CUSTODY-SUPERVISION
    A/RECEIVED- 92953
       AGENCY/OH070025C ST REFORM MANSFIELD      START DATE/041575
    B/PAROLED- 052281 DPV WANTED
       AGENCY/OH070025C ST REFORM MANSFIELD      START DATE/091180
    C/ACCEPTED PAROLE JURISD-
       AGENCY/CA ADULT PAR AUTH LOS ANGELES      START DATE/091180

NOTE: THIS IS A MULTISTATE OFFENDER
WHERE DISPOSITIONS ARE NOT SHOWN -OR- FURTHER EXPLANATION OF A DISPOSITION OR
CHARGE IS DESIRED, PLEASE CONTACT THE ARRESTING AGENCY.
THIS DATA, BASED ON FINGER PRINT IDENTIFICATION BY BCI, IS ONLY TO BE USED FOR
CRIMINAL JUSTICE PURPOSES AS DEFINED BY THE NCIC ADVISORY POLICY BOARD.
END OF PAGE 01 - END OF RECORD




MSG ID:  650, SENT  4/23/96 AT  1519, BY USER *
MSGID:  118347
4MEH02501.I*
CR.NYIII0000
15:19 04/23/96 11229
15:19 04/23/96 16227 CA0343400
*MEH02501/2
TXT
HDR/ZL01ISOQ MEH02501/ZATN/TOM WILSON
PART  1
THE FOLLOWING RECORD PERTAINS TO FBI/790557K7
THIS REPLY TO YOUR QR INQUIRY MUST BE UTILIZED ONLY FOR THE PURPOSE FOR WHICH
IT WAS REQUESTED AND MUST NOT BE UTILIZED FOR EMPLOYMENT OR LICENSING PURPOSES.
IF THE SUBJECT'S RECORD IS SUBSEQUENTLY REQUIRED FOR ANOTHER PURPOSE A NEW
REQUEST MUST BE MADE TO ENSURE THE RECORD USED IS CURRENT AND COMPLETE.


DATE  04-23-96         STATE OF NEW YORK          TRAN #   III
TIME  1819        DIVISION OF CRIMINAL JUSTICE SERVICES    PART    1
```

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────┐
│     │
│  2  │
│     │
└─────┘
```

**EXHIBIT**

Description of this exhibit:
COURT DOCUMENT:  "OHIO JOURNAL ENTRY"
Pg. 1:  Journal Entry for "Guilty Verdict"
     2:  Journal Entry for "Sentencing"

Number of pages to this Exhibit:  ____2____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

THE STATE OF OHIO )
Cuyahoga County ) SS.  I, GERALD E. FUERST, CLERK OF
THE COURT OF COMMON PLEAS
WITHIN AND FOR SAID COUNTY,
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL Journal
Entry  VOL 250 Page 288
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS 13
A. D. June                   96
GERALD E. FUERST, CLERK
Debbie Brown  Deputy

STATE OF OHIO, } SS.
CUYAHOGA COUNTY

**STATE OF OHIO**          PLAINTIFF

VS.

Anthony Pringle

DEFENDANT

IN THE COURT OF COMMON PLEAS

January _____ TERM, 19 75

TO-WIT: March          20        , 19 75

NO. CR 15641

**INDICTMENT**

Rape cts 1-3 w/c Gross Sexual
Imposition ct 2

**JOURNAL ENTRY**

This day again comes the Prosecuting Attorney on behalf of the State and defendant Anthony Pringle was brought into Court represented by counsel and the Jury duly impaneled and sworn.

And the said Jury having heard the testimony adduced, the arguments of counsel and the charge of the Court, alternate juror dismissed, retired to their room in charge of the Bailiff for deliberation.

Now comes the Jury conducted into Court by the Bailiff and returned the following verdict in writing, to-wit: "We, the Jury in this case being duly impaneled and sworn, do find the defendant Anthony Pringle, guilty of Rape, RC 2907.02 as charged in the first and third counts of the indictment," and "We, the Jury in this case being duly impaneled and sworn, do find the defendant, Anthony Pringle, guilty of Gross Sexual Imposition, RC 2907.05 as charged in the second count of the indictment."

Thereupon, the Court informed the defendant of the verdict of the Jury and referred him to the Psychiatric Clinic for examination and report.

RECEIVED FOR FILING

APR 8 - 1975

GERALD E. FUERST
By _____

Daniel O. Corrigan, Judge

rg 4/3/75

VOL 250 PG 288

STATE OF OHIO, |
CUYAHOGA COUNTY | ss.

IN THE COURT OF COMMON PLEAS

JANUARY                           TERM, 19

April 8,1975                          19

STATE OF OHIO          PLAINTIFF       TO-WIT:

vs.                                    NO._____  CR-15641

Anthony Pringle

INDICTMENT  Rape cts 1-3 w/ct Gr. Sex. Impost.

DEFENDANT

## JOURNAL ENTRY

    The defendant herein having, on a former day of court, been found guilty by a Jury of Rape, RC. 2907.02, as charged in the first and third counts, and guilty of Gross Sexual Imposition, RC.2907.05, as charged in the second count of the indictment, was this day brought into court with his counsel present.

    Thereupon the court inquired of the said defendant if he had anything to say why judgment should not be pronounced against him; and having nothing but what he had already said and showing no good and sufficient cause why judgment should not be pronounced:

    It is therefore ordered and adjudged by the court that defendant Anthony Pringle,                    be imprisoned and confined in the Ohio State Reformatory, Mansfield, Ohio, under each count, count one and three each for a period seven (7) to twenty-five (25) years, count two for a period of two (2) to five (5) years,

xxxxxxxxxxxxxxxxxxxxxxxxxx
for an indeterminate period, according to law and that he pay the cost of this prose-
cution for which execution is awarded.

    Sentence as to each count to run consecutively.

Daniel O. Corrigan, Judge         RECEIVED FOR FILING
va
4/10                                 APR 1 5 1975
n-4/9
C or C 124 C                     BY _____ JUDGE _____

VOL 250 PG 735

[library stamp]
I HEREBY CERTIFY ... COPY OF ... Journal
Entry Vol 250 Pg 735
... June ... 1986.
GERALD E. FUERST, Clerk
Debbie Brown

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│    3    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:

"CLETS PRINTOUT"
(3 page document)

Number of pages to this Exhibit:  ___3___  pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

```
FROM:                       ****************************      (
   CRT = 039                * CLE S DATABASE RESPONSE *       (   DATE = 04/23/96
     CLETS MNE = MEH         ****************************          TIME = 15.16.54
                               PAGE 01 OF 03

                             ** MESSAGE TEXT **

MSGID:    2486
*MEH02486.IH

RE: QHY.CA0343400.07053516.SVP          DATE:04-23-96 TIME:15:16:05
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:SVP                 WILSON

** III MULTI STATE RECORD
III/A07053516
DOB/08-10-1958  SEX/M  RAC/BLACK
HGT/509  WGT/150  EYE/BRO  HAI/BRO  POB/SC
NAM/01 DELRAY,ELI
     02 DELRAY,ELI TONEY
     03 DELRAY,ELI TONY
     04 PRINGLE,ANTHONY

FPC HENRY
I  5 U IOO  8
I 17 R IOI 15

FBI/790557K7
DOB/08-10-55
CDL/C2028717
SOC/051505320
INN/CDC-D053484
SMT/GLASSES
OCC/LABOR: PRINTER
*  *  *  *

REGISTRATION:          NAM:02
03-18-92  CAPD LOS ANGELES

CNT:01    #1843667D SR110432
   290 PC-REGISTRATION OF SEX OFFENDER
     ADR:1825 NORTH CHEROKEE, NBR 204, NORTH HOLLYWOOD, CA

09-22-92
 DISPO:CHANGE OF ADDRESS
     ADR:4234 LOCKWOOD, NBR 5, LOS ANGEES, CA

06-08-95
 DISPO:CHANGE OF ADDRESS
     ADR:517 SAN JULIAN STREET NBR 112C, LOS ANGELES, CA
*  *  *  *

ARR/DET/CITE:          NAM:01
06-15-81  CAPD LOS ANGELES

CNT:01    #1843667D 6189207
    -ATTEMPTED
   261.5 PC-UNLAWFUL SEXUAL INTERCOURSE W/MINOR
*  *  *  *
```

```
FROM:                      ********************
  CRT = 039               * CLETS DATABASE RESPONSE *        (  DATE = 04/23/96
    CLETS MNE = MEH        ********************               TIME = 15.16.54
                              PAGE 02 OF 03

                           ** MESSAGE TEXT **

ARR/DET/CITE:          NAM:02
07-29-82  CAPD LOS ANGELES

CNT:01    #1843667-D-6737064
  288 PC-CRIMES AGAINST CHILDREN/LEWD OR LASCIV
08-03-82
 DISPO:PROSECUTOR REJECT/REL DETENTION ONLY
* * * *


ARR/DET/CITE:          NAM:03
12-04-82  CAPD LOS ANGELES

CNT:01    #1843667-D-6901027
  487.3 PC-GRAND THEFT:AUTO
- - - -
SUPPLEMENTAL ARR:      NAM:02
12-07-82  CAPD LOS ANGELES

CNT:01    #1843667D-6901027
  10852 VC-TAMPER WITH VEHICLE

CNT:02
  484 PC-THEFT
- - - -
COURT:                 NAM:03
12-08-82  CAMC LOS ANGELES METRO

CNT:01    #31243139
  484(A) PC-THEFT OF PERSONAL PROPERTY
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02
  10852 VC-TAMPER WITH VEHICLE
*DISPO:CONVICTED
   CONV STATUS:MISDEMEANOR
   SEN:12 MONTHS PROBATION, 5 DAYS JAIL
* * * *


ARR/DET/CITE:          NAM:02
02-08-83  CAPD LOS ANGELES

CNT:01    #1925225D-6986284
  288A(C) PC-ORAL COP:-14/ETC OR BY FORCE/ETC
* * * *


ARR/DET/CITE:          NAM:02
05-21-85  CAPD LOS ANGELES

CNT:01    #1843667D-8083640
  288(A) PC-LEWD OR LASCIV ACTS W/CHILD UNDER 14
- - - -
COURT:                 NAM:02
02-24-87  CASC LOS ANGELES CENTRAL
```

```
FROM:                    ************************
   CRT = 039             * CLETS DATABASE RESPONSE *      DATE = 04/23/96
   CLETS MNE = MEH       ************************         TIME = 15.16.54
                             PAGE 03 OF 03

                          ** MESSAGE TEXT **


CNT:01    #A766947
  288(A) PC-LEWD OR LASCIV ACTS W/CHILD UNDER 14
DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02-03
  288(A) PC-LEWD OR LASCIV ACTS W/CHILD UNDER 14
*DISPO:CONVICTED
   CONV STATUS:FELONY

CNT:04
  288(A) PC-LEWD OR LASCIV ACTS W/CHILD UNDER 14
*DISPO:CONVICTED
   CONV STATUS:FELONY
    SEN:12 YEARS PRISON
*  *  *  *

CUSTODY:CDC           NAM:03
04-07-87  CASD CORR CHINO

CNT:01-02  #D53484
  288(A) PC-LEWD OR LASCIV ACTS W/CHILD UNDER 14
   CRT #:A766947

CNT:03    #D53484
  288(A) PC-LEWD OR LASCIV ACTS W/CHILD UNDER 14
   SEN FROM:LOS ANGELES CO  CRT #A766947
   SEN:12 YEARS PRISON
    *    *    *    END OF MESSAGE    *    *    *
```

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│    4    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:

STATE OF CALIFORNIA "ABSTRACT OF JUDGMENT"  (Case No. A766947)

Pg. 1: "Abstract of Judgment"  (Commitment to Prison)
    2: "Minute Order"  (Not True Finding on Priors)

Number of pages to this Exhibit:  ___2___  pages.

JURISDICTION:  (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☑ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

OKD TO CO SM NOTD

ABSTRACT OF JUDGMENT — COMMITMENT    APR 0 6 1987    FORM DSL 29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___ LOS ANGELES
BRANCH ___ CENTRAL CRIMINAL

COURT I.D.  1 9 0 0 0 1    X083-640

| CASE NUMBER(S) | |
|---|---|
| A766947 | – A |
| | – B |
| | – C |
| | – D |
| | – E |

PEOPLE OF THE STATE OF CALIFORNIA    versus    [X] PRESENT
DEFENDANT:   DELRAY, ELI TONY          [ ] NOT PRESENT
AKA:

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT          [ ] AMENDED ABSTRACT

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 02 , 24 , 87 | 113 | MICHAEL TYNAN | J WILLIAMS |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| C OLSON | K KOUMJIAN | PRO PER | X140896 |

SENTENCE RELATION

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE 1/3 MIDTERM | CONSECUTIVE FULL TERM | CONSECUTIVE STAYED | § 654 STAY | YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 288(a) | LEWD ACTS W/CHILD | 84 | 01 | 29 | 87 | X | | | U | | | | | | 8 | |
| 2 | PC | 288(a) | " | 84 | 01 | 29 | 87 | X | | | M | | X | | | | 2 | |
| 3 | PC | 288(a) | " | 84 | 01 | 29 | 87 | X | | | M | | X | | | | 2 | |

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.8 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | |

3. INCOMPLETED SENTENCE(S) CONSECUTIVE:          CREDIT

5. A. NUMBER OF PRIOR PRISON TERMS:

| | § | C/F | S | I |
|---|---|---|---|---|
| 667.5(a) | | 0 | 0 | 0 |
| 667.5(b) | | 0 | 0 | 0 |
| 667.6(a) | | 0 | 0 | 0 |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| | § | C/F | S | I |
|---|---|---|---|---|
| 667.6(a) | | 0 | 0 | 0 |

I hereby certify under penalty of perjury that the foregoing is a true and correct duplicate of the document on file in the Records Office of the California Mens Colony Department of Corrections San Luis Obispo, CA, 93409
Name: Brenda Ocho
Title: OBR Manager
Dated: 3-26-97

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED § 1170.1(a) [5-YEAR LIMIT] AND/OR § 1170.1(f) [DOUBLE BASE LIMIT]:

8. TOTAL TERM IMPOSED:                                                12

9. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING    B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. [ ] AFTER REVOCATION OF PROBATION    D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC §1170(d))

| 10. DATE SENTENCE PRONOUNCED MO DAY YEAR | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 02 , 24 , 87 | | 965 | INCLUDING: 643 | 322 | [ ] DMH   [X] CDC |

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[XX] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

[ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA
[ ] CALIF. MEDICAL FACILITY — VACAVILLE
[X] CALIF. INSTITUTION FOR MEN — CHINC
[ ] OTHER (SPECIFY):

CLERK OF SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE ___    DATE   APR 3 - 1987

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be referenced by reference.

Form Adopted by the Judicial Council of California Effective July 1, 1981

ABSTRACT OF JUDGMENT — COMMITMENT
FORM DSL 290

Pen.C. 1213

8
3

355

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES    **DEPT.**    113

| Date: HONORABLE: | 2-3-87 MICHEAL TYNAN T MARTINEZ | JUDGE Deputy Sheriff | E COX C OLSON | Deputy Clerk Reporter |
|---|---|---|---|---|

**(Parties and counsel checked if present)**

a766947
PEOPLE OF THE STATE OF CALIFORNIA
VS

01 DELRAY, ELI TONY
288(a) 03cts

Counsel for People:
DEPUTY DISTRICT ATTY:    N. KOUMJIAN

Counsel for Defendant:    PRO PER

---

NATURE OF PROCEEDINGS    PRIORS    REMANDED

THE ISSUE OF THE PRIOR ALLEGATIONS RESUMES FROM FEBRUARY 2, 1987 WITH ALL PARTIE PRESENT AS HERETOFORE.

THE PEOPLE ARGUE.

DEFENDANT ARGUES.

THE COURT FINDS ALL OF THE PRIOR ALLEGATIONS TO BE NOT TRUE.

THE DEFENDANT IS REFERRED TO THE PROBATION DEPARTMENT AND PROBATION AND SENTENCING IS SET FEBRUARY 24, 1987, AT 9:00.

REM

| MINUTES ENTERED |
| 2-3-87 |
| COUNTY CLERK |

76M 413L C-120-4-83                **MINUTE ORDER**

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

5

**EXHIBIT**

Description of this exhibit:

CALIFORNIA DEPARTMENT OF CORRECTIONS CENTRAL FILE
"CHRONOLOGICAL HISTORY SHEET"
(2 Page Document)

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

STATE OF CALIFORNIA — CHRONOLOGICAL HISTORY — DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 2-14-92 | 30 day wer of 115 #91060009 | | | |
| | 30 day wer of 115 #91070043 | VR | A1 EPRD | 3-35-9 |
| 3-5-92 | Correction made with regard to manual vested credit schd, adj max date | VR | A1 EPRD | 3-13-92 |
| 3-9-92 | 10 day Pre-Release Audit | Da | CDD | 3/13/95 |
| 3-12-92 | NO LONGER WANTED BY: Ohio Dept. of Corr. #0SR92953 | VS | DR | 3-13-93 |
| 3-13-92 | Paroled to Reg 3/WLA1/LA | S | | 3-13-94 |
| 6-3-93 | RETAIN ON PAROLE 2535(d) 1.5 | R | | |
| 8-6-93 | OTC, LA, Ref # BA080477 | BR | | |
| 7-14-93 | Hold Placed | | | |
| 7-19-93 | Rec'd BCC CIM PUB TC | R | RAO | 7-14-94 |
| 8-18-93 | Screening - Qa Bir BTC 12 mos (opt) (ETRC) Omelight 516 | MH | CDD | 7-12-96 / 7-14-95 |
| 9-17-93 | Audit | | | |
| 12-3-93 | Rtn from OTC LA Co TFT | MH | | |
| 12-10-93 | Add'l Commit rec'd by mail LA Co # BA080477. TT 3 yrs Status Chg from PVRTC to PWNT effective 12-3-93 | MH | | |
| 12-21-93 | Intake Audit | MH | | |
| 12-21-93 | RESTITUTION ORDERED PER LA CO. CASE # BA080477 $600.00 | MH | | |
| 12-21-93 | NOTICE REQUIRED PER 3058.6 PC | | | |
| 1-6-94 | Rec'd CMC West | Co | | |
| 2-1-94 | Intake audit | Co | | |
| 2-17-94 | EPRD recalculated. Credits applied through 2-11-94 @ A1 | Co | EPRD | 5-15 |
| 9-22-94 | Six month work credit gain. Credit applied through 8-31-94 @ A1 | Co | CDD | 5-30-98 |
| 2-22-95 | RELEASE AUDIT — CMC w. Credit applied thru 12-31-94 @ A1 | Hm | DR | 5-30-96 |

STATE OF CALIFORNIA

**CHRONOLOGICAL HISTORY**

DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 5-26-95 | Parole audit. | Bja | | |
| 5-30-95 | Par. Reg. III, Silverlake #I | STM | | |
| 6/12/95 | File Audited | MH | CDD | 5/30/95 |
| 7-26-95 | Hold Placed | MH | DR | 5/31/96 |
| 8-2-95 | Rec'd RCC-UM Pend Rev | MH | | |
| 9-14-95 | Rev Hrg Retain Hold Parole revoked RTC 10 mo Ineligible. | MH | RRD | 5-21-96 |
| 9-21-95 | Intake Audit | MH | CDD | 3-26-94 |
| OCT 0 4 1995 | **REC'D CVSP** | CO | DR | 5-21-97 |
| 10-6-95 | Intake Audit. | We | | |
| MAR 1 3 1996 | 30 day Pre-Release Aud — prev term #A166947 | | | |
| | disch. per Max CDD, remains on # BA080477 | We | | |
| 5-3-96 | A probable cause hearing will be conducted by the Board of Prison Terms per Misc. Decision — hold to remain into effect until 12:00 midnight on 5-24-96 | We | | |
| 5-23-96** | REC'D CMCE Returned to parole, Reg III, Silverlake #1, Retained at ASH per CCR 2600.1, SVP. | DCR / Usa | | |
| 5-21-96** | BPT Probable cause hearing. Probable cause found. Place hold effective 12:01 AM on 5/22/96 for 45 days, to expire 12 midnight on 7/5/96. | Usa | | |

I hereby certify under penalty of perjury the foregoing to be a true and correct duplicate of the document on file in the Records Office of the California Mens Colony Department of Corrections, San Luis Obispo, CA, 93409

Name _____
Title _____
Dated 2-26-07

Number _____   Name _____   Page 16

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│    6    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:

STATE OF CALIFORNIA "ABSTRACT OF JUDGMENT" (Case No. BA 080477)

Pg. 1:  "Abstract of Judgment"  (Commitment to Prison)

Number of pages to this Exhibit: ___**1**___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☒  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

*Reg'd + chng'd (Custody) 12-3-93*

| | |
|---|---|
| XX SUPERIOR<br>☐ MUNICIPAL<br>☐ JUSTICE | COURT OF CALIFORNIA, COUNTY OF __LOS ANGELES__ |

COURT (I.D.)  **1 9 0 0 0 1**      BRANCH OR JUDICIAL DISTRICT:  __CENTRAL CRIMINAL__

**ORIGINAL FILED**
**DEC 06 1993**
**LOS ANGELES SUPERIOR COURT**

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: **DEL RAY, ELI**
AKA: *Delray Eli, 3636861*

XX PRESENT
☐ NOT PRESENT

**BA080477**

☐ COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 12-01-93 | 104 | JACQUELINE A CONNOR | J FLORES |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| M BRACCI | F FREY | IN PROPRIA PERSONA<br>STAND BY COUNSEL: SANDRA STILL-WATER | X140896 |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (S, M, U) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 314(1) | INDECENT/EXPOSURE/<br>WITH PRIOR PC288 | 93 | 11 | 19 | 93 | X | | | U | 3 | |

**ENHANCEMENTS** charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.)
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

**ENHANCEMENTS** charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

OTHER ORDERS:

I hereby certify under penalty of perjury the foregoing to be a true and correct duplicate of the document on file in the Records Office of the California Mens Colony Department of Corrections, San Luis Obispo, CA, 93409
Name _____
Title CCR Program
Dated: 3-26-97

| TIME STAYED § 1170.1(g)  (DOUBLE BASE LIMIT): | |
|---|---|
| TOTAL TERM IMPOSED: | 3 |

☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

EXECUTION OF SENTENCE IMPOSED:

A. XX AT INITIAL SENTENCING HEARING    B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. ☐ AFTER REVOCATION OF PROBATION    D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. ☐ OTHER _____

| DATE OF SENTENCE PRONOUNCED | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 12-01-93 | 43 | INCLUDING: | 29 | | 14 | ☐ DMH   ☐ CDC |

☐ DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

XX FORTHWITH    INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ SAN QUENTIN
XX CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☐ OTHER (SPECIFY) _____

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE DEC 06 1993 |
|---|---|

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

## ABSTRACT OF JUDGMENT – COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the Judicial Council of California
Effective April 1, 1992

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────┐
│     │
│  7  │
│     │
└─────┘
```

**EXHIBIT**

Description of this exhibit: **Parole Violator Worktime Credit System**

**"Legal Status Summary Sheet"**
     (Dated: 03-13-96)

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:  (Check only one)

- ☐  Municipal Court
- ☑  Superior Court
- ☐  Appellate Court
- ☑  State Supreme Court
- ☐  United States District Court
- ☐  State Circuit Court
- ☐  United States Supreme Court
- ☐  Grand Jury

```
V5QP55                    PAROLE VIOLATOR WORKTIME CREDIT SYSTEM              03/13/96
                          PAROLE VIOLATOR LEGAL STATUS SUMMARY         PAGE:    1
DC NO: D53484   NAME: DELRAY,ELI,TONY              PAR STS: PRTC     LOC: CVSP
---------------------------------------------------------------------------------
RIGINAL PAROLE DATE: 05/30/1995   PAL TIME       :        TOT PRV REV TIME:
AROLE PERIOD       : 3            PREV DEAD TIME:          PREV HOLD CR      :
EMPER/SOSA CREDITS :              DCH REVIEW DATE:
---------------------------------------------------------------------------------
RREST/HOLD DATE    : 07/26/1995     HOLD CREDITS:               DEAD TIME:
                                    MRRD: 05/21/1996     CDD : 03/26/1999
---------------------------------------------------------------------------------
EVOCATION TIME  300    WORK ELIG N   BEGIN DATE 07/26/1995   END DATE 05/20/1996

TO BALANCE =   112   AS OF   11/07/1995

P)RRD 05/21/1996 BASED ON CREDIT APPLIED THRU 02/29/1996 , WORK GRP A1
```

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│    8    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:  **FORM**

**POTENTIAL SEXUALLY VIOLENT PREDATOR PRE-SCREENING FORM**

Number of pages to this Exhibit:  ____1____  pages.

JURISDICTION:  (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☒ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

INSTITUTION: C ISP II —                                          POSSIBLE

## POTENTIAL SEXUALLY VIOLENT PREDATOR PRE-SCREENING FORM

| Inmate Name: | CDC Number: | |
|---|---|---|
| DELTON, EII TON | D53484 | |
| County of present commitment: | Case Number(s): | Date of Offense: |
| Los Angeles | A764947 | 2-9-93  5-21-85 |
| Release date (specify EPRD, RRD, PRD): | CII Number: | |
| RRD   5-21-96 | AC7C5351C | |
| Commitment offense(s) (Specify PC or H&S Section[s]) | | |
| PC 288(a)  Lewd acts w/child | | |

| Is inmate pending transfer?  If yes, identify location and date of endorsement.  no |
|---|
| Has inmate been convicted of a sexually violent offense? |
| [✓] YES   [ ] NO   [ ] POSSIBLE (Specify data needed): |

Please identify specific sexually violent conviction (per factors on reverse of form), Date of offense, and Location:

| OFFENSE | DATE | COUNTY IF CALIFORNIA, IF NOT, IDENTIFY STATE |
|---|---|---|
| PC 261(a)(2) | | |
| PC 262(a)(1) | | |
| PC 264.1 | | |
| PC 286 Oral Cop or Sodomy | | |
| PC 288(a) | 1-29-87 | Los Angeles |
| PC 288(b) | | |
| PC 289(a) | | |
| PC 288a Oral Cop or Sodomy | | |

| Do conviction(s) indicate more than one victim? |
|---|
| [✓] YES   [ ] NO   [ ] POSSIBLE (Specify data needed) |
| Were victims strangers to inmate? |
| [ ] YES   [✓] NO   [ ] POSSIBLE (Specify data needed): |
| Was relationship established for victimization? |
| [✓] YES   [ ] NO   [ ] POSSIBLE (Specify data needed): |
| Please identify source documents:  (i.e. POR, AOI, CII, reports from other states, etc.) |
| AOI CII  POR pg 5 |
| List additional supporting documents requested and date of request: |
| D.A. File report pg 2  Clets - CHIS |

Is CDC Form 611, Release Program Study, completed with parole reporting instructions from appropriate Parole Region?  N/A PVRTC
If YES, Assigned Unit: Reg III Los Angeles  IF NO, Date CDC 611 submitted:

| Correctional Counselor I:  Print name and Date | Classification and Parole Representative:  Signature/Date |
|---|---|
| CCI GARCIA 1-29-96 | B Kenny/C&PR 2-8-96 |

MAIL LEGIBLE COPY TO:     California Department of Corrections, Institutions Division
                          Classification Services Unit, Room-300N
                          1515 S Street.
                          Sacramento, CA  95814

DISTRIBUTION
Original, Central File
Classification Services Unit, Institutions Division
Classification and Parole Representative, Institution
Inmate

TEMPORARY
11/13/95

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

<div style="border:1px solid black">9</div>

**EXHIBIT**

Description of this exhibit:

MEMORANDUM AND REFERRAL

Cover  "Memorandum" to Steven Mayberg
Referral: 3 page report from Linda Dossey

Number of pages to this Exhibit: ____4____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

# MEMORANDUM

**DATE:**     April 15, 1996

**TO:**       Steven Mayberg, Ph.D., Director

              Department of Mental Health

**FROM:**     James W. Nielsen, Chairman, Board of Prison Terms

              James H. Gomez, Director, Department of Corrections

**RE:**       **DELRAY, Eli Tony   D-53484**

              **EPRD:  05-21-96**


The central file for this inmate has been screened by the Department of Corrections (CDC) and the Board of Prison Terms (BPT) pursuant to W&I Code section 6600.  The attached report and supporting documentation have been prepared from that screening and are referred to your office for continued processing under the sexual predator statute.

Based on the CDC/BPT screening, this inmate meets the first level sexually violent predator criteria since he has been convicted of WIC 6600 qualifying offenses against two or more victims who were either strangers or where the relationship was established or promoted for the primary purpose of victimization, and as a result received qualifying sentence(s).

Please keep CDC and BPT apprised of the outcome of your actuarial screening and clinical evaluation of this individual.

If you have any questions, please do not hesitate to contact us.

JAMES W. NIELSEN, Chairman              JAMES H. GOMEZ, Director

Board of Prison Terms                   Department of Corrections


Attachments

Referral to Department of Mental Health
Welfare & Institutions Code Sections 6600, et seq.
Sexually Violent Predator Statute

April 15, 1996
**Name:  DELRAY, Eli Tony**
CDC No.:  D-53484
CII No.:  A07053516
DOB:  08-10-58  (37 years of age)
RRD:  05-21-96
Current Location:  CVSP II
Current Commitment Offense:  314.1 PC, Indecent Exposure, County of Los Angeles
Registration Requirements:  Penal Code section 290
Custody Level:  "R" Suffix

_____

WIC 6600 Offense Convictions(s):

February 1987:  Los Angeles County Superior Court Case No. A766947, convicted of
three counts of 288(a) PC, Lewd & Lascivious Act Upon Child Under Age 14; sentenced
to twelve years state prison.

April 1975:  State of Ohio, Court of Common Plea, County of Cuyahoga, convicted of
two counts of 1199/20907.02, Rape, and one count of 1199/20907.05, Sex Offense-Gross
Imposition; sentenced to 7-25 years each count of rape and 2-5 years for gross sex
imposition, each count consecutive; received Ohio DOC on 04-15-75 (#92953), and
paroled on 09-11-80 (ref. Ohio CII rap sheet of 04-03-96, and L.A. County POR of 02-
12-87).

Victims:

Case No. A766947:  (Ref. POR of 02-12-87)  The victim was the daughter of Subject's
common-law wife.  Reports indicate that the molestations occurred over a period of one
year (1984-85) and that the victim was approximately two and three years of age during
that time (pages 2-4).  At a glance, these molestations might appear non-predatory and
incidental to Subject's relationship with his common-law wife.  However, considering
Subject's past history and the implication that the victim's mother may have had
knowledge that her daughter was being abused, it would also seem plausible that
Subject's status as a member of the household was developed to facilitate easy access to a
child (pages 18 and 21).

Case No. 144220 (Cleveland P.D.) / Ohio DOC #92953:  The victims in this case were
Constance (age six) and Darleen (age seven).  Offense reports #44307 and #43489 from

the Cleveland, Ohio Police Department indicate that Subject was the former boyfriend of Selena Weaver, mother of Constance, and that Darleen was a neighbor of the Weavers. It appears that Subject may have gained access to the children while they were being cared for by a babysitter (it is not clear who was babysitting) and while the parents were away from the home. Both girls indicated that Subject had raped them by force/threat.

Other Factors:

File materials reflect a history of abnormal and illegal sexual behavior and predatory activities often focused on children (POR of 02-12-87, pages 5-9). Subject's current commitment offense is 314.1 PC, Indecent Exposure w/Prior 288 PC. His first felony conviction for a sex offense appears to be the Ohio cases in 1974, involving the two young girls. The POR of 02-12-87 (pages 5-9), reflects an arrest on 06-15-81, involving a sexual assault on a minor, which was later dismissed per 1385 PC ("people not ready to proceed"). On 07-29-82, Subject was arrested for forcible oral copulation w/person under age of 14, which was subsequently dropped as prosecutor rejected. He was alleged to have dragged a four-year-old child from a yard and attempted to rape her but was chased away by the victim's mother who was wielding a shotgun. On 02-08-83, he was again arrested for forcible oral copulation w/person under age of 14, per allegations that he took a four-year-old girl to the roof of a hotel and molested her. File reflects the case was rejected by the District Attorney because the victim moved to Illinois.

Social History:

Social history is available in the POR of 10-14-93 (pages 9-15), and the POR of 02-12-87 (pages 10-16).

Criminal History:

Criminal history is included in the POR of 10-14-93 (pages 4-8), the POR of 02-12-87 (pages 5-9), and the California and Ohio rap sheets. DMH should request updated CII report.

Conclusion:

Eli Tony Delray meets the first level sexually violent predator criteria for referral to the Department of Mental Health for further evaluation pursuant to Welfare & Institutions Code Section 6600, et seq. It appears that Subject not only manipulates himself into family relationships (as a common-law spouse) where there are young children, but also puts himself in situations with children in the general public which appear predatory, as

evidenced by previously cited arrests alleging serious misconduct with very young children.

Report prepared by:
Linda Dossey
Parole Agent II (Ret.)
Board of Prison Terms

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│   10    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:  **FORMS**

**SEXUALLY VIOLENT PREDATOR CRITERIA FORMS**
**Pg. 1    "Qualifying Criteria" Form**
**Pg. 2    "Sexually Violent Predator Record Review Form"**
**Pg. 3    "Additional Information" sheet (blank with statement**
**                    "no rap sheet available")**

Number of pages to this Exhibit:  ___3___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

INMATE NAME: _DELRA, ELI TONY_
CDC#: _D-53484_
DOB: _8-10-55_

MEETS WIC 6600 CRITERIA: ✓
DOES NOT MEET CRITERIA:
DATE REVIEWED: _4/23/96_
REVIEWED BY: _PA_

## QUALIFYING CRITERIA
## 6600 W & I Sexually Violent Predator
### 1. Convicted of a sexually violent Offense

| | YES | NO | IF NO THEN |
|---|---|---|---|

Conviction of one or more of the crimes enumerated in this section
for which he or she has received a determinate sentence: . . . . . . . . . . . . . .    ❑ (NO)
DATE OF CONVICTION: _____

PC 261 (a) (2) Rape . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _2_ counts
PC 262 (a) (1) Spousal rape . . . . . . . . . . . . . . . . . . . . . . . . . ___counts
PC 264.1   Punishment for aiding or abetting rape . . . . . . . . . . ___counts
PC 286     Sodomy . . . . . . . . . . . . . . . . . . . . . . . . . . ___counts
PC 288 a   Oral copulation . . . . . . . . . . . . . . . . . . . . . ___counts
PC 288 (a) L&L acts involving children . . . . . . . . . . . . . . _3_ counts
PC 288 (b) Use of force, violence, duress . . . . . . . . . . . . . . ___counts
PC 289 (a) Penetration by foreign object . . . . . . . . . . . . . . ___counts
OFFENSE NOT SPECIFIED IN WIC 6600 . . . . . . . . . . . . . . . . . . . .
CHARGED BUT NOT CONVICTED . . . . . . . . . . . . . . . . . . . . . . .
CONVICTED ON ONLY ONE CHARGE . . . . . . . . . . . . . . . . . . . . .
DID NOT RECEIVE A DETERMINATE SENTENCE . . . . . . . . . . . . . . .
NOTES/OTHER:

### 2. Against two or more victims . . . . . . . . . . . . . . . . . . . . . . . . .    ❑ YES   ❑ NO
SINGLE VICTIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
NOTES/OTHER:
V1 Constance, 6 yr old F
V2 Darleen, seven yr old F
V3 Joanne, four yr old F

### 3. Predatory: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ☑ YES   ❑ NO
An act directed toward a stranger or individual with whom a relationship has
been established or promoted for the primary purpose of victimization.
FAMILIAL RELATIONSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
ONLY ONE VICTIM IS STRANGER OR CULTIVATED RELATIONSHIP . . . . . . . . . . .
NOTES/OTHER:

**Case Factors or Criminal Offense History:**

| DOES NOT MEET CRITERIA BECAUSE: | SECOND REVIEW BY: _____ | Date: ____ |
|---|---|---|
| ❑  1.  Not convicted qualifying offense | Agree: | |
| ❑  2.  Less than 2 victims | Disagree: | ❑ |
| ❑  3.  Not predatory due to relationship | Refer for case conference: | ❑ |

# Sexually Violent Predator Record Review Form

| | | |
|---|---|---|
| Name: DELRAY ELI TONY | CDC #: P-53484 | CII #: A 6705 3516 |
| Date of Birth: 6/10/55 | Today's Date: 4/23/96 | Reviewer's Initials: RG |

| | | Missing |
|---|---|---|
| 1. Number of all prior arrests: | 11 | ☐ |
| 2. Number of all prior convictions: | 56 | ☐ |
| 3. Number of admissions to correctional facilities (not counting parole revokes): | 5 | ☐ |
| 4. Number of prior *arrests* for violent offenses (not counting sex offenses): | 0 | ☐ |
| 5. Number of prior *convictions* for violent offenses (not counting sex offenses): | 0 | ☐ |
| 6. Age at first offense: | 17 | ☐ |
| 7. Number of parole or conditional release failures: | 1 | ☐ |
| 8. Age at first arrest for sex offense: | 19 | ☐ |
| 9. Age at most recent arrest for sex offense: | 37 | ☐ |
| 10. Number of prior *arrests* for sex offenses: | 6 | ☐ |
| 11. Number of prior *convictions* for sex offenses: | 3 | ☐ |
| 12. Number of rape arrests: | 1 | ☐ |
| 13. Number of rape convictions: | 1 | ☐ |
| 14. Number of molestation arrests: | 1 | ☐ |
| 15. Number of molestation convictions: | 1 | ☐ |

Definition of rape:  1) victim over 17 yrs. old
2) victim 15-16 yrs. old, and force used
3) if victim under 15, code as child molest

| | Yes | No | Missing |
|---|---|---|---|
| 16. Child victim(s) are male *only*     N/A: no child victim(s) ☐ | ☐ | ☑ | ☐ |
| 17. Child victim(s) are both male and female     N/A: no child victim(s) ☐ | ☐ | ☑ | ☐ |
| 18. Does inmate have a documented juvenile offense record? | ☐ | ☐ | ☐ |
| 19. Check *yes* if inmate has never been married. | ☐ | ☐ | ☐ |
| 20. Ever diagnosed *antisocial personality disorder*? | ☐ | ☐ | ☐ |
| 21. Ever diagnosed any other personality disorder? | ☐ | ☐ | ☐ |
| 22. Ever committed as an MDSO? | ☐ | ☐ | ☐ |
| 23. Psychopathy score above median? .................................................    Score: _____    Version of PCL form used: _____ | ☐ | ☐ | ☐ |
| 24. Evidence of cognitive/intellectual deficits? .........................    Score: _____    Method of assessment _____ | ☐ | ☐ | ☐ |

25. Specify any diagnoses previously given (specify date and source):

| Date | Source | Diagnosis | Date | Source | Diagnosis |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Additional Information** (specify information number)

No rapsheet available

Revised 11/27/95

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

| 11 |

**EXHIBIT**

Description of this exhibit:   **FORMS**

**NOTIFICATION OF EVALUATION AS A SEXUALLY VIOLENT PREDATOR**
Pg. 1     "Consent for interview" form, Dr. Kirkish
Pg. 2     "Consent for interview" form, Dr. Singh

Number of pages to this Exhibit:   ___2___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☒  Superior Court
☐  Appellate Court
☒  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

# NOTIFICATION OF EVALUATION AS A SEXUALLY VIOLENT PREDATOR

You have been referred for clinical evaluation as a possible sexually violent predator under Section 6600 et seq. of the California Welfare and Institutions Code. The purpose of this examination is not treatment, but to determine whether you have a mental condition that makes you likely to engage in sexually violent criminal behavior in the future. If it is determined that you meet these criteria, you could be referred to court for involuntary commitment proceedings under this law. If you are found to be a sexually violent predator, you could be committed for treatment to a program conducted by the California Department of Mental Health in a state psychiatric facility.

This evaluation will include a review of criminal and institutional records, as well as clinical interviews with licensed psychiatrists or psychologists. Any information you provide during these clinical interviews could be included in the written reports and testimony on your case.

If, during the course of the clinical interviews, you provide information that suggests child or elder abuse that has not been previously investigated, the evaluators are legally required to report this information to the appropriate authorities.

These interviews are conducted subject to your consent. You may wish to review this matter with your legal counsel. If you decline these interviews, the evaluation will be completed using only other sources of information. Declining to be interviewed is a factor that might be considered in the court proceedings.

---

I have received and been provided a copy of the above information regarding my clinical evaluation as a sexually violent predator, and:

✔ I agree to be interviewed by Dr. _Kirkish_ _____ for the purpose of evaluating me as a sexually violent predator.

_____ I decline to be interviewed by Dr. _____ for the purpose of evaluating me as a sexually violent predator.

---

_5-6-96_
Date

_Eli T. Delfy_
Signature

_Florian Kirkish, PhD._
Evaluator

_____
Date

# NOTIFICATION OF EVALUATION AS A SEXUALLY VIOLENT PREDATOR

You have been referred for clinical evaluation as a possible sexually violent predator under Section 6600 et seq. of the California Welfare and Institutions Code. The purpose of this examination is not treatment, but to determine whether you have a mental condition that makes you likely to engage in sexually violent criminal behavior in the future. If it is determined that you meet these criteria, you could be referred to court for involuntary commitment proceedings under this law. If you are found to be a sexually violent predator, you could be committed for treatment to a program conducted by the California Department of Mental Health in a state psychiatric facility.

This evaluation will include a review of criminal and institutional records, as well as clinical interviews with licensed psychiatrists or psychologists. Any information you provide during these clinical interviews could be included in the written reports and testimony on your case.

If, during the course of the clinical interviews, you provide information that suggests child or elder abuse that has not been previously investigated, the evaluators are legally required to report this information to the appropriate authorities.

These interviews are conducted subject to your consent. You may wish to review this matter with your legal counsel. If you decline these interviews, the evaluation will be completed using only other sources of information. Declining to be interviewed is a factor that might be considered in the court proceedings.

---

I have received and been provided a copy of the above information regarding my clinical evaluation as a sexually violent predator, and:

__✓__ I agree to be interviewed by Dr. _Singh_____ for the purpose of evaluating me as a sexually violent predator.

_____ I decline to be interviewed by Dr. _Singh_____ for the purpose of evaluating me as a sexually violent predator.

---

_5-6-96_
Date

_El. T. Delk_
Signature

_____
Date

_____
Evaluator

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌────────┐
│        │
│   12   │
│        │
└────────┘
```

**EXHIBIT**

Description of this exhibit:   FORMS

SEXUALLY VIOLENT PREDATOR CIVIL COMMITMENT
CLINICAL EVALUATION SUMMARY

Pg. 1    "Summary" Dr. Singh,    dated: 05-17-96
Pg. 2    "Summary" Dr. Kirkish, dated: 05-20-96

Number of pages to this Exhibit:  ___2___ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☑ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

# SEXUALLY VIOLENT PREDATOR CIVIL COMMITMENT CLINICAL EVALUATION SUMMARY

I.    IDENTIFYING INFORMATION (Inmate name and CDC Number)

Eli Delray
D-53484
Chuckawalla Valley State Prison

II.   FINDINGS (WIC 6600 criteria)

A.   Has the inmate been convicted of a sexually violent predatory offense against two or more victims?

    __X__ Yes     _____No

B.   Does the inmate have a diagnosable mental disorder?

    __X__ Yes     _____No

Diagnosis:

Axis I:   302.2, Pedophilia, sexually attracted to females.
         307.4, Exhibitionism
         304.20, cocaine Dependence
         302.30, Cannabis
Axis II:  301.7, antisocial Personality Disorder

C.   Is the inmate likely to engage in sexually violent criminal behavior as a result of his/her diagnosed mental disorder?

    __X__ Yes     _____No

III. CONCLUSION

Based on the above information, in my opinion the inmate:

    __X__ meets     _____does not meet

the criteria as a sexually violent predator as described in Section 6600(a) of the Welfare and Institutions Code.

_____
(Signature)   Jatinder Singh, Ph.D.

      14199
License Number

5/17/96
_____
      Date

MAY-20-'96 MON 15:48 ID:BRD FPSN TERM    0021 TEL NO:515 32 7940      #154 P02
MAY-20-1996  11:47              L OFFICE                    909 425 0160    P.01

# SEXUALLY VIOLENT PREDATOR CIVIL COMMITMENT CLINICAL EVALUATION SUMMARY

I.    IDENTIFYING INFORMATION (Inmate name and CDC Number)

      DelRay, Eli
      D-53484
      Chuckawalla Valley State Prison

II.   FINDINGS (WIC 6600 criteria)

      A.    Has the inmate been convicted of a sexually violent
            predatory offense against two or more victims?

                        X   Yes  _____ No

      B.    Does the inmate have a diagnosable mental disorder?

                        X   Yes  _____ No

Diagnosis:
   Axis I:    302.2, Pedophilia Female, Nonexclusive Type
              304.20, Cocaine Dependence – In a controlled Environment
   Axis II:   301.7,  antisocial Personality Disorder
   Axis III:        No Diagnosis

      C.    Is the inmate likely to engage in sexually violent criminal
            behavior as a result of his/her diagnosed mental disorder?

                        X   Yes  _____ No

III.  CONCLUSION

      Based on the above information, in my opinion the inmate:

                        X   meets  _____ does not meet

the criteria as a sexually violent predator as described in Section
6600(a) of the Welfare and Institutions Code.

_____          5/20/96
(Signature)  Patricia Kirkish, Ph.D.      _____
                                                   Date

PSY8667
License Number

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

13

**EXHIBIT**

Description of this exhibit:  BPT FORM 1103A
BOARD OF PRISON TERMS
"SUMMARY OF PROBABLE CAUSE HEARING"
Pg. 1    "Preliminary Information"
Pg. 2    "Hearing"
Pg. 3    "Reasons for Decision"
Pg. 4    "Calculation of 45-Day Hold"
Pg. 5    "Miscellaneous Decisions" Form BPT 1136
Pg. 6    "Petitioners typewritten copy of above documents"
Number of pages to this Exhibit:  __6____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

BOARD OF PRISON TERMS                                    State of California

# SUMMARY OF PROBABLE CAUSE HEARING
(BPT Rules sec. 2600.1)

## PRELIMINARY INFORMATION

A. LOCATION OF HEARING: CVSP – BOARD OF PRISON TERMS HEARING ROOM

B. DATE OF HEARING: TUESDAY, MAY 21, 1996

C. LEGAL DATA:

1. Current Commitment Offense: 314.1 PC – Indecent Exposure

2. Date & nature of offense(s) that meet the criteria for Sexually Violent Predator hearing:

5-18-84 288(a) PC (3 cts) (L+L) Los Angeles County Case# A766947
8-31-74 2cts Rape Trial of Tenmm plEA, County of Cuyahuga, St of Ohio

D. PRESENT AT HEARING:

1. Inmate/Parolee (if absent, why?)

2. ~~Commissioner~~/Deputy Commissioner   Ramos Estrnela

3. Attorney for inmate/parolee   J. Tolatzihofer

4. Hearing coordinator   E. V. Penney

5. Observer(s)

E. WITNESSES:

| Name | Title/Profession |
|------|------------------|
|      |                  |
|      |                  |
|      |                  |

| NAME | CDC NUMBER | INST/REGION |
|------|-----------|-------------|
| DELRAY, E. | D 53484 | CVSP |

BPT Form 1103A                Page 1 of 4 pages

BOARD OF PRISON TERMS                                State of California

## SUMMARY OF PROBABLE CAUSE HEARING

F. HEARING      [ ] CANCELLED      [ ] POSTPONED

   REASONS:

[ ] Attorney unavailable     [ ] Attorney request     [ ] Interpreter needed

[ · ] Witness is unavailable    [ · ] Other reasons..................................

Specify witness/documents needed for next hearing..................................

G. OBJECTIONS      [ ] None      [✓] Yes   State objections and ruling.

Counsel submitted the following objections:
1) Inmate was coerced by the Drs to live in treatment
by them and if he did not, it could be used against him
at a subsequent Ext Hrg - Overruled - No evidence at this
time that inmate was coerced. Law requires this evaluation
2) Review of the one page summary by Drs - indicate no
basis for these Findings - Overruled This hrg is to decide
simply whether there is P/C to hold inmate for 45 days pending review
by DMH and possible Full evidentiary by the Sup Crt at
which time there will be provisions to present and confront
witnesses / Drs. P/C Findings only needs some evidence
3) Inmate does not meet the 6600 WIC criteria - Overruled
Per CDC & Mandary BPT Policy Requires that both
determinate and indeterminate sentences are considered in
determining whether or not inmate meets the criteria at this
stage of the process.

| NAME | CDC NUMBER | INST/REGION |
|------|-----------|-------------|
| DELRAY, E. | D53484 | CVSP |

BPT Form 1103A

BOARD OF PRISON TERMS                                    State of California

SUMMARY OF PROBABLE CAUSE HEARING

REASONS FOR DECISION

Basis for Conclusion:

A Finding of probable cause is Found based upon the Following:

1) Inmate conviction on 8-31-74 in the Court of Common Plea County of Cuyahoga; State of Ohio For 2 Cts of Rape And conviction on 1-29-87 in Los Angeles County Superior Court; Case# A766947 For 3 Cts, 288(A)PC- (L+L).

2) Evaluations by Drs P. Kirkish And J. Singh (DMH) both stating that inmate is suffering From a mental disorder that pre disposes him to Re-offend by committing sexually violent crimes

PROBABLE CAUSE FOUND     [✓] YES     [ ] NO

Deputy Commissioner/Commissioner:

NAME                        CDC NUMBER                INST/REGION
DELRAY, E.                  D53484                    CVSP

BPT Form 1103A

Page 3 of 4 pages

AB 888/Probable Cause Hearings
Sexually Violent Predator Statute

## CALCULATION OF 45-DAY HOLD

Inmate Name: _Del Rey, Eli_ CDC No. _D 53484_

Deputy Commissioner:

If probable cause is found, add the following sentence to the third page of
the decision:

**Confidential**

**Patient's Copy**

"**Place hold effective 12:01 a.m. on** _5-22-96_
(date)

**for 45 days, to expire 12:00 midnight on** _7-5-96_ ."
(date)

i:45daycal.doc

FROM BOARD OF PRISON TERMS          (WED) 05. 22' 96 09:36/ST. 09:28/NO. 3560290694 P  6/6

Board of Prison Terms

**MISCELLANEOUS DECISIONS**

---

## FACTS

5/21/96:  A sexually violent predator probable cause hearing was held.
The deputy commissioner found probable cause that inmate meets
sexually violent predator statutory criteria.

---

## RECOMMENDATION(S)

Amend 5/21/96 decision by adding the following: "Place hold effective
12:01 a.m. on 5/22/96 for 45 days, to expire 12:00 midnight on 7/5/96."

---

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| C.J. Covington | Associate Governmental Program Analyst | 5/21/96 |

## DECISION(S)

1  Amend 5/21/96 decision by adding the following:  "place hold effective
12:01 a.m. on 5/22/96 for 45 days, to expire 12:00 midnight on 7/5/96."

2  In finding probable cause, the deputy commissioner failed to impose
the 45-day hold pursuant to Title 15. CCR, section 2600.1.

3.

---

| PANEL HEARING CASE | DECISION DATE |
|---|---|
| NAME  Edward McNair, AASC | 5/21/96 |
| NAME | |
| NAME | |

---

| NAME | NUMBER | INSTITUTION OR REGION (UNIT) |
|---|---|---|
| DELRAY, Eli | D53484 | CVSP |

BPT 1135 (Rev. 8/82)                                    PERMANENT ADDENDA

Page 1 of 4
BOARD OF PRISON TERMS
SUMMARY OF PROBABLE CAUSE HEARING
(BPT Rules sec. 2600.1)

C. LEGAL DATA:
1.   314.1 P.C.-Indecent Exposure
2.   5-18-84  288(a) P.C. (3 cts) (L&L) Los Angeles County Case # A 766947
     8-21-74  2 cts Rape court of comm plea, County of Cuyahoga, St of Ohio

D. PRESENT AT HEARING:
2.   Deputy Commissioner:  Ramon Estrada
3.   Attorney for inmate/parolee:  J. Glatzhofer
4.   Hearing coordinator:  E.V. Penny

Page 2 of 4
G. OBJECTIONS
Counsel sumitted the following objections:
1) Inmate was coerced by the Drs to be interviewed
by them and if he did not, it could be used against him
at subsequent crt hrg - Overruled - No evidence at this
time that interview coerced. Law requires this evaluation
2) Review of the one page summary by Drs - indicate no
basis for there findings.- Overruled This hrg is to decide
simply whether there is P/C to hold inmate for 45 dys pending review
by DMH and possible full evidentiary by the Sup Crt at
which time there will be provisions to present and confront
witnesses/Drs. P/C finding only needs some evidence
3) Inmate does not meet the 6600 W&I criteria. Overruled
Per CDC J. Monday(??), BPT Policy require that both
determinate and indeterminate sentences be considered in
determining whether or not inmate meets the criteria at this
stage of the process.

Page 3 of 4
Basis for Conclusion:
A finding of probable cause is found based
upon the following:
1) Inmate conviction on 8-12-74 in the Court of
common plea, county of cuyahoga; State of Ohio
for 2 cts of Rape and conviction on 1-29-87 in
Los Angeles County Superior Court; case# A766947
for 3 cts, 288(A)PC-(L&L).
2) Evaluations by Drs P. Kirkish and J. Singh
(DMH) both stating that inmates suffering
from a mental disorder that predisposes him to
re-offend by committing sexually violent
crimes

Typed to the best of my ability, with an as accurate account of the statements
as possible, under the penalty of perjury, and as to those matters that are
not readable, I beleive them to be accurate.

Signed: _____
         Eli Toney DelRay

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌──────┐
│      │
│  14  │
│      │
└──────┘
```

**EXHIBIT**

Description of this exhibit:   HEALTH HISTORY SUMMARY

"Sexually Violent Predator Program,
Health History Summary for Transfer to
Atascadero State Hospital"

Number of pages to this Exhibit:  ____1____  pages

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

SEXUAL VIOLENT PREDATOR PROGRAM ATTACHMENT
HEALTH HISTORY SUMMARY FOR TRANSFER TO ATASCADERO STATE HOSPITAL

## Identification Section

| To: | (Agency) Atascadero State Hospital | Transfer Date: |
|---|---|---|
| | (Address) Jean Striegel, Transfer Coordinator | |
| From: | Fax: (805) 468-2143 | |
| | (Institution) Chuckawalla Valley State Prison | ←↓ Enter the name, address, contact person & telephone |
| | (Address)  P. O. Box 2289, Blythe, CA 92226 | number of the facility transferring the information |
| | Fax: (619) 922-9760 | |

**Contact Person's Name:**  John W. Culton, MD, HCM     **Phone#:** ( 619 ) 922-5300 x7009/7012

## MEDICAL / DENTAL / PSYCHIATRIC HISTORY SECTION:

| Problem: | Treatments: | Medications Currently Being Administered (Include dosage, stop dates, and time of last administration) |
|---|---|---|
| NONE | N/A | N/A |
| | | |
| | | |
| | | |

Confidential
Patient's Copy

**SPECIAL DIET:**                                                                                   Circle One

Special diet prescribed? (If yes, describe.) _____NA_____        es          No

**TUBERCULOSIS:**     PPD Given?                                                         ☒ Yes     No

If yes,  date:     5/3/96          Results:  Positive  ☐ Negative ☒

Millimeters of induration _____

**CHEST X-RAY DONE?:**                                                                    Yes          No

If yes, date:     10/4/95          Results  NEGATIVE_____

**ALLERGIES:**                                                                                  ☐Yes    ☒ No

| If yes, list food, drug & other allergies | *Type* |
|---|---|
| | _____ |
| | _____ |
| | _____ |

**Lab:**     List significant test, dates & findings. Copies of test may be attached

| *Type* | *Date Conducted* | *Results* |
|---|---|---|
| _VDRL-RPR_____ | _____1990____ | ____NEGATIVE_____ |
| _____ | _____ | _____ |

**Other Notes/Comments:**

_____
_____
_____

Signed: _[signature]_       ←Signature of MD

RIVA ROBINSON, MD          ←Print Name

(619) 922-5300 x7008         ←Phone

Date↓
5/22/96

| Patient's Name: | DELRAY, ELI |
|---|---|
| ID#: | D53484 |
| Birthdate: | 8/10/55 |

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

15

**EXHIBIT**

Description of this exhibit: LEGAL STATUS SHEET

"Holds and Notifications" Legal Status  (Dated 5-24-96)

(Not First copy, subsequent information
is also included.)

Number of pages to this Exhibit: ___1___ pages

JURISDICTION:  (Check only one)

- ❏ Municipal Court
- ☑ Superior Court
- ❏ Appellate Court
- ☑ State Supreme Court
- ❏ United States District Court
- ❏ State Circuit Court
- ❏ United States Supreme Court
- ❏ Grand Jury

| LEGAL STATUS | HOLDS & NOTIFICATIONS |
|---|---|

DATE:     5-21-96          NO.    CDC# D-53484

COUNTY OF COMMITMENT:     LOS ANGELES

CRIMINAL OFFENSE:     314(1)PC(Fel)760BCS

**NOTIFICATION**:
Notify of any change in status:
State of California, Board of Prison
Terms, Lydia Romero, Sacramento,
CA  916-322-4830   5-24-96vh

*notified Lydia 6-20-96 vh*

*Notified Carol Covington*
BPT - 1-26-98 KAK

*Confidential
Patient's Copy*

DELRAY, ELI TONY
AT 045422-3
ATASCADERO STATE HOSPITAL

FACESHEET 2A

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

16

**EXHIBIT**

Description of this exhibit:  REFERRAL FROM STEPHEN MAYBERG
"Referral for Civil Commitment Proceedings"

Number of pages to this Exhibit:  ___1___ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☒ Superior Court
☐ Appellate Court
☒ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

STATE OF CALIFORNIA—HEALTH AND WEL<sub></sub> E AGENCY                                                PETE WILSON, GOVERNOR

**DEPARTMENT OF MENTAL HEALTH**
1600 - 9TH STREET
SACRAMENTO, CA 95814

(916) 654-2309



May 29, 1996

Kent Cahill, Deputy District Attorney
Los Angeles County
1150 N. San Fernando Road
Los Angeles, CA 90065



Re: Delray, Eli Tony
    Referral for Civil Commitment Proceedings
    Discharge Date: May 21, 1996 (RRD)

Dear Mr. Cahill:

This letter serves as a recommendation by the Department of Mental Health for commitment of the above named individual as a Sexually Violent Predator as specified in Welfare and Institutions Code Section 6600, et seq. Subsequent to a pre-screen and referral by the Department of Corrections, the Department of Mental Health performed an evaluation of this person consisting of record review, risk assessment and clinical examination. Because this evaluation has concluded that all necessary statutory criteria are met, this case is being referred to your county for filing of a civil commitment petition pursuant to WIC Section 6602.

The mental health evaluation contained herein should be considered confidential under W&I Code Section 5328. Personnel involved in performing the evaluation are employees or contractors of the Department of Mental Health and can be reached through the Department. Inquiries regarding this material may be directed to Pat Alamao, Department of Mental Health, 1600 9th St., Sacramento, CA 95814. This office may be reached by telephone at (916) 327-9306 or by FAX at (916) 327-9338.

Your office should notify the Department of Mental Health immediately if a determination is made that a petition for commitment will not be filed.

Please do not hesitate to request additional information regarding the enclosed referral and recommendation.

Sincerely,

STEPHEN W. MAYBERG, Ph.D.
Director

Enclosures

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

17

**EXHIBIT**

Description of this exhibit: CRIMINAL HISTORY SHEET FROM OHIO

"Criminal History Sheet From Cuyahoga County, Ohio,
   to Deputy D.A. Rick Vagnozzi"
      (Dated 6-14-96)

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

*Los Angeles D.A's 91.*

```
(===========================================================================)
THIS CRIMINAL HISTORY IS BEING PROVIDED TO DEFENSE COUNSEL RICK VAGNOZZI
BY ASSISTANT CUYAHOGA COUNTY PROSECUTOR CARMEN MARINO
THIS 14th DAY OF JUNE                ,19 ____ PURSUANT TO RULE 16 OF OHIO
RULES OF CRIMINAL PROCEDURE. ANY FURTHER DISSEMINATION OF THIS MATERIAL IS
PROHIBITED.

                CUYAHOGA COUNTY PROSECUTOR
(===========================================================================)
OHO18013A        .QR.OHO18013A.FBI/790557K7.PUR/C.ATN/MARINO/TAB.
MESSAGE ROUTED TO NCIC
OHIO RECORD WILL BE RETRIEVED
-----------------------------------------------------------------------------
    STATE OF OHIO, OFFICE OF THE ATTORNEY GENERAL  BETTY MONTGOMERY
      BUREAU OF CRIMINAL IDENTIFICATION & INVESTIGATION OHBCIO000
              P.O. BOX 365, LONDON, OHIO 43140
        VALIDATED CRIMINAL HISTORY RECORD DRE/042574  DLU/101085
  MKE/QRO   PUR/C  ORI/OHO18013A REQ/MARINO/TAB  DATE/06-13-96  TIME/14:12:40
BCI/A795952    NAM/PRINGLE,ANTHONY WILLIAM       DOB/081055  POB/SC  AGE/40
SEX/M  RAC/B  HGT/509   WGT/140   EYE/BRO   HAI/BRO    SMT/SC L WRIST
FBI/790557K7   SOC/051505136   MNU/AN-76785            FPC/PI 06 11 15 06
ICO/                                                      OI 54 13 05 13
LKA/1246 E 146 ST CLEVELAND OH                        HFP/ 6I  5 U IOO  6
HCC/02      FLG/ML  M=MULTISTATE, L=LOADED-TRIPLE-I      I 17 R IOI 13
*** ADDITIONAL IDENTIFYING DATA
AKA/WALKER,ANTHONY    WILLIAMS,ANTHONY PRINGLE
MNU/AN-144220    OR-92953
SMT/SC L ARM    SC R CHK
CYCLE/01 DOA/032874   ----------------------------------  DRE/051674  DLU/101085
ARREST
            01/INSTITUTION DATA RECEIVED
JUDICIAL
            01/PET THEFT               DISP/CONVICTED
                                       CONFINEMENT/5D
CUSTODY-SUPERVISION
  A/RECEIVED- 057074
      AGENCY/OHO18011C HSE OF CORR-CLEVE        START DATE/032874
CYCLE/02 DOA/082174   ----------------------------------  DRE/092174  DLU/101085
ARREST        AGENCY/OHCLP0098 CLEVELAND PD RECORDS      ARREST#/144220
  DOO/082174  01/RAPE (2 CASES) 1199   DISP/TURND OVER TO OTHER AGENCY
                2907.02
   ADD/082274 SO CUY CO 082974 BOGJ
JUDICIAL
            01/RAPE 2CTS CS 1199       DISP/CONVICTED
                2907.02                CONFINEMENT/14Y-50Y
                7Y-25Y EACH COUNT
            02/GROSS SEX IMPO 1199     DISP/CONVICTED LESS OFN
                2907.05                CONFINEMENT/2Y-5Y
      PROVISIONS/CONSECUTIVE
CUSTODY-SUPERVISION
  A/RECEIVED- 92953
      AGENCY/OHO70025C ST REFORM MANSFIELD      START DATE/041575
  B/PAROLED- 052281 DPV WANTED
      AGENCY/OHO70025C ST REFORM MANSFIELD      START DATE/091180
  C/ACCEPTED PAROLE JURISD-
      AGENCY/CA ADULT PAR AUTH LOS ANGELES      START DATE/091180
NOTE: THIS IS A MULTISTATE OFFENDER
WHERE DISPOSITIONS ARE NOT SHOWN -OR- FURTHER EXPLANATION OF A DISPOSITION OR
CHARGE IS DESIRED, PLEASE CONTACT THE ARRESTING AGENCY.
```

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

18

**EXHIBIT**

Description of this exhibit: REMOVAL ORDER

"Affidavit and Order for Removal of Prisoner"
"Sworn to by Deputy D.A. Rick Vagnozzi"
(Dated 6-14-96)

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

NAME, ADDRESS AND TEL.  IE NUMBER
OF ATTORNEY(S)

GIL GARCETTI, District Attorney
of Los Angeles County
By RICHARD VAGNOZZI, Deputy District Attorney
1150 North San Fernando Road
Los Angeles, California  90065
(213) 226-2936

Attorney(s) for Petitioner

_180   408-226 ;_
_OK Per Vicky_

_45922_
_DLOR_
_CL_

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA

                                        Petitioner
                                        ~~PLAINTIFF~~

          vs

ELI TONY DELRAY                         Respondent
                                        ~~DEFENDANT~~

| CASE NUMBER |
| ZM001979 |
| A766947 |

## AFFIDAVIT AND ORDER FOR REMOVAL OF PRISONER

**AFFIDAVIT FOR ATTENDANCE**

*Confidential*
*Patient's Copy*

Affiant, being first duly sworn, deposes and says:

That he is   the Deputy District Attorney ........................................., and that
                      (Deputy District Atty, Atty for Deft or Party Deft)

Eli Tony Delray ........................................  is now confined in the

Atascadero State Hospital CDC#D53484 .....................; that his presence is required
            (County or State Institution Where Confined)

in Department ..... 95 ..... of the .. Superior ........... Court of the County of Los Angeles on

June 26 ....., 19 .96.. for the purposes of   arraignment proceedings pursuant to

Welfare and Institutions Code section 6602. ................................

......................................................................

Subscribed and sworn to before me

on ... 6-14 ..... 19 .96

*COUNTY CLERK*

By ..................................
                              Deputy

............................................
                    (Affiant)

NOTE:  THIS FORM MUST BE PRESENTED TO THE COUNTY CLERK'S OFFICE AT LEAST TWO WEEKS
PRIOR TO THE DATE THAT THE PRISONER IS TO APPEAR IN COURT. (TO BE USED ONLY IF
PRISONER IS CONFINED OUTSIDE OF LOS ANGELES COUNTY.)

76A310A 12-83

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

19

**EXHIBIT**

Description of this exhibit: PETITION FOR COMMITMENT

A. "Petition for Commitment as a Sexually
   Violent Offender"   (4 pages)

B. "Affidavit in Support of Petition"   (3 pages)

Number of pages to this Exhibit: ____7____ pages.

JURISDICTION:  (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☑ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

1 | GIL GARCETTI, District Attorney
  |   of Los Angeles County
2 | By HOWARD M. KELNER, Deputy
  | Psychiatric Section
3 | 1150 North San Fernando Road
  | Los Angeles, California 90065
4 | Telephone: (213) 226-2936

5 | Attorney for Plaintiff

**ORIGINAL FILED**

JUN 1 8 1996

**COUNTY CLERK**

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| | ) No.  A 766947 |
| | )    ZM 001979 |
| | ) |
| | ) PETITION FOR COMMITMENT |
| | ) AS A SEXUALLY VIOLENT |
| | ) OFFENDER PURSUANT TO |
| | ) WELFARE & INSTITUTIONS |
| | ) CODE 6250, ET SEQ.; |
| IN THE MATTER OF, | ) FINDING OF PROBABLE |
| | ) CAUSE; ORDER FOR |
| | ) COMMITMENT PENDING TRIAL |
| ELI TONY DELRAY, | ) |
| | )    Date: JUNE 26, 1996 |
| | )    Time: 9:00 A.M. |
| Respondent. ) | Dept: 95 |

TO:  THE HONORABLE HAROLD SHABO, JUDGE OF THE SUPERIOR COURT of the

STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES:

RICHARD J. VAGNOZZI, Deputy District Attorney, does hereby

petition this court as follows:

ELI  TONY  DELRAY  has  been  convicted  of,  and  received  a

determinate sentence for the following sexually violent offenses,

within the meaning of Welfare and Institutions Code § 6600(b) and

(e):

| CASE NO. | CHARGE | DATE OF CONVICTION | DATE OF SENTENCE |
|---|---|---|---|
| | Rape 2 counts 1199/2907.2/gross sexual imposition | | |
| 1. CR015641 | 1199/2907.02 | 0821/74 | 08/29/74 |
| 2. A766947 | 288(a) P.C. | 02/24/87 | 02/24/87 |

THAT said person has a diagnosed mental disorder, and poses a danger to the health and safety of others, and is predatory within the meaning of Welfare and Institutions Code Section 6600(c)-(e).

THAT the Director of Corrections and Board of Prison Terms, at least six months prior to the person's scheduled date of release from prison or termination of parole, screened said person as to whether the person committed a sexually violent predatory offense, reviewed his social, criminal and institutional history within the meaning of Welfare and Institutions Code § 6601(b). As a result of the screening, the Department of Corrections determined the person is likely to be a sexually violent predator and referred the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Welfare and Institutions Code § 6600.

THAT the State Department of Mental Health evaluated the person in accordance with a standardized assessment protocol to determine whether the person is a sexually violent predator within the meaning of Welfare and Institutions Code § 6601(c), and;

[ X ]    THAT the Director of the State Department of Mental

1  Health designated two practicing psychiatrists or psychologists or
2  one practicing psychiatrist and one practicing psychologist, who
3  evaluated the person and determined that the person has a diagnosed
4  mental disorder such that he is likely to engage in acts of sexual
5  violence without appropriate treatment and custody within the
6  meaning of Welfare and Institutions Code § 6601(c) and (d).

7  [X ]        THAT two independent professionals have been appointed to
8  evaluate the person pursuant to Welfare and Institutions Code §
9  6601(a)-(g) who concur that the person meets the criteria for
10 commitment specified in Welfare and Institutions Code § 6601(d).

11            THAT  the  evaluation  report  prepared  by  the  State
12 Department  of  Mental  Health  and  reports  prepared  by  the  above
13 evaluators appointed pursuant to the above and in support of this
14 Petition are attached hereto and incorporated by reference herein.

15            WHEREFORE, the People of the State of California petition
16 this court to determine that there is probable cause to believe
17 that ELI TONY DELRAY is likely to engage in sexually violent
18 predatory criminal behavior upon his release from custody and to
19 order a trial to be conducted to determine whether the person is,
20 by reason of a diagnosed mental disorder, a danger to the health
21 and safety of others in that the person is likely to engage in acts
22 of sexual violence upon his release from the jurisdiction of the
23 Department of Corrections.

24 Dated this 18th day of June 1996          Respectfully submitted,

25                                            GIL GARCETTI
26                                            District Attorney

27                                        By
28                                            RICHARD J. VAGNOZZI
                                             Deputy District Attorney

-3-

**FINDING AND ORDER**

     THE COURT HEREBY FINDS that probable cause exists to believe that the within named person is likely to engage in sexually violent predatory criminal behavior upon release.

     WHEREFORE, said person is remanded, pending trial, to the custody of:

[   ]     Department of Corrections

[   ]     Department of Mental Health

[   ]     County Sheriff

Dated: this 18th day of June 1996

_____
HAROLD SHABO
Judge of the Superior Court

-4-

1 | GIL GARCETTI, District Attorney
       of Los Angeles County
2 | By RICHARD J. VAGNOZZI, Deputy
   | Psychiatric Section
3 | 1150 North San Fernando Road
   | Los Angeles, California 90065
4 | Telephone:  (213) 226-2936

5 | Attorney for Plaintiff

**ORIGINAL FILED**

**JUN 1 8 1996**

**COUNTY CLERK**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| | ) No.  A 766947 |
| | )     ZM 001979 |
| | ) |
| | ) AFFIDAVIT IN SUPPORT OF |
| | ) PETITION FOR COMMITMENT |
| | ) AS A SEXUALLY VIOLENT |
| | ) OFFENDER PURSUANT TO |
| | ) WELFARE & INSTITUTIONS |
| IN THE MATTER OF, | ) CODE § 6250, ET SEQ. |
| | ) |
| | ) |
| ELI TONY DELRAY, | ) |
| | ) Date:  JUNE 26, 1996 |
| | ) Time:  9:00 A.M. |
| _____ Respondent. ) | Dept:  95 |

I, RICHARD J. VAGNOZZI, having been duly sworn, do hereby

declare:

THAT I am a Deputy District Attorney for the County of Los

Angeles, that:

ELI  TONY  DELRAY  has  been  convicted  of,  and  received  a

determinate sentence for the following sexually violent offenses,

within the meaning of Welfare and Institutions Code § 6600(b) and

(e):

| CASE NO. | CHARGE | DATE OF CONVICTION | DATE OF SENTENCE |
|----------|--------|--------------------|------------------|
|          | Rape 2 counts 1199/2907.2/gross sexual imposition | | |
| 1.   CR015641 | 1199/2907.02 | 0821/74 | 08/29/74 |
| 2.   A766947 | 288(a) P.C. | 02/24/87 | 02/24/87 |

THAT at least six months prior to that person's scheduled date for release from prison or termination of parole, the Department of Corrections referred the person for evaluation as a sexually violent predator.

THAT said person was screened by the Department of Corrections and the Board of Prison Terms, said screening determined that the person may be a sexually violent predator.

THAT said person was referred to the State Department of Mental Health for a full evaluation as required by law.

THAT the State Department of Mental Health evaluated the person and determined said person is a sexually violent predator, said evaluations having been prepared by professional evaluators designated by the Director of the State Department of Mental Health as required by law.

THAT said evaluations concur that the person qualifies for commitment under Welfare and Institutions Code § 6250, et seq. as a sexually violent predator in that said person suffers from a diagnosed mental disorder that predisposes the person to commit sexual acts in a degree constituting the person a menace to the health and safety of others.

-2-

1      THAT Affiant is informed and believes that said person is a
2  sexually violent offender based upon the following criteria:

3      (1)  That said person committed sex offenses within the
4  meaning of subdivisions (a) and (b) of § 6600 of the Welfare and
5  Institutions Code, and

6      (2)  That said person suffers from a diagnosed mental
7  disorder, and as a result of such a diagnosed mental disorder is
8  predisposed to the commission of sexual acts to such a degree that
9  he constitutes a menace to the health and safety of others.

10      I declare under penalty of perjury that the foregoing is true
11  and correct, except as to those matters of information and belief.

12      Executed this 18th day of June 1996, in Los Angeles,
13  California.

14

15

16  _____
17      By Richard J. Vagnozzi
        Deputy District Attorney

18

19

20

21

22

23

24

25

26

27

28                          -3-

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

20

**EXHIBIT**

Description of this exhibit:   **L.A. COUNTY JAIL BOOKING RECORD**

Pg. 1   "L.A. County Jail Booking Record" (Handwritten)
Pg. 2   "L.A. County Jail Booking Record" (Typewritten)
            (Dated: 06-25-96)

Number of pages to this Exhibit: ___ 2 ___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☑ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

**LOS ANGELES COUNTY JAIL**

**BOOKING AND PROPERTY RECORD**

| BOOKING NO. | LOC. BKD. | DR. LIC. NO. | STATE | | PRISONER'S RECEIPT |
|---|---|---|---|---|---|
| 4877564 | STWD | | | 1 | |

ARRESTEE'S NAME (LAST, FIRST, MIDDLE)    2

DELRAY  ELI TONY

D - 53484

| AG'Y. OR DETAIL ARRESTING | DATE & TIME ARRESTED | | TIME BKD. |
|---|---|---|---|
| C/O J-95 | 6-25-96 | | 7 |

LOCATION OF ARREST    ATASCADERO

TOTAL BAIL    Ø    8

CHARGE    C/O DEFT

WARR./COMM. NO.    ZM001959 / A766947

| JAIL LOC. | ARRAIGN. DATE | TIME | COURT | PRISONER'S SIGNATURE WHEN BOOKED |
|---|---|---|---|---|
| | 6-26 | | J-95 | X    10 |

LOCATION OR DISPOSITION OF VEHICLE    13

CASH RETAINED    PROPERTY    16

PRISONER'S SIG. FOR REC'T. OF FOREGOING CASH & PROPERTY    X    17

CASH DEPOSITED    PROPERTY
$3.69    18

19

PRISONER'S SIG. FOR REC'T. OF REMAINING CASH & PROPERTY    X    20

76B650 C-SH-J-294  9/95

#4

## LOS ANGELES COUNTY JAIL
## BOOKING AND PROPERTY RECORD

| BOOKING NO. | LOC. BKD. | DR. LIC. NO. | STATE | | PRISONER'S RECEIPT |
|---|---|---|---|---|---|
| 4877564 | STWD | C2028717 | CA | 1 | |

ARRESTEE'S NAME (LAST, FIRST, MIDDLE)
DELRAY          ELI          T          2

| AG'Y. OR DETAIL ARRESTING | DATE & TIME ARRESTED | TIME BKD. |
|---|---|---|
| 8000 | 06-25-96   1917 | 2305   7 |

| LOCATION OF ARREST | TOTAL BAIL |
|---|---|
| ATASCADERO | NO BAIL 8 |

| CHARGE | WARR./COMM. NO. |
|---|---|
| CO RET       O COURT ORDERED RE | ZM001979 9 |

| JAIL LOC. | ARRAIGN. DATE | TIME | COURT | PRISONER'S SIGNATURE WHEN BOOKED |
|---|---|---|---|---|
| IRC1 | 06-26-96 | 0830 | S95 | X _Eli T. Delray_ 10 |

LOCATION OR DISPOSITION OF VEHICLE                13

| CASH RETAINED | PROPERTY | | 16 |
|---|---|---|---|
| 0.00 | | | |

PRISONER'S SIG., FOR REC'T. OF FOREGOING CASH & PROPERTY
X                                                          17

| CASH DEPOSITED | PROPERTY | | |
|---|---|---|---|
| 0.00 | NONE TAKEN | | 18 |

19

PRISONER'S SIG. FOR REC'T. OF REMAINING CASH & PROPERTY
X                                                          20

76B650 C·SH·J·294  9/95

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

21

**EXHIBIT**

Description of this exhibit: **Superior Court Minute Order**

**"Minute Order of Arraignment, Department 95"**
(Dated: 06-27-96)

Number of pages to this Exhibit: _____1_____ pages

JURISDICTION: (Check only one)

☐ Municipal Court
☒ Superior Court
☐ Appellate Court
☒ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

COUNTY OF LOS ANGELES
NTAL HEALTH  PARTMENT 95
MINUTE ORDER

L. Hymowitz, Judge Pro Tem                    B. Reyes, Deputy Clerk
A. Aguilar, Deputy Sheriff            C. Bronkar, #8265 Reporter
=====================================================================
Case No. ZM001979                              Date: 06/28/96
Case Name: DELRAY, ELI TONY
SVP
Hearing: FURTHER PROCEEDINGS - APPEARANCE

                          Parties and Counsel checked if present
=====================================================================
Counsel for Petitioner: DISTRICT ATTORNEY

BY RICHARD VAGNOZZI, DDA

Counsel for Defendant: PUBLIC DEFENDER

BY DAVID YAMADA, DPD

-------------- ~~Confidential~~ ------------------
~~Patient's Copy~~

Nature of Proceedings: ARRAIGNMENT PURSUANT TO SECTION 6250 WIC

Matter comes on calendar for arraignment, a Petition having been
filed 06/18/96.

Defendant is present in Court.

Public Defender Appointed

Matter is continued for further proceedings - nonappearance set for
09/03/96 at  8:30 in Department 95

Time is waived plus 30 days.

Defendant's motion to be returned to Hospital pending trial is
granted.

Sheriff is ordered to transport the defendant to ATASCADERO STATE
HOSPITAL forthwith.

Director, ATASCADERO STATE HOSPITAL, is ordered to house defendant and
provide care and treatment pending further order of court. A copy of
this minute order is faxed to Atascadero State Hospital this date.

Clerk is directed to forward a copy of this minute order to:

DIRECTOR, ATASCADERO STATE HOSPITAL,

P.O. BOX 7001,

ATASCADERO, CA. 93423-7001

==============================

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

22

**EXHIBIT**

Description of this exhibit: REPORTER'S TRANSCRIPT – ARRAIGNMENT

"Transcript of Arraignment"    (Case No. ZM 001979)
    (Dated: June 27, 1996)

Number of pages to this Exhibit: ___6___ pages

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    FOR THE COUNTY OF LOS ANGELES

3    DEPARTMENT 95        HON. HAROLD E. SHABO, JUDGE

4

5    THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                           )
6                          PETITIONER, )
                                           )
7              VS.                      ) NO. ZM001979
                                           )
8    ELI TONY DEL REY,                 )
                                           )
9    _____ RESPONDENT. )  ORIGINAL FILED

10

11                                          APR 12 2002

12    REPORTER'S TRANSCRIPT    SUPERIOR COURT
         THURSDAY, JUNE 27, 1996

13

14

    A P P E A R A N C E S

15

    FOR THE PETITIONER:    GIL GARCETTI, DISTRICT ATTORNEY
16                         BY:  RICHARD VAGNOZZI, DEPUTY
                           1150 North San Fernando Road
17                         Los Angeles, California 90065
                           Telephone (323) 226-2936
18

    FOR THE RESPONDENT:    WILBUR LITTLEFIELD, PUBLIC
19                         DEFENDER
                           BY:  DAVID YAMADA, DEPUTY
20                         1150 North San Fernando Road
                           Los Angeles, California 90065
21                         Telephone (323) 226-2932

22

23   #2209
     PAGES 1 through 3, INCL.
24

25

26   COPY

27

28                         CAROLYN BRONKAR, CSR 8265
                           OFFICIAL REPORTER

1                          I N D E X

2

3

4

5                        PROCEEDINGS

6

7    First appearance re filing of S.V.P. petition.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1    LOS ANGELES, CALIFORNIA; THURSDAY, JUNE 27, 1996

2                        12:47 A.M.

3    DEPARTMENT 95          HON. HAROLD E. SHABO, JUDGE

4    APPEARANCES:

5          The respondent with his counsel, David Yamada,

6          Deputy Public Defender; Richard Vagnozzi, Deputy

7          District Attorney of Los Angeles County,

8          representing the People of the State of

9          California.

10          (Carolyn Bronkar, Official Reporter.)

11

12    THE COURT:  This is Mr. Del Rey.  He is present

13  in court with counsel.

14    MR. YAMADA:  Your Honor, I have spoken with

15  Mr. Del Rey about this matter.  I think we are trying

16  to proceed in these matters in a consistent fashion.

17          Mr. Del Rey was probably one of the most

18  recent ones to have the S.V.P. petition filed.  I

19  talked with Mr. Del Rey about the posture of the first

20  15 cases, and Mr. Del Rey is in agreement that he would

21  like to have a similar result, at least as to the trial

22  court's ruling.  Hopefully it will be sustained by the

23  appellate court.

24          And Mr. Del Rey is prepared to have the

25  matter set on the nonappearance calendar of

26  September 3rd plus a 30-day time waiver if necessary to

27  bring him to the probable cause hearing and subsequent

28  proceedings.

2

1       Is that your understanding, Mr. Del Rey?

2       THE RESPONDENT:  Yes.

3       MR. YAMADA:  Also, Mr. Del Rey and I have talked

4   about the fact that Judge Tynan may have made certain

5   findings in a previous case, which would prevent the

6   district attorney from using out-of-state convictions,

7   specifically the Ohio conviction because it didn't

8   comport on all fours with the California law, in which

9   case the district attorney might be forced to withdraw

10  their petition inasmuch as he would not then meet the

11  criteria.

12      THE COURT:  Okay.

13      MR. YAMADA:  We will go through that issue also.

14      THE COURT:  That's another issue that your

15  lawyer is going to handle.

16      As to the hearing today, we will continue

17  the matter to September 3rd, 1996 in this department.

18  It will be a nonappearance for you, Mr. Del Rey.  There

19  will be a time waiver of 30 days beyond that date if

20  the matter doesn't go your way.  Okay?

21      THE RESPONDENT:  Yes.

22      MR. YAMADA:  You're going to go back to

23  Atascadero State Hospital.

24      THE COURT:  It's a forthwith order back to

25  Atascadero State Hospital, and the Court is ordering

26  you be transported on the next bus, which is July 1st,

27  Monday.

28

3

1          (At 12:50 P.M. proceedings were continued

2              to September 3, 1996.)

3                      *   *   *

1        SUPERIOR COURT OF THE STATE OF CALIFORNIA

2           FOR THE COUNTY OF LOS ANGELES

3  DEPARTMENT 95        HON. HAROLD E. SHABO, JUDGE

4

5  THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                 )

6                 PETITIONER, )
                                 )

7         VS.            ) NO. ZM001979
                                 )

8  ELI TONY DEL REY,          )
                                 )

9  _____RESPONDENT. )

10

11  STATE OF CALIFORNIA   )
                       )

12  COUNTY OF LOS ANGELES )

13     I, Carolyn Bronkar, Official Reporter of the

14  Superior Court of the State of California, for the

15  County of Los Angeles, do hereby certify that the

16  foregoing pages, 1 through 4, comprise a full, true,

17  and correct transcript of the proceedings taken in the

18  matter of the above-entitled cause on Thursday,

19  June 27, 1996.

20

21

22

23         DATED THIS 9th day of April, 1996.

24

25         _Carolyn Bronkar_, CSR 8265

26           OFFICIAL REPORTER

27

28

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE



23

**EXHIBIT**

Description of this exhibit:  Informational Letter

"Letter From Attorney Janet Greenberg"  (Dated 05-01-2002)
            (Concerning Transcript of 06-27-96)

Number of pages to this Exhibit:  ___**1**___ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☑ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



**LAW OFFICES**
**LOS ANGELES COUNTY PUBLIC DEFENDER**
14400 Erwin Street Mall, 10th Floor
SVP Unit
Van Nuys, California 91401
(818) 374 2929

**MICHAEL P. JUDGE**
PUBLIC DEFENDER

May 1, 2002

Eli Del Ray
ASH # 047930-3
Atascadero State Hospital
P.O. Box 7001
Atascadero, California 93423-7001

Re: Transcript from June 27, 1996

Dear Mr. Del Ray,

Enclosed please find the transcript you requested from June 27, 1996 in Department 95B.  I hope this is what you were looking for.

Sincerely,

Janet Greenberg
Deputy Public Defender

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌──────────┐
│          │
│   24     │
│          │
└──────────┘
```

**EXHIBIT**

Description of this exhibit: Declaration of Eli Toney DelRay

"Declaration of Issues Presented at Arraignment"
(On 06-27-96)

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☑ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

Declaration of
Eli Toney DelRay
on
ISSUES PRESENTED AT ARRAIGNMENT

I, Eli Toney DelRay, after receiving the arraignment transcript from Deputy Public Defender Janet Greenberg in May of 2002, immediately noticed that the transcript did not contain any of the issues that I personally raised before the Court on June 27, 1996.

The issues presented are as follows:

In addressing the court, I first pled demurrer when I was required to plead, and then my attorney addressed the court and asked for a similar outcome as the one that the court had previously ruled on in the other cases, that were currently before the appellate court. My attorney also raised the previous finding by Judge Tynan on the issue of the prior.
The court informed me that it had dismissed the petitions on the ground that he had found the SVP Act to be unconstitutional.
I stated to the court that, it didn't matter if the Act was constitutional or unconstitutional, that my out of state crime didn't qualify under the Act, because the Act required specific California offenses against two or more victims. The court stated that it could address that issue at this time, because a stay of proceedings had been issued by the appellate court, and my attorney stated that he would be raising that issue.
I then stated to the court that my out of state crime also resulted in a indeterminate sentence and the Act specified determinate terms. At this time Deputy District Attorney Richard Vagnozzi argued that once I paroled, it had the effect of commuting my sentence to a determinate term.
This statement required me to explain that the state of Ohio sentenced indeterminately and a person coming back into their system on a parole violation could serve anywhere from one (1) to five (5) years on just the violation and then after seeing the parole authority, receive additional time from the portion of the indeterminate term that was unserved.
The court stated that it would hold my motion in abeyance until the appellate court made a ruling and said that it would be another issue for my attorney to raise.

I swear under penalty of perjury, based on memory and recollection, that these issues were presented in open court and though they might not be in the precise order they were raised,  I believe them to be true statements.

Sworn to this 15th day of May, 2002, at Atascadero State Hospital in San Luis Obispo County.

_Eli T. DelRay_
_____
Eli Toney DelRay
AT # 047930-3

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

25

**EXHIBIT**

Description of this exhibit: Superior Court Minute Order

"Minute Order for Transfer" (Dated 08-02-96)

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☐  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

SUPERIOR COURT OF CALIFORNIA
COUNTY OF      3 ANGELES
ENTAL HEALTH  'PARTMENT 95
MINUTE ORDER

Harold E. Shabo, Judge                 Bernadette Reyes, Deputy Clerk
J. Montes, Deputy Sheriff              C. Bronkar, #8265 Reporter
=================================================================
Case No.:  ZM001979                 Date: 08/02/96
Case Name: DELRAY, ELI TONY
           SVP
Hearing:   PROBABLE CAUSE HEARING

                          Parties and Counsel checked if present
=================================================================
Counsel for Petitioner: BY RICHARD VAGNOZZI, DDA

Counsel for Defendant: NANCY RAMSEYER, DPD

-----------------------------------------------------

Nature of Proceedings: HEARING PURSUANT TO SECTION 6250 WIC

Matter comes on calendar for hearing, having been continued from
06/27/96

Defendant is present in Court.

Defendant's motion to be returned to Hospital pending trial is
granted.

Sheriff is ordered to transport the defendant to ATASCADERO STATE
HOSPITAL forthwith.

Sheriff Department is ordered to transport defendant to ATASCADERO
STATE HOSPITAL on the first available bus (Monday 08/05/96). Sheriff
Department is ordered to notify this Court on Monday (8-5-96) when
defendant has been transported to Atascadero State Hospital. Sheriff
is further ordered to review defendant's classification in jail. A
copy of this minute order is faxed to State Desk of County Jail this
date (213) 680-2233.

Director, ATASCADERO STATE HOSPITAL, is ordered to house defendant and
provide care and treatment pending further order of court. A copy of
this minute order is faxed to ATASCADERO STATE HOSPITAL this date.

Matter remains calendared on 9-3-96 in Department 95 at 8:30 a.m. for
further proceedings on probable cause hearing with time waiver plus 30
days.

Matter heard and complete

Clerk is directed to forward a copy of this minute order to:

DIRECTOR, ATASCADERO STATE HOSPITAL,

P.O. BOX 7001,

ATASCADERO, CA. 93423-7001

JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court