Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

26.

**EXHIBIT**

Description of this exhibit:   **Informational Letter**

**"Letter From Attorney Nancy Ramseyer"**  (Dated 03-03-1997)
          (Concerning Documents That She Sent)

Number of pages to this Exhibit:   ___1___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury



**LAW OFFICES**
**LOS ANGELES COUNTY PUBLIC DEFENDER**

**MENTAL HEALTH BRANCH**

1150 NORTH SAN FERNANDO ROAD
LOS ANGELES, CALIFORNIA 90065
(213) 226-2932

**MICHAEL P. JUDGE**
PUBLIC DEFENDER

March 3, 1997

Atascadero State Hospital
Drawer "A"
Atascadero, CA 93422

Attention:    Eli T. DelRay
             CDC #D-53484

Dear Mr. DelRay:

I think this is everything you asked me to send.  Please accept my
apologies for the delay.

Call me if I missed something.

Sincerely,

Nancy Ramseyer
Deputy Public Defender

NR:gec

Enclosure

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

| 27 |
|:--:|

**EXHIBIT**

Description of this exhibit:   **Notification of Warrant**

**"Warrant" per P.C. §3056**   (Dated 01-20-98)

Number of pages to this Exhibit:   ___1___  pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☐  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

```
FROM: MCSL ISN: 3494 DATE: 01/20/98 TIME: 10:36:28 SNDR LID:          CHUTTON
TO:   MCER OSN: 2207 DATE: 01/20/98 TIME: 10:36:28 RCVR LID:
```

CMC0
MSG:001
DAT:012098    TIM:0933    INI:TP*
ATTN: JAILER

45422-3

\*\*\*\*\*\*\*\*\*\*\*\*HOLD\*\*\*\*\*\*\*\*\*\*\*\*HOLD\*\*\*\*\*\*\*\*\*\*\*\*HOLD\*\*\*\*\*\*\*\*\*\*\*\*

CDC NAME: DELRAY, ELI T               CDC#: D53484    DOB: 08/10/58
BOOKED AS: SAME                       BKG#: D53484

SEX: M    RACE: B    HAIR: BRO    EYES: BRO    HGT: 509    WGT: 150
CURRENT LOC: CMC    UNIT: MDT1    PHONE: (213) 580-3421

*Confidential Patient's C*

THIS IS AUTHORIZATION FOR DETAINING AGENCY, CALIFORNIA MEN'S COLONY,
AND ANY PEACE OFFICER IN THE STATE OF CALIFORNIA TO ARREST AND
BOOK PER \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*3056 P.C. HOLD\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* AND
TRANSPORT TO CALIF. MEN'S COLONY.

FOR GIGLIOTTI *EX# 3419*

AUTH: TAYLOR                          BADGE: 1326 UNIT: MDT1
DEPARTMENT OF CORRECTIONS, REGION III

*Inner City PG*
*600 ___ Port Ave*
*___ ___*
*LA, CA   90017*

*ATTN:*
*REBECCA*


NOTIFICATION

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

| 28 |
|:--:|

**EXHIBIT**

Description of this exhibit:  **DISCHARGE SUMMARY**
          **"Social Services Discharge Summary"**

Number of pages to this Exhibit:  ___1___  pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

STATE OF CALIFO    HEALTH AND WELFAR  GENCY

DEPARTMENT OF MENTAL HEALTH

| DISCHARGE DATE | ADMISSION DATE | NAME/TRANSMITTING FACILITY | UNIT | NAME/RECEIVING FACILITY (if applicable) |
|---|---|---|---|---|
| 1/2/98 | 5/27/96 | Atascadero State Hospital | 3 | C.M.C |

WILL LIVE AT    Street    City    ZIP    TELEPHONE NUMBER
California New Orleans, San Luis Obispo, Ca    ( - )

CHECK AS MANY AS APPLY
STATUS ☐ AWOL ☐ Penal Code ☑ Civil Hold 6600 ☐ Hold Expired ☐ Writ Granted ☐ Vol ☐ AMA
FACILITY ☐ Jail ☑ Locked ☐ Other Hosp ☐ SNF ☐ ICF ☐ B&C ☐ Halfway ☐ Go Home ☐ Rm & Bd ☐ Regional Ctr
PRIVATE RESIDENCE ☐ Live Alone ☐ W/Friends ☐ W/Family, Rels ☐ Hotel ☐ Apt ☐ Own Home

## PATIENT INCOME AND RESOURCES

SSA No. _____
Medi-Cal No. _____
VA No. _____

Income Total Amount/Month $ ___4___
☐ SSA
☐ SSI
☐ AFDC
☐ MNO
☐ DIB
☐ VA Disability
☐ GI Bill

☐ Employed
☐ Private Insur/Union
☐ Unemployment Fund
☐ Retirement Fund
☑ Private Funds
☐ No Funds—
☐ lives with others

Status of Funding
☐ Received
☐ Approved
☐ Pending
☐ Appealed
☐ Need to File

☐ Trust Office will remain payee after discharge and must be notified of address changes

Payee ☑ PT ☐ Cons. ☐ Other (Below)

| CONSERVATOR/GUARDIAN/CARE PROVIDER/SIGNIFICANT OTHERS | PHONE NUMBER | NOTIFIED OF DISCHARGE? |
|---|---|---|
| RELATIONSHIP OR AGENCY    NAME AND ADDRESS  Mack Taylor | | |
| Regional Parole Conditional Region III | 213 897-1027 | ☑ YES ☐ NO |
| RELATIONSHIP OR AGENCY    NAME AND ADDRESS | ( ) | ☐ YES ☐ NO |

## REFERRALS

| PRIMARY AGENCY—Name | Address | Date/Time of First Appt | PHONE NUMBER ( ) |
|---|---|---|---|
| OTHER AGENCY REFERRALS (Agency and Address) | | PERSON TO WHOM REFERRED | PHONE NUMBER ( ) |

**AFTER CARE PLAN:** See Also Medical/Nursing Pt participated in plan  ☐ YES ☐ NO  If not indicate why in narrative
Patient Needs (N)* — Agrees (A) — Refuses (R)

| N | A | R | Psycho-Social Casework | N | A | R | Legal/Ed/Work/Financial | N | A | R | Living Quarters |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | Family Planning | ☐ | ☐ | ☐ | Get ID Card | ☐ | ☐ | ☐ | Move to New Quarters |
| ☐ | ☐ | ☐ | Family Treatment | ☐ | ☐ | ☐ | Legal Aid Services | ☐ | ☐ | ☐ | Ter. Unity Services |
| ☐ | ☐ | ☐ | Day Treatment Program | ☐ | ☐ | ☐ | Special Ed/Adult Ed/College | ☐ | ☐ | ☐ | Attendant Care Services |
| ☑ | ☐ | ☐ | Substance Abuse Program | ☐ | ☐ | ☐ | Sheltered Work/Vol Work/Job | ☐ | ☐ | ☐ | Consultation to Fam/Rels |
| ☑ | ☐ | ☐ | Social Recreational Activity | ☐ | ☐ | ☐ | Vocational Eval and Counseling | | | | |
| ☐ | ☐ | ☐ | Individual and/or Group Therapy | ☐ | ☐ | ☐ | Budget Assistance | ☐ | ☐ | ☐ | Misc |
| ☐ | ☐ | ☐ | Outreach Field Services | ☐ | ☐ | ☐ | Obtain Funds/Benefits Above | ☐ | ☐ | ☐ | Misc |

**HISTORY OF DANGEROUS/THREATENING BEHAVIOR** ☐ NO ☑ YES ☐ SELF ☑ OTHERS ☐ PROPERTY
Narrative/Explanations ___ Pt. Delcan is being psych. reevaluated.
Pt Delcan was found in possession of marijuana at A.S.H. on 1/13/98.
Pt. has been verbally hostile w/ro staff. He has been sexually inappropriate
with female staff, masturbating & exposing himself to female staff. He has
been physically aggressive and belligerent to staff. In 1988 and 1989 ___

| NAME (Print) | Signature | DATE | PHONE NUMBER |
|---|---|---|---|
| Lawrence Scarcatec, LCSW | Lawrence Scarcatec LCSW | 1/2/98 | 805 468-2199 |

## SOCIAL SERVICES DISCHARGE SUMMARY
## OR RECOMMENDED CONTINUING CARE PLAN

Confidential Patient Information
See /W&I Code Section 5328

DELCAN, ELI IORI
AT 045422-3 M SGL NO CTP
G5-23-56 LA    STPH 8601.3
08-10-58 CH EL    LA
C51-56-5320    PIC650
Cd-05-15 LA    VFE FFCCNT

MH 5741 C (4/89)

**Eli Toney DelRay**
**Sup. Ct. No. ZM 001979**

# EXHIBIT COVER PAGE

29

**EXHIBIT**

Description of this exhibit: **HOLD DOCUMENTS**
**"Hold Receipt"   Dated: 1-21-98**
(Originally issued on 06-14-96)

Number of pages to this Exhibit: __1__ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☑ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

# HOLD RECEIPT

1-21-98

I hereby acknowledge receipt of:

_____Abstract of Judgement

 XX   Commitment____Warrant

_____Detainer____Notification

dated___6-14-96____Issued by____LOS ANGELES COUNTY SUPERIOR COURT

 SC #ZM001979

reference___CDC #D-53484_____

for violation of_____

_____

*Confidential*

*Patient's Copy*

concerning patient___DELRAY, ELI_____AT 045422-3

## ** THIS PATIENT HAS AN OUTSTANDING COMMITMENT (SVPE6600) TO ATASCADERO STATE HOSPITAL AND MUST BE RETURNED TO THIS FACILITY UPON COMPLETION OF HIS PRISON TERM

_____
Deputy or Officer

_____
County

_____
Date

_____
Releasing Personnel

_____
Date

HID/PAD:RAR

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE



30

**EXHIBIT**

Description of this exhibit:  BPT HEARING SUMMARY

SUMMARY OF REVOCATION HEARING AND DECISION

Pg. 1    "Preliminary Information"
Pg. 2    "Summary of Findings"
Pg. 3    "Reason for Decision"
Pg. 4    "Summary of Disposition"
         (Date of Hearing 03-06-98)

Number of pages to this Exhibit:  ____4____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☒ Superior Court
☐ Appellate Court
☒ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# SUMMARY OF REVOCATION HEARING AND DECISION

(BPT Rules, Chapter 6, Article 3)

| PAROLE REVOCATION RELEASE DATE |
| P R R D    6 - 24 - 16 |
| CONTROLLING DISCH. DATE |
| C D D    5 - 30 - 99 |
| DISCH. REVIEW DATE |
| D R    6 - 24 - 99 |

## I. PRELIMINARY INFORMATION

**A. TYPE OF HEARING**

[x] Revocation
[ ] Revocation Extension
[ ] Revocation: Psychiatric Treatment
[ ] Prerevocation

**B. LOCATION OF HEARING:** _____ CMC-E _____

Parolee in Custody at time of Hearing

[x] Yes      [ ] No

**C. BASIS FOR CHARGES**    ASH REPORT

[x] Parole Violation Report, dated 1/23/98
[ ] Other _____
_____ dated _____

**D. OPTIONAL WAIVER**   [ ] Yes    [ ] No

Date signed by parolee _____ Date of BPT action _____

Assessment _____ [ ] Ineligible   [ ] Eligible
(Check one)

**E. LEGAL DATA**

[ ] The crime for which the parolee was committed to prison occurred on or before 12-31-78.
[ ] The crime for which the parolee was committed to prison occurred on or after 1-1-79.
Date of arrest on current parole violation charge(s) _____
Date hold was placed on current parole violation charge(s) _____

**F. PRESENT AT HEARING**

1. [x] Parolee (If parolee absent, why?) _____

2. [x] Hearing Officer(s) _David Bruce_____ (NAMES)

3. [ ] Attorney   [ ] Waived   [x] Disapproved   Name _____

4. [ ] Agent of Record _____ (NAME OR REASON IF NOT PRESENT)

5. [x] Hearing Agent _Whittemore_____ (NAME OR REASON IF NOT PRESENT)

6. [x] Observer(s) _C.O. Baldwin, C.O. Padilla, Security_ (NAME AND ORGANIZATION)

**G. WITNESSES**

| Present | | Name | Notified | | Wit. Desig.** | | If absent, state specific reason. |
| Yes | No | | *Meth. | Date | Stat. | Req. | |
|---|---|---|---|---|---|---|---|
| X | | T. LAWHORN, PSYCH. TECH. | M | 2/24 | A | S | Testified |
| X | | L. PETERS, PSYCH. TECH. | M | 2/24 | A | S | Testified |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**\*NOTIFICATION METHOD**

M = Memo    PC = Personal Contact
L = Letter    Sp = Subpoena
Ph = Phone    TT = Teletype

**\*\*USE ABBREVIATION FOR WITNESS DESIGNATION:**

Status: A = Adverse    Requested By: S = State
     F = Friendly      P = Parolee
     V = Victim

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| DEL REY, ELI | D-53484 | MDT#1 /3 | 3/06/98 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

**PERMANENT ADDENDA**

BPT 1103 (REV. 3/90)          Page 1 of ____ Pages

BOARD OF PRISON TERMS                                                           STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

**I. Preliminary Information (Cont.)**

H.  HEARING        [ ] CANCELLED        [ ] POSTPONED
    REASON:

[ ] Atty. Unavailable          [ ] Parolee Ret'd to Prison          [ ] Interpreter Needed
[ ] Parolee Unavailable        [ ] Parolee Signed Waiver            [ ] Psych. Evaluation
[ ] Witness Unavailable        [ ] Parolee Request                  [ ] Add'l. Witness/Testimony

[ ] Other: ....................................................................................................
Specify witnesses/documents needed for next hearing: ...................................................

I.  OBJECTIONS    [X] None      [ ] Yes     State objections (s) and panel's ruling and reasons on continuation sheet.

## II. SUMMARY OF FINDINGS

**A.  ADMISSIONS/DENIALS AND FINDINGS**

1. Charges                                          2. Plea                    3. Findings

| Charge# | Code | Brief Description of Conduct | Admit | Deny | No Plea | Good Cause | No Good Cause | Dismiss |
|---------|------|------------------------------|-------|------|---------|------------|---------------|---------|
| 1 | 727 | POSSESSION OF MARIJUANA   (ASH REPORT) |  | X |  | X |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

**4.  Charges Amended to Read (Complete 5 below)**

| Charge# | Code | Brief Description as Amended | Amended Prior to Plea | Prior to Finding |
|---------|------|------------------------------|-----------------------|------------------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

5.  Reason for amending Charges (Show charge # and reason): ....................................................
...................................................................................................................

| NAME | DEL REY, ELI | CDC NUMBER | D-53484 | INST/REGION | MDT#1  /3 CMC-E | HEARING DATE 3/08/98 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

BPT 1103 (REV. 3/90)                          Page 2 of ___4___ Pages                    **PERMANENT ADDENDA**

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### III. REASON FOR DECISION

**Basis for Conclusion:**

Charge #1, Possession of Marijuana — Good Cause
Found — Witnesses testified that they
found a marijuana cigarette in his
eye glass case in his locked car.
Marijuana was tested and positive for
marijuana.

**Basis for Disposition:**

His commitment offense is Indecent
Exposure. He has III'd and ASH since
his release on parole. He continues
treatment at ASH. This is a
serious institutional violation.
RTC is needed.

RTC Eight (8) mo. (E)

INMATE COPY

| NAME | DEL REY, ELI | CDC NUMBER | D-53484 | INST/REGION | MDT#1   /3 | HEARING DATE |
|------|--------------|------------|---------|-------------|------------|--------------|
| | | | | | | 3/06/98 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE

BPT 1103 (REV. 3/90)                Page 3 of ___4___ Pages     GOLDENROD-AGENT OF RECORD        **PERMANENT ADDENDA**

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### IV. SUMMARY OF DISPOSITION

A. [X] Hold Status:
1. [ ] Place Hold        2. [X] Retain Hold
3. [ ] Remove Hold Not Later Than _____
(DATE)

B. [ ] Remaining Period of Parole Waived
Discharge Effective _____
(DATE)

C. [ ] Continue on Parole
D. [X] Parole Revoked. Return to Custody
_____Eight_____ Months

E. [ ] Parole Revocation Period Extended:
_____ days

F. [ ] Parole Revoked. Return to Custody
_____ Months for Psychiatric Treatment

G. Eligibility for Credits
[X] Eligible        [ ] Ineligible
Reason for Ineligibility (PC§3057(d)(2):

[ ] Commitment offense (Specify) _____
[ ] Revocation offense (Specify) _____
[ ] Violation of parole condition (Specify) _____
[ ] Sentenced under PC §1168 (Specify) _____
[ ] Unsuitable for credits because of PC §3057 (d)(2)(E)
    [ ] Prior criminal history
    [ ] Circumstances and gravity of parole violation
Specify reason: _____
_____
_____
_____
_____

H. Optional Waivers
[ ] Previous BPT Action of _____ is:
(DATE)
1. [ ] Rescinded        2. [ ] Reaffirmed

I. [ ] Other _____
(SPECIFY)
_____
_____
_____

J. [X] Special Conditions of Parole
[X] All current conditions reaffirmed

|  | No Alcohol | ANT | POC | Other |
|---|---|---|---|---|
| Added |  |  |  |  |
| Deleted |  |  |  |  |

K. Instructions to CDC Staff/Reasons for special conditions of parole:
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**BPT HEARING PANEL**

NAME: *David Beuge*

NAME: _____

DECISION REVIEWED BY: _____

**REVOCATION HEARING TIME (MINUTES)**
1. Prehearing Prep. Time: _____14 min_____
2. Actual Hearing Time: _____38 min_____
3. Report Completion Time: _____13 min_____
4. Other (Specify): _____10 min_____ Waiving
Total _____

| NAME | DEL REY, ELI | CDC NUMBER | D-53484 | INST/REGION | MDT#1 | /3 | HEARING DATE |
|---|---|---|---|---|---|---|---|

HEARING DATE: 3/06/98

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

**PERMANENT ADDENDA**

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│   31    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:   **CDC 128 G Chrono**

**"Institution Classification Committee Hearing Chrono"**
(Date of Hearing 03-19-98)

Number of pages to this Exhibit:   ____1____  pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

No. D-53484   Name: DELF   ELI   Room/Bed: 4329   PRRD  6/29/98   CS: 0

Custody:  MAX-BR   Annual:   Assignment:  AD SEG

WG: D1   PG:  D   Cat:   W/L:   Level:  1

RX:   RELEASE TO AQ-GP.  REFER TO THE CSR RX RETAIN AT CMC-E, LEVEL I OVERRIDE (SVP)

I/M DELRAY appeared before ICC this date for a 30 Day Ad Seg Review and Placement Review. S was placed in Ad Seg on 1/21/98 upon his arrival at CMC-E from ASH due to inappropriate, hostile, and inappropriate sexual behavior demonstrated at ASH staff.  Comm. notes S was on parole at ASH awaiting his SVP prosecution per W&I 6601.3 However, Marijuana was found in S's room at ASH and S was returned to CMC-E as a PVRTC awaiting BPT Revocation Hearing on a PC3056 hold.  Comm. notes that S's BPT Revocation was on 3/6/98.  Good cause was found for Poss. of Marijuana and BPT assessed S 8 mo eligible.  Comm. elects to release S to the A-Quad GP as S is not deemed a threat to the safety and security of the institution at this time.  S will be placed in WG:A2, PG:B CUST:MED-AR and placed in the Support Services waiting list upon his release to the GP.  Fac. Cpt. Pete Gallaghe notified of ICC action.  Comm. elects to refer this case to the CSR with RX:  Retain CMC-E on Level 1 Override for SVP processing.  S was reviewed and cleared for Reintegrated Mixed yard placement.  S is a 39 yr old, 3rd T

Date: 3/1998     Institution Classification Committee     In Person     Inst: CMC-E / D-Quad   Pg. 1

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No. D-53484   Name:   DELRAY, ELI   Room/Bed:   4329

committed from LA Co. for Indecent Exposure. S was a PVRTC w/PV charges of Poss. of Marijuana while housed a ASH.  S received in CDC on 1/21/98 from ASH for Parole Revocation Proceedings.  No arsons or escapes noted Holds:  ASH on the charge of SVP based on Warrant # ZM001979.  Abnormal sexual behavior noted in 1975 conviction in State of Ohio for Rape and a 1987 CDC commitment of Child Molestation.  CDC 812 is noted for enemy concerns.  There are no gang/TIP affiliations noted.  Confidential File is clear.  TB Code: 22 per 128-C dated 1/29/98 CCF/ MSF/ CCRC/Camp ineligible due to PVRTC, SVP hold, and PC290 registration.  As S's placement in Ad Seg is for the safety and security of the institution, S will be retained on Non-Contact Visiting Status.  S acknowledged understanding of the above Comm. action and concurred w/Comm. action.  (G. FREITAS/kr)

COMM: G. Souza, CDW, Chairperson; T. McAlister, AWPS;  D. E. Freehauf, AWC&T; K. Weaver, Chief Psych; Brad Evans, LCSW; Lt. Barrera; G. Freitas, Ass't C&PR, Recorder;

CC: Inmate, Quad, CSR, CCRS, HIS

Date:  3/1998     Institution Classification Committee     In Person     Inst: CMC-E / D-Quad   Pg. 2

STATE OF CALIFORNIA   DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No. D-53484   Name:   DELRAY, ELI   Room/Bed:   4329

Date:  3/1998     Institution Classification Committee     In Person     Inst: CMC-E / D-Quad   Pg. 3

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│   32    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:  CDC 128G Chrono

"Initial Classification Committee Hearing Chrono"
        (Date of Hearing 04-16-98)

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No. D53484      Name: DELRAY, ELI      Room/Bed: 4230      PRRD   06/29/98   CS: 0

Custody:   MED-AR   Annual:   10/98      Assignment:   U/A

WG: A2      PG:   B      Cat:      W/L:   S      RX:   PC 3003 LOS ANGELES COUNTY; NO F.V.

S appeared before the Classification Committee this date for Initial Classification. 2930 PC complied with and 2933 PC explained. S is a 42 yr. old, Black, third termer, committed from Los Angeles County for Indecent Exposure W/Prior.  S is PVRTC with PV charges of Poss. Marijuana while housed at Atascadero State Hospital.  S was originally received in CDC on 4/8/87 and RTC for PC 3141 (one count) and PC 288 (three counts) while awaiting SVP prosecution and received at CMC-E on 1/28/98 from ASH for Level III housing.  Education: high school graduation with some college.  TABE: 12.9.  Work skills: printer, mechanic.  S was unassigned prior to transfer and is placed in WG:A2, PG:B, effective 3/20/98 to assignment.  No computer crimes, forgery or fraud noted.  A review of the C-file indicates a hold from Atascadero State Hospital, warrant #ZM001979.  No escapes or arson.  Per direction of CDC headquarters, S's C-file has been reviewed relative to escape potential and Close B custody.  Under current guidelines, review indicates S does not meet the criteria for Close B custody.  Aberrant sexual behavior noted in a 1975 conviction in Ohio for Rape and 1987 CDC term for Child Molestation.  The need for 'R' suffix has been substantiated and deemed appropriate.  Per POR dated 10/21/93, page five, 8/21/74 entry from Cleveland, Ohio noted on 4/8/75 S was convicted of PC 1199/20907.2, Rape (two counts) and PC 1199/20907.05, Gross Imposition Sex Offense (one count) where he was sentenced to 7

Date:  04/16/98      INITIAL   CLASSIFICATION      In Person      Inst: CMC-E /  B-Quad      Pg 1

---

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No. D53484      Name:   DELRAY, ELI      Room/Bed:   4230

to 25 years on each rape counts and 2 to 5 years on Gross Sex Imposition Charge.  He was received at the State Reformatory in Ohio on 9/25/75 and paroled on 9/11/80.  He had a PV/Warrant issued on 5/11/81.  Victim was a family member.  Substance abuse history involves the use of marijuana, rock cocaine, and PCP.  No medical concerns.  No enemy concerns.  No Gang/TIP affiliations.  Confidential file is clear.  S is ineligible for CCF/MSF/CCRC due to PVRTC status, SVP holds, and 290 PC registration.  Per Assembly Bill 614/PC 3003 S is required to parole to the county of last legal residence; Per POR, S's last legal residence was Los Angeles County.  Per CCR 3174(e)(2), S is ineligible for overnight family visit due to PC 288.  Registration required per PC 290.  TB:22 per CDC 128-C dated 1/29/98. {Trask, sko}

COMM. MEMBERS: S. CARPENTER, F.C., CHAIRPERSON; C. BETHEL, CCII; C. TRASK, CCI, RECORDER; J. RANSEN, EDUC.; R. BAJIMA, IAO

CC: INMATE, CCI, CCRS, HIS, VISITING LT.

Date:  04/16/98      INITIAL   CLASSIFICATION      In Person      Inst: CMC-E /  B-Quad      Pg 2

---

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No. D53484      Name:   DELRAY, ELI      Room/Bed:   4230

Date:  04/16/98      INITIAL   CLASSIFICATION      In Person      Inst: CMC-E /  B-Quad      Pg 3

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌──────────┐
│          │
│    33    │
│          │
└──────────┘
```

**EXHIBIT**

Description of this exhibit: **Parole Violator Worktime Credit System**

**"Legal Status Summary Sheet"**
        (Dated: 04-29-98)

Number of pages to this Exhibit: _____1_____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☒  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

33817

```
/SOP55          PAROLE VIOLATOR WORKTIME CREDIT SYSTEM        04/29/98
                PAROLE VIOLATOR LEGAL STATUS SUMMARY          PAGE:    1
DC NO: D53484  NAME: DELRAY,ELI,TONY        PAR STS: PRTC    LOC: CMC
------------------------------------------------------------------------
ORIGINAL PAROLE DATE: 05/30/1995  PAL TIME      :        TOT PRV REV TIME: 300
PAROLE PERIOD     : 3             PREV DEAD TIME:        PREV HOLD CR   :
TEMPER/SOSA CREDITS :             DCH REVIEW DATE:
------------------------------------------------------------------------
ARREST/HOLD DATE  : 01/20/1998   HOLD CREDITS:            DEAD TIME:

                                 MRRD: 09/17/1998   CDD : 05/30/1999
------------------------------------------------------------------------
REVOCATION TIME  240   WORK ELIG Y  BEGIN DATE 01/20/1998  END DATE 06/28/1998


TRAN       DATE        END DATE          LOG      RULE    VIOLATION  DAYS
TYPE                                    NUMBER   NUMBER   CATEGORY

DG      01/20/1998   06/28/1998                                     36.0

TO BALANCE =    0  AS OF    /  /

(P)RRD 06/29/1998 BASED ON CREDIT APPLIED THRU 04/01/1998 , WORK GRP A2
```

60 dy

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

<div style="border:2px solid black; display:inline-block">

34

</div>

**EXHIBIT**

Description of this exhibit:   **PAROLE CONDITIONS**
**"Notice and Conditions of Parole"**
        (Dated: 05-05-98)

Number of pages to this Exhibit:   __1__   pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

STATE OF CALIFORNIA
CDC 1515 (3/92)

DEPARTMENT OF CORRECTIONS
DIST:    ORIG - CENTRAL FILE
        COPY - PAROLE AGENT
        COPY - PAROLEE / INMATE

# NOTICE AND CONDITIONS OF PAROLE

You will be released on parole effective___6-29-98___, 19___ for a period of___THREE YEARS___. This parole is subject to the following notice and conditions. Should you violate conditions of this parole, you are subject to arrest, suspension and/or revocation of your parole.

You waive extradition to the State of California from any state or territory of the United States or from the District of Columbia. You will not contest any effort to return you to the State of California.

When the Board of Prison Terms determines, based upon psychiatric reasons, that you pose a danger to yourself or others, the Board may, if necessary for psychiatric treatment, order your placement in a community treatment facility or state prison or may revoke your parole and order your return to prison.

You and your residence and any property under your control may be searched without a warrant by an agent of the Department of Corrections or any law enforcement officer.

If another jurisdiction has lodged a detainer against you, you may be released to the custody of that jurisdiction. Should you be released from their custody prior to the expiration of your California parole, or should the detainer not be exercised, you are to immediately contact the nearest Department of Corrections' Parole and Community Services Division Office for instructions concerning reporting to a parole agent.

You have been informed and have received in writing the procedure for obtaining a Certificate of Rehabilitation (4852.21 PC).

You have read or have had read to you this notification and the following Conditions of Parole and understand them as they apply to you.

## CONDITIONS OF PAROLE

1. SPECIAL CONDITIONS: You are subject to the following special conditions:

(1) ANTI-NARCOTIC TESTING    (2) PAROLEE OUT PATIENT CLINIC
(3) A PLETHORA OF CONDITIONS TO BE SET BY PA GOVERNING PAROLEE'S CONTACT WITH CHILDREN
     AND PORNOGRAPHY.

Reasons for the imposition of special conditions of parole:

_____

_____

| SIGNATURE OF UNIT SUPERVISOR | DATE |

2. RELEASE, REPORTING, RESIDENCE AND TRAVEL: Unless other arrangements are approved in writing, you will report to your parole agent on the first working day following your release. Any change of residence shall be reported to your parole agent in advance. You will inform your parole agent within 72 hours of any change of employment location, employer or termination of employment.

3. PAROLE AGENT INSTRUCTIONS: You shall comply with all instructions of your parole agent and will not travel more than 50 miles from your residence without his/her prior approval. You will not be absent from your county of residence for a period of more than 48 hours and not leave the State of California without prior written approval of your parole agent.

4. CRIMINAL CONDUCT: You shall not engage in conduct prohibited by law (state, federal, county or municipal). You shall immediately inform your parole agent if you are arrested for a felony or misdemeanor crime. Conduct prohibited by law may result in parole revocation even though no criminal conviction occurs.

5. WEAPONS: You shall not own, use, have access to, or have under your control: (a) any type of firearm or instrument or device which a reasonable person would believe to be capable of being used as a firearm or any ammunition which could be used in a firearm: (b) any weapon as defined in state or federal statutes or listed in California Penal Code Section 12020 or any instrument or device which a reasonable person would believe to be capable of being used as a weapon as defined in Penal Code Section 12020; (c) any knife with a blade longer than two inches, except kitchen knives which must be kept in your residence and knives related to your employment which may be used and carried only in connection with your employment; or (d) a crossbow of any kind.

6. You shall sign the parole agreement containing the conditions of parole specified in Board of Prison Terms (BPT) Rules Section 2512 and any special conditions imposed as specified in BPT Rules Section 2513.

**I have read or have had read to me and understand the conditions of parole as they apply to me.**

| CDC NUMBER | PAROLEE'S SIGNATURE | DATE | SIGNATURE OF CDC STAFF | DATE |
|---|---|---|---|---|
| D-53484 | _Eli T. Delay_ | 5-5-98 | _Trask CCI_ | |

| PAROLEE'S NAME (PRINT OR TYPE) | STAFF'S NAME (PRINT OR TYPE) |
|---|---|
| DELRAY, ELI | TRASK   CCI |

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌─────────┐
│         │
│   35    │
│         │
└─────────┘
```

**EXHIBIT**

Description of this exhibit:  LEGAL STATUS SHEET

"Holds and Notifications" Legal Status
    (Dated: 05-12-98  for  05-25-00)

    ** Shows a new Hospital AT Number, 047830-3 **

Number of pages to this Exhibit:  _____1_____  pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☑ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

LEGAL STATUS

HOLDS & NOTIFICATIONS

U12

**SVPP DATE:** 5-25-00
**SVPE DATE:** 5-12-98 **SC #:** ZM001979 **CDC#** D-53484
**DEPT:** 95
**COUNTY OF COMMITMENT:** LOS ANGELES

**CRIMINAL OFFENSE:** 000 BCS

**Confidential
Patient's Copy**

**NOTIFICATION:**
Notify of any change in status:
State of California, Board of Prison
Terms, Scheduling Coordinator,
(916)327-5947   6/15/98 rar
*Released 2-3-99 ncf*

NOTIFICATION:
Notify of any change in status:
Parole & Community Services
Inner City Parole Unit
600 St. Paul Ave., Suite 202
Los Angeles, CA 90017
Phone: (213)580-3142 Ext.  3419
7-2-98ac

NOTIFICATION:
Notify of any change in status:
**Parole Region 3, SVP Coordinator,**
Marion McCrary
107 S. Broadway, Rm. 3007
Los Angeles, CA 90012-4447
(213) 897-8865
FAX: (213) 897-3300   4/8/99 ncq
*Notified by v/m 5-21-99 LL*

**DELRAY, ELI TONY**
AT 047930-3
ATASCADERO STATE HOSPITAL

FACESHEET 2A

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

```
┌────────┐
│        │
│   36   │
│        │
└────────┘
```

**EXHIBIT**

Description of this exhibit:  "AMENDED" PETITION FOR COMMITMENT

A.   "Amended Petition for Commitment as a
      Sexually Violent Offender"  (3 pages)

B.   "Affidavit in Support of Amended Petition"
              (3 pages)

Number of pages to this Exhibit:  ___6___ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

1 | GIL GARCETTI
District Attorney
2 | of Los Angeles County
By: REBECCA MARIE MADRID
3 | State Bar No. 149276
Deputy District Attorney
4 | Sexually Violent Predator Unit
320 West Temple Street, Suite 740
5 | Los Angeles, California 90012
Telephone: (213) 974-5927
6
Attorney for Petitioner
7

**ORIGINAL FILED**

AUG 06 1999

**SUPERIOR COURT**

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

11

12 | Case Nos.   ZM001979
                         A766947

13

14 | IN THE MATTER OF

15

16 | ELI TONY DELRAY,

17 | CDC NO. D53484,

18 | Respondent.

| ) Case Nos.   ZM001979
| )                  A766947
| )
| ) AMENDED PETITION FOR
| ) COMMITMENT AS A SEXUALLY
| ) VIOLENT OFFENDER PURSUANT TO
| ) WELF. & INST. CODE, § 6250 ET SEQ.
| )
| ) DATE:   AUGUST 5, 1999
| ) TIME:    9:00 A.M.
| ) DEPT:   95
| )
| )

19

20 | TO THE HONORABLE HAROLD E. SHABO, JUDGE OF THE SUPERIOR

21 | COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS

22 | ANGELES:

23 | Rebecca Marie Madrid, Deputy District Attorney, does hereby petition this court

24 | as follows:

25 | ELI TONY DELRAY has been convicted of, and received a determinate sentence

26 | for, the following sexually violent offenses within the meaning of Welfare and Institutions Code

27 | section 6600, subdivisions (b) and (e):

28 | ///

1

Amended Petition for Commitment as a Sexually Violent Offender

| CASE NO. | CHARGE | DATE OF CONVICTION | DATE OF SENTENCE |
|---|---|---|---|
| CR 15641 [Ohio] | RC § 2907.02 [2 counts]  (Rape) | 3/20/1975 | 4/08/1975 |
| CR 15641 [Ohio] | RC § 2907.05 [1 count]  (Gross Sexual Imposition) | 3/20/1975 | 4/08/1975 |
| A766947 [Calif.] | Pen. Code, § 288, subd. (a) [3 counts]  (Lewd Act upon a Child) | 1/29/1987 | 2/24/1987 |

That said person has a diagnosed mental disorder, and poses a danger to the health and safety of others, and is predatory within the meaning of Welfare and Institutions Code section 6600, subdivisions (c) through (e).

That the Director of Corrections and the Board of Prison Terms, at least six months prior to the person's scheduled date of release from prison or termination of parole, screened said person as to whether the person committed a sexually violent predatory offense, reviewed his social, criminal and institutional history within the meaning of Welfare and Institutions Code section 6601, subdivision (b).  As a result of the screening, the Department of Corrections determined the person is likely to be a sexually violent predator and referred the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Welfare and Institutions Code section 6600.

That the State Department of Mental Health evaluated the person in accordance with a standardized assessment protocol to determine whether the person is a sexually violent predator within the meaning of Welfare and Institutions Code section 6601, subdivision (c), and;

[ ✓ ]     That the Director of the State Department of Mental Health designated two practicing psychiatrists or psychologists or one practicing psychiatrist and one practicing psychologist, who evaluated the person and determined that the person has a diagnosed mental disorder such that he is likely to engage in acts of sexual violence without appropriate treatment and custody within the meaning of Welfare and Institutions Code section 6601, subdivisions (c) and (d).

///

2

Amended Petition for Commitment as a Sexually Violent Offender

1    [   ]    That two independent professionals have been appointed to evaluate the person

2    pursuant to Welfare and Institutions Code section 6601, subdivisions (a) through (g), and they

3    concur that the person meets the criteria for commitment specified in Welfare and Institutions

4    Code section 6601, subdivision (d).

5         That the evaluation report prepared by the State Department of Mental Health and

6    reports prepared by the above evaluators appointed pursuant to the above and in support of this

7    Amended Petition are attached hereto and incorporated by reference herein.

8         WHEREFORE, the People of the State of California petition this court to

9    determine that there is probable cause to believe that ELI TONY DELRAY is likely to engage in

10   sexually violent predatory criminal behavior upon his release from custody and to order a trial to

11   be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a

12   danger to the health and safety of others in that the person is likely to engage in acts of sexual

13   violence upon his release from the jurisdiction of the Department of Corrections.

14

15   Dated this 5th day of August, 1999.

16                                      Respectfully submitted,

17                                      GIL GARCETTI
                                        District Attorney
18                                      of Los Angeles County

19                                      By

20                                      REBECCA MARIE MADRID
21                                      Deputy District Attorney
                                        Sexually Violent Predator Unit
22
                                        Attorney for Petitioner
23

24

25

26

27

28

3

Amended Petition for Commitment as a Sexually Violent Offender

1  GIL GARCETTI
   District Attorney
2  of Los Angeles County
   By: REBECCA MARIE MADRID
3  State Bar No. 149276
   Deputy District Attorney
4  Sexually Violent Predator Unit
   320 West Temple Street, Suite 740
5  Los Angeles, California 90012
   Telephone: (213) 974-5927
6
   Attorney for Petitioner
7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11

12                                    )   Case Nos.    ZM001979
                                      )                A766947
13                                    )
                                      )   AFFIDAVIT IN SUPPORT OF AMENDED
14  IN THE MATTER OF                  )   PETITION FOR COMMITMENT AS A
                                      )   SEXUALLY VIOLENT OFFENDER
15                                    )   PURSUANT TO WELF. & INST. CODE,
                                      )   § 6250 ET SEQ.
16  ELI TONY DELRAY,                  )
                                      )   DATE:    AUGUST 5, 1999
17  CDC NO. D53484,                   )   TIME:    9:00 A.M.
                                      )   DEPT:    95
18                    Respondent.     )
                                      )
19

20        I, Rebecca Marie Madrid, having been duly sworn, do hereby declare:

21        THAT I am a Deputy District Attorney for the County of Los Angeles;

22        THAT ELI TONY DELRAY has been convicted of, and received a determinate

23  sentence for, the following sexually violent offenses within the meaning of Welfare and

24  Institutions Code section 6600, subdivisions (b) and (e):

25  ///

26  ///

27  ///

28  ///

                                      4

| CASE NO. | CHARGE | DATE OF CONVICTION | DATE OF SENTENCE |
|---|---|---|---|
| CR 15641 [Ohio] | RC § 2907.02 [2 counts]  (Rape) | 3/20/1975 | 4/08/1975 |
| CR 15641 [Ohio] | RC § 2907.05 [1 count]  (Gross Sexual Imposition) | 3/20/1975 | 4/08/1975 |
| A766947 [Calif.] | Pen. Code, § 288, subd. (a) [3 counts]  (Lewd Act upon a Child) | 1/29/1987 | 2/24/1987 |

THAT at least six months prior to that person's scheduled date for release from prison or termination of parole, the Department of Corrections referred the person for evaluation as a sexually violent predator.

THAT said person was screened by the Department of Corrections and the Board of Prison Terms; said screening determined that the person may be a sexually violent predator.

THAT said person was referred to the State Department of Mental Health for a full evaluation as required by law.

THAT the State Department of Mental Health evaluated the person and determined said person is a sexually violent predator, said evaluations having been prepared by professional evaluators designated by the Director of the State Department of Mental Health as required by law.

THAT said evaluations concur that the person qualifies for commitment under Welfare and Institutions Code section 6250 et seq. as a sexually violent predator in that said person suffers from a diagnosed mental disorder that predisposes the person to commit sexual acts in a degree constituting the person a menace to the health and safety of others.

THAT Affiant is informed and believes that said person is a sexually violent offender based upon the following criteria:

(1)     That said person committed sex offenses within the meaning of subdivisions (a) and (b) of section 6600 of the Welfare and Institutions Code, and

(2)     That said person suffers from a diagnosed mental disorder, and as a result of such a diagnosed mental disorder is predisposed to the commission of sexual acts to such a

5

Amended Petition for Commitment as a Sexually Violent Offender

1    degree that he constitutes a menace to the health and safety of others.

2         I declare under penalty of perjury that the foregoing is true and correct, except as

3    to those matters of information and belief.

4

5         Executed this _5th_ day of August, 1999, in Los Angeles, California.

6

7    REBECCA MARIE MADRID
     Deputy District Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

37

**EXHIBIT**

Description of this exhibit:  **LETTERS**

**A.**  **"Letter to Honorable Judge Harold Shabo"**
          (Dated: 09-21-00)

**B.**  **"Letter to Attorney Nancy Ramseyer"**
          (Dated: 09-21-00)

Number of pages to this Exhibit:  ___2___  pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☐  Superior Court
☐  Appellate Court
☐  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

Eli Toney DelRay
A.S.H.  AT # 047930-3
P.O. Box 7001  Unit 16
Atascadero, Calif.  93423-7001

September 21, 2000

Honorable Judge Harold Shabo
Department 95
1150 North San Fernando Road
Los Angeles, Calif.  90065

Dear Judge Shabo,

I trust this letter finds you in the very best of health, and aggressively handing out justice with a firm grip, keen eye, and your trademark compassion.

I dislike the idea that I need to write you this letter, but keeping in mind that my last request in court included the desire to file a Writ on issues that my Attorney and I, raised during pre-probable cause hearings and during the probable cause. You approved the acquisition of the transcripts that I thought I would need, and told my Attorney, Nancy Ramseyer, to get them for me.

Well, I, have not received the balance of the material that I asked for, prior to leaving the County Jail. She did provide me with some of the material, and stated that she would send me the other stuff as soon as it was completed.

Enclosed is a copy of a letter, dated May 28, 2000, I wrote to her while in the county, listing the things that I needed. She has supplied me with some of this material. I obtained the paperwork on CCR § 2600.1, by writing the Office of Administrative Law. The copy of the enclosed letter addressed to her itemizes the paperwork I still need. Having been back at the hospital since June 12, 2000, and haven't as of yet, heard anything from her, not even a return of my two phone calls, that got through, I'm concerned.

I know that she's a very good Attorney, but, it seems that where I'm involved, things are a lot less than they could be. I worry that this is a repeat performance of the out-of-sight, out-of-mind syndrome, that I went through back in 1996, when I first asked her to send me copies of the petition and copies of the Ohio code sections that we would need to challenge the petition. That request was at our first conference. I had to ask again after that and again at another conference. I finally received the paperwork after it was mailed on March 3, 1997, almost a full year later.

I write to you this information, only because I feel that I'm running out of time, and I have everything on hold waiting on these documents that I plan on using as exhibits. I hope that by informing you of this dilemma, I can avoid asking you to intervene on my behalf, because someone would be informed of my attempts to pursue my issues.
I have also sent a copy of this letter to Nancy Ramseyer.

Thank you for your time, consideration, and possible intervention in this matter.

Respectfully Submitted,

*Eli T. DelRay*

Eli Toney DelRay

Eli Toney DelRay
A.S.H.  AT # 047930-3
P.O. Box 7001  Unit 16
Atascadero, Calif.  93423-7001

September 21, 2000

Nancy Ramseyer
Deputy Public Defender
1150 North San Fernando Road
Los Angeles, Calif. 90065

Dear Nancy,

I trust this letter finds you in the best of health, and taking an aggressive step in life. I've attempted to call you on numerous occasions, but due to problems I place on this phone system, I've only reached your answering machine twice, of which I left you message's.

This time, because of the delay in your sending me the transcripts and other materials that I previously asked you for, I've decided that it's in my best interest to put it on paper, and have it supervised. I, because of this extended wait on the documents and transcripts that you said you would send to me once I got here, feel that because I'm out of sight, I'm also out of mind. You do remember that I only came back to this gulag to have access to the law library, in order to file a Writ on the denial of my motions, issues with my confinement from C.D.C., and determinations made in my Probable Cause Hearing. Well, bottom line is that I need the information I asked you for. I feel I preserved some of my argument against retrospective legislation at my arraignment, and only production of that transcript can prove that.

Here is a listing of documents that you said that you would send to me, once I got to the hospital, per our last telephone conversation while I was still at the County Jail:

1. June 26, 1996??, Transcript of Arraignment, Dept. 95

2. January 18, 2000, Transcript of augmented record on prior.

3. January 19, 2000, Transcript of motion, Sporich and Due Process.

4. May 23, 2000, Transcript of closing arguments on Dr. Kent Franks.
   I have May 25, 2000, on Dr. Hy Malinek.

5. Calendar of my court appearances - 1996 to May 25, 2000.

6. Hospital Chart from May 23, 1996 - Jan. 21, 1998 AT # 045422-3.

7. D.M.H. Evaluator list showing panel that includes Dr. Kirkish and Dr. Singh.

8. Copy of original Writ pertaining to Gerald Rogers, by Attorney Pamela King.

Please note that I've also addressed this letter to Judge Shabo, so that a copy will go to my court file and he could intervene on my behalf if needed, to obtain these documents. I do apologize that I find this necessary at this time. Time is tolling, and I feel that I'm on hold. Please contact me at the soonest, if you have need of any further information.

Thank you for your time and consideration in this matter.

Sincerely,

Eli T. DelRay

Eli Toney DelRay

Eli Toney DelRay
Sup. Ct. No. ZM 001979

# EXHIBIT COVER PAGE

38

**EXHIBIT**

Description of this exhibit:  **LETTER TO J. GLATZHOFER**

**"Letter to Attorney J. (?) Glatzhofer"**
            (Dated: 07-07-2002)
  (Names are actually Gene and Craig Glatzhofer)

Number of pages to this Exhibit:  ____4____ pages.

JURISDICTION:  (Check only one)

☐  Municipal Court
☑  Superior Court
☐  Appellate Court
☑  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United States Supreme Court
☐  Grand Jury

ELI TONEY DEL-RAY
AT # 047930-3
ATASCADERO STATE HOSPITAL
PRISON ANNEX   UNIT 29
P.O. BOX 70011
ATASCADERO, CALIFORNIA
93423-7001

JULY 07, 2002                                                    JULY 07, 2002

MR. GENE GLATZHOFER,
ATTORNEY AT LAW
2020 LINCOLN AVENUE
ANAHEIM, CALIF. 92801-5301

Dear Mr. Glatzhofer,

      I know that your time is extremely valuable and important, so I respectfully
ask that you read this letter completely, due to its importance to my current
litigation.

      I'm looking for the attorney who represented me on May 21, 1996, at a Board
of Prison Terms probable cause hearing, regarding California's Sexually Violent
Predators Act.

      The only information on that attorney that I have is an initial and last
name, J. Glatzhofer. Based on that, I researched the California's Lawyers
Directory and wrote this letter in duplicate to you and the only other Mr.
Glatzhofer listed.

      Sir, it has been six long years of fighting this attempt to commit me to
this state hospital where I'm currently confined. You may or may not recognize
the name Eli Toney Del Ray, CDC # D-53484, but, if you could take the time to
check your records, and/or files, to see if you may have represented me, it would
be most appreciated.

      If you happen to be the attorney who represented me at that Board of Prison
Terms hearing, my problem could be solved with any information or copies of any
documentation, transcripts or tapes that you may have from that hearing, so that
I may be able to perfect my Habeas Petition. I was unable to obtain a tape of the
hearing, due to transfer problems and belatedly discovering inaction on the part
of my Superior Court appointed Public Defender.

      Enclosed is a copy of the BPT's hearing determination. This is the only
paperwork I've been able to obtain on the issues that you raised for me, and it's
incomplete. Even though four (4) issues were raised, it only addresses three (3).
My fourth issue was that the conviction they were using as a predicate, was from
another state and that the S.V.P. act didn't include out-of-state convictions as
predicate offenses. As you can see, this issue was not included in the written
summary. I also took the liberty of transcribing the handwritten notes into typed
text for easier reading.

      I recall the Commissioner excusing us from the Boardroom in order to call
his Supervisor on the issue of the indeterminate term and excusing us a second
time on the out-of-state conviction issue.

If you have any records or can recall any of these facts, would you consider writing me a declaration as to what you may recall and/or include any hard copies of documents you may have pertaining to these issues.

They are necessary, to show that I raised these issues in a timely manner, and therefore preserved them for review. I've also raised them in Superior Court at my arraignment on this Petition for commitment. I have not been able to convince my attorney, (the third one so far) of the importance of these issues, especially in light of the subsequent amendments, which added both, out-of-state convictions and indeterminate terms.

My challenge by way of demurrer and my motion to dismiss, both based on these issues, were taken under advisement by the arraignment Court, due to a stay of all proceedings, issued by the Appellate Court while reviewing a class-action dismissal from this same Court, based on the Constitutionality of the Act. It was two years later when all stays of were lifted, after a finding by the Appellate Court, that the S.V.P. Act was Constitutional. By then, the amendments were in the law and well entrenched. It has been ruled that a failure to object or ask for extraordinary relief pretrial is a waiver of those issues.

I thank you most sincerely for your time and consideration in this matter, and further ask that if you were or were not my attorney, please at least write to inform me of that, so I will know that I need to renew my search in another direction.

If you have any questions or need further information, you can reach me at 805-468-3156, which is our patient incoming calls telephone. I cannot call you, as our outgoing phone is collect only.


Respectfully Yours,



Eli Toney Del-Ray
AT # 047930-3

ELI TONEY DEL-RAY
AT # 047930-3
ATASCADERO STATE HOSPITAL
PRISON ANNEX    UNIT 29
P.O. BOX 70011
ATASCADERO, CALIFORNIA
93423-7001

JULY 07, 2002

MR. CRAIG GLATZHOFER,
ATTORNEY AT LAW
7391 WARNER AVENUE  #D
HUNTINGTON BEACH, CALIF. 92647-5407

Dear Mr. Glatzhofer,

I know that your time is extremely valuable and important, so I respectfully ask that you read this letter completely, due to its importance to my current litigation.

I'm looking for the attorney who represented me on May 21, 1996, at a Board of Prison Terms probable cause hearing, regarding California's Sexually Violent Predators Act.

The only information on that attorney that I have is an initial and last name, J. Glatzhofer. Based on that, I researched the California's Lawyers Directory and wrote this letter in duplicate to you and the only other Mr. Glatzhofer listed.

Sir, it has been six long years of fighting this attempt to commit me to this state hospital where I'm currently confined. You may or may not recognize the name Eli Toney Del Ray, CDC # D-53484, but, if you could take the time to check your records, and/or files, to see if you may have represented me, it would be most appreciated.

If you happen to be the attorney who represented me at that Board of Prison Terms hearing, my problem could be solved with any information or copies of any documentation, transcripts or tapes that you may have from that hearing, so that I may be able to perfect my Habeas Petition. I was unable to obtain a tape of the hearing, due to transfer problems and belatedly discovering inaction on the part of my Superior Court appointed Public Defender.

Enclosed is a copy of the BPT's hearing determination. This is the only paperwork I've been able to obtain on the issues that you raised for me, and it's incomplete. Even though four (4) issues were raised, it only addresses three (3). My fourth issue was that the conviction they were using as a predicate, was from another state and that the S.V.P. act didn't include out-of-state convictions as predicate offenses. As you can see, this issue was not included in the written summary. I also took the liberty of transcribing the handwritten notes into typed text for easier reading.

I recall the Commissioner excusing us from the Boardroom in order to call his Supervisor on the issue of the indeterminate term and excusing us a second time on the out-of-state conviction issue.

If you have any records or can recall any of these facts, would you consider writing me a declaration as to what you may recall and/or include any hard copies of documents you may have pertaining to these issues.

They are necessary, to show that I raised these issues in a timely manner, and therefore preserved them for review. I've also raised them in Superior Court at my arraignment on this Petition for commitment. I have not been able to convince my attorney, (the third one so far) of the importance of these issues, especially in light of the subsequent amendments, which added both, out-of-state convictions and indeterminate terms.

My challenge by way of demurrer and my motion to dismiss, both based on these issues, were taken under advisement by the arraignment Court, due to a stay of all proceedings, issued by the Appellate Court while reviewing a class-action dismissal from this same Court, based on the Constitutionality of the Act. It was two years later, when all stays were lifted, after a finding by the Appellate Court, that the S.V.P. Act was Constitutional. By then, the amendments were in the law and well entrenched. It has been ruled that a failure to object or ask for extraordinary relief pretrial is a waiver of those issues.

I thank you most sincerely for your time and consideration in this matter, and further ask that if you were or were not my attorney, please at least write to inform me of that, so I will know that I need to renew my search in another direction.

If you have any questions or need further information, you can reach me at 805-468-3156, which is our patient incoming calls telephone. I cannot call you, as our outgoing phone is collect only.


Respectfully Yours,


Eli Toney Del-Ray
AT # 047930-3

# ATTACHMENTS

# COVER SHEET

Eli Toney DelRay
Sup. Ct. No. ZM 001979

1987 Trial Transcript      (Dated: 02-03-87)
      16 pages
Numbered  1364 thru 1379

# ATTACHMENT
# "A"

LOS ANGELES, CALIFORNIA; TUESDAY, FEBRUARY 3, 1987 *

9:33 A.M.

DEPARTMENT NO. 113          HON. MICHAEL A. TYNAN, JUDGE

(APPEARANCES AS HERETOFORE NOTED.)

THE COURT:  IN THE MATTER OF ELI TONY DEL RAY, THE MATTER IS HERE FOR FURTHER ARGUMENT VIS-A-VIS THE FAILURE, IF ANY, OF THE PEOPLE TO PROPERLY PLEAD AND PROVE THE ALLEGATIONS THAT HE WAS PREVIOUSLY CONVICTED OF A FELONY IN A SISTER STATE AND THAT FELONY WOULD BE A FELONY HAD IT BEEN COMMITTED IN CALIFORNIA.

MR. DEL RAY IS PRESENT IN PRO PER.

MR. KOUMJIAN IS PRESENT.

MR. KOUMJIAN, I HAVE A COPY HERE THAT YOU GAVE ME OF PAGES OF OHIO'S -- PAGES OF OHIO REVISED CODE ANNOTED TITLE 29.

DO YOU HAVE A PAGE FOR ME?

MR. KOUMJIAN:  YES.  ACTUALLY, I'VE PHOTOCOPIED THE MATERIAL AND I'VE ALSO GIVEN IT TO MR. DEL RAY IN THE PACKAGE THAT BEGINS WITH CALIFORNIA EVIDENCE CODE SECTION 452, THE SECOND PAGE, AND CONTINUING PAGES THAT DEALS WITH ALSO THE OHIO STATUTES WHICH HAVE BEEN PHOTOCOPIED BEGINNING AT SECTION 2907.01 OF OHIO LAW.

THE COURT:  OKAY.  IN REVIEWING -- ARE YOU READY, MR. DEL RAY?  HAVE YOU GOT IT,

1   MR. KOUMJIAN:  MR. DEL RAY'S COPY HAS THE LONGER

2   PAGES.

3         IN REVIEWING THE OHIO STATUTE THE DEFENDANT

4   WAS CONVICTED OF TWO DIFFERENT OFFENSES; TWO OF THOSE

5   COUNTS UNDER SECTION 2907.02, WHICH IS CALLED IN OHIO,

6   RAPE.  THE OTHER ONE WAS UNDER 2907.03, WHICH IS IN OHIO,

7   CALLED GROSS SEXUAL IMPOSITION SO THAT MAY BE .05, GROSS

8   SEXUAL IMPOSITION.

9         THE CHARGE OF GROSS SEXUAL IMPOSITION, IN MY

10  OPINION, SO FAR MY REVIEW, DOES NOT CONTAIN ALL THE

11  ELEMENTS -- IT DOES NOT NECESSARILY INVOLVE A CONVICTION

12  OF A SERIOUS FELONY IN CALIFORNIA; HOWEVER, THE CHARGE OF

13  RAPE DOES.

14        IN OHIO, SECTION 2702, WHICH DEFINES RAPE --

15        THE COURT:  2907.02.

16        MR. KOUMJIAN:  THAT'S CORRECT, YES, DEFINES RAPE

17  AND SAYS THAT RAPE CAN OCCUR WHEN THERE IS SEXUAL CONDUCT

18  UNDER THREE CIRCUMSTANCES:  BETWEEN TWO PEOPLE WHO ARE NOT

19  MARRIED THE DEFENDANT USES FORCE; OR TWO, TO PREVENT

20  RESISTANCE IT SUBSTANTIALLY IMPAIRS THE OTHER PERSON'S

21  JUDGMENT AND CONTROL BY ADMINISTERING ANY DRUG OR

22  INTOXICANT; AND THREE, THAT THE PERSON IS LESS THAN

23  THIRTEEN YEARS OF AGE.

24        SEXUAL CONDUCT IS DEFINED IN 2907.01 OF THE

25  OHIO STATUTE TO INCLUDE VAGINAL INTERCOURSE, ANAL

26  INTERCOURSE AND FELLATIO AND CUNNILINGUS.

27        THE DEFENDANT, BY VIRTUE OF BEING CONVICTED

28  OF RAPE IN OHIO, ALTHOUGH IT IS APPARENT FROM THE

INFORMATION FROM THE MINUTES OF THE COURT, THAT THAT

INVOLVED A CHILD UNDER THE AGE OF THIRTEEN, WHICH WOULD BE

A 288, IF ONE TAKES A LIMITED READING OF THE SUPREME COURT

CASES RECENTLY, CALIFORNIA SUPREME COURT CASE OF ALFARO,

THE LEAST ADJUDICATED ELEMENTS OF HIS OFFENSE WOULD BE

THAT HE COMMITTED ONE OF THESE VIOLATIONS, WITHOUT

CONSIDERING WHETHER OR NOT THE INFORMATION CHARGED THAT

THE CHILD WAS UNDER THIRTEEN, SO --

    THE COURT:  WELL, THE INFORMATION -- THE PAPER FROM

OHIO DOES ALLEGE THAT THE CHILD WAS UNDER THIRTEEN.

    MR. KOUMJIAN:  RIGHT.  I DON'T THINK THAT IS -- I'M

GOING TO PROCEED ON THE ASSUMPTION THAT UNDER CALIFORNIA

LAW YOU ARE NOT ALLOWED TO CONSIDER THE INFORMATION, WHICH

IS MY UNDERSTANDING OF THE ALFARO CASE.

    THE COURT:  I THINK THAT IS ERRONEOUS.  I THINK WE

BETTER STICK WITH WHAT WE GOT.

    MR. KOUMJIAN:  OKAY.  I AM DEALING WITH THAT.

    THE COURT:  THE PAPER FROM OHIO SAYS --

    MR. KOUMJIAN:  IF WE CONSIDER THAT AS BEING

ADMISSIBLE AND MAY BE CONSIDERED BY THE COURT, THEN MY

ARGUMENT IS ONLY STRONGER.  I'M DEALING WITH IF THE COURT

DOESN'T CONSIDER THAT.

    THE COURT:  THAT'S THE ONLY THING I AM GOING TO

CONSIDER, BECAUSE I'M NOT GOING TO CONSIDER FORCE OR

THREAT OF FORCE OR DRUGS OR ANYTHING ELSE, SUB 1 AND 2 OF

29067.02(A) OF THE OHIO CODE.

    SO THE ONLY THING THAT WAS PLED AND THE ONLY

THING THAT HAS BEEN ALLEGED TO THIS COURT IS

1   SUBDIVISION 3.

2       MR. KOUMJIAN:  THE REASON I SAY THAT IS ALFARO,

3   WHICH IS DECEMBER -- CALIFORNIA SUPREME COURT CASE ADVANCE

4   SHEET 29, SAYS THAT THE INFORMATION CANNOT BE --

5   ALLEGATIONS IN THE INFORMATION ARE NOT TO BE CONSIDERED

6   FOR PURPOSES OF THE PRIOR.

7           IN THAT CASE IT INVOLVED AN ALLEGATION THAT

8   IT WAS BURGLARY OF A RESIDENCE.  THE COURT SAID THAT IS

9   NOT NECESSARILY AN ADJUDICATED ELEMENT OF THE CASE

10          IN ANY EVENT --

11      THE COURT:  HAVE YOU GIVEN ME ALFARO IN THIS PACKET

12  OF --

13      MR. KOUMJIAN:  NO, I HAVEN'T.

14      THE COURT:  WHAT IS THE CITE ON IT?

15      MR. KOUMJIAN:  I'M NOT SURE.  I KNOW IT IS IN THE

16  ADVANCE SHEET 29.

17      THE COURT:  COULD YOU PULL OUT MY ADVANCE SHEET

18  '87.

19      MR. KOUMJIAN:  '86.

20      THE COURT:  '86, PLEASE.

21          GO AHEAD.

22      MR. KOUMJIAN:  IN ANY EVENT, EVEN PROCEEDING UNDER

23  THE COURT'S INTERPRETATION, THE DEFENDANT THEN WAS

24  CONVICTED OF A 288 OF THE PENAL CODE, AT LEAST, OR OF

25  THE -- THE EQUIVALENT OF A 288 UNDER CALIFORNIA LAW.

26      THE COURT:  PROBABLY SO.

27      MR. KOUMJIAN:  THE QUESTION IS, THE ALLEGATION WAS

28  NOT PLED IN THE INFORMATION THAT THE PEOPLE FILED, THE

AMENDED INFORMATION CHARGING THE ALLEGATION.

THE DEFENDANT WAS APPRAISED (SIC) THAT HE WAS CHARGED WITH A PRIOR SERIOUS FELONY AND HE WAS TOLD OF THE CONVICTION IN OHIO AND HE WAS APPRAISED OF THE CONVICTION IN OHIO THAT CONSTITUTED THE BASIS OF THAT.

THE INFORMATION CONTAINED LANGUAGE, WHICH I THINK IS ACTUALLY GRATUITOUS, THAT SAID THAT THE CRIME IN CALIFORNIA THAT THAT WAS THE EQUIVALENT OF WAS RAPE.

IN MY OPINION ACTUALLY THE CALIFORNIA -- THE OHIO STATUTE IS A SERIOUS FELONY BECAUSE IT IS NECESSARILY -- IF HE WAS CONVICTED OF THE OHIO STATUTE, HE EITHER WAS CONVICTED OF RAPE OR SODOMY UNDER 286 OF THE CALIFORNIA PENAL CODE.

THE COURT: WAIT, MR. KOUMJIAN. I THINK I GAVE YOU A HINT --

MR. KOUMJIAN: ALL RIGHT.

THE COURT: -- THAT I'M NOT GOING TO CONSIDER THAT BECAUSE IT IS NOT PLED IN OHIO AND IT IS OBVIOUSLY NOT FACTUALLY CORRECT.

MR. KOUMJIAN: I AGREE.

THE COURT: SO LET'S JUST TALK ABOUT WHAT WE BELIEVE THE DEFENDANT DID IN OHIO, AND THAT WAS ROUGHLY THE SAME THING HE WAS CONVICTED OUT HERE IN CALIFORNIA OF.

MR. KOUMJIAN: ALL RIGHT.

THE COURT: THE QUESTION IN MY MIND IS WHETHER OR NOT YOUR PLEADING PUTS HIM ON NOTICE OR MAYBE LEADS HIM INTO A FALSE SENSE OF SECURITY THAT SINCE YOU HAVE MISPLED WHAT HAPPENED IN OHIO, THAT HE COULD RELY ON THAT, SIT

BACK AND NOT SAY ANYTHING, AS HE DID, AND GET PROPERLY --
OR HAVE A PRIOR FOUND TO BE TRUE BECAUSE OF THE PLEADING,
AND IT IS THE PLEADING THAT HAS GOTTEN YOU VERY, VERY
CLOSE TO YOUR OWN PITARD.

GO AHEAD.

MR. KOUMJIAN:   THANK YOU.

THE WAY THE COURT HAS STATED IT, IF THE
DEFENDANT SAYS THAT THE PLEADING -- THE ARGUMENT IS THAT
THE PLEADING ITSELF DOES NOT STATE AN OFFENSE, DOES NOT
CONSTITUTE A PRIOR CONVICTION, THEN THE DEFENDANT SHOULD
HAVE DEMURRED TO THE PLEADING AND IT IS NOT PROPER AT THE
CLOSE OF EVIDENCE THEN TO SAY, WELL, THE PLEADING DIDN'T
ALLEGE AN OFFENSE AGAINST ME.

THE EVIDENCE IN THIS CASE SHOWED THAT THE
DEFENDANT COMMITTED AN OFFENSE THAT CONSTITUTES A SERIOUS
FELONY IN CALIFORNIA, AND I THINK THAT FIRST THE PEOPLE
HAVE A RIGHT TO AMEND UNDER SECTION 1009 OF THE PENAL CODE
UNDER ANY STAGE OF THE PROCEEDINGS, AND THAT IS WHAT
SHOULD OCCUR IN THIS CASE.

1009 ALLOWS THE AMENDMENT OF THE ACCUSATORY
PLEADING AT ANY STAGE OF THE PROCEEDINGS UNLESS A
SUBSTANTIAL RIGHT OF THE DEFENDANT IS IMPAIRED BY THE
AMENDMENT.

AND THERE ARE CASES THAT -- WHERE, AFTER THE
CLOSE OF EVIDENCE, THE COURT ALLOWED AN AMENDMENT TO THE
PLEADING.

IN PEOPLE KOCH COUCH, WHICH IS AN EXAMPLE OF
THAT, 4 CAL.APP.3D 270, IN THAT CASE ACTUALLY THE

DEFENDANT WAS CONVICTED OF CONSPIRACY TO COMMIT GRAND

THEFT, AND THE APPELLATE COURT SAID IN FACT THAT WAS

PLEADED INCORRECTLY, THERE COULDN'T HAVE BEEN A CRIME OF

GRAND THEFT UNDER THOSE FACTS; HOWEVER, THERE WAS A CRIME

UNDER THOSE FACTS OF A MISDEMEANOR VIOLATION -- I FORGOT

THE EXACT TERMINOLOGY OF THAT -- AND THE COURT ALLOWED,

EVEN AT THE APPELLATE STAGE, FOR THE PLEADING TO BE

CHANGED TO SHOW AND ENTER A CONVICTION NOT OF CONSPIRACY

TO COMMIT GRAND THEFT, BUT OF CONSPIRACY TO COMMIT THE

OTHER OFFENSE.

          AND THERE ARE OTHER CASES WHERE THE COURTS

HAVE ALLOWED THE PEOPLE TO AMEND EVEN DURING ARGUMENT.

          THERE WAS A CASE WHERE THE PEOPLE WERE

ALLOWED TO EXTEND THE STATUTE OF LIMITATIONS, I BELIEVE

THAT IS PEOPLE VERSUS WITT 53 CAL.APP.3D 154 WHERE THE

PEOPLE AMENDED DURING ARGUMENT THE STATUTE OF LIMITATIONS.

          AND ALL THESE CASES GO FOR THE PROPOSITION

THAT IF THE PEOPLE NEGLIGENTLY FILE THE INFORMATION, IF IT

IS CLEARLY WRONG, THE COURT IS NOT REM -- THE REMEDY IS

NOT TO DISMISS THAT AND HAVE A MISCARRIAGE OF JUSTICE

OCCUR UNLESS A SUBSTANTIAL RIGHT OF THE DEFENDANT IS

IMPAIRED.

          IN THIS CASE THE DEFENDANT WAS PUT ON NOTICE

OF WHAT THE OHIO CONVICTION WAS AND THAT IT WAS ALLEGED TO

BE A SERIOUS FELONY.

          THE ONLY WAY THAT I COULD SEE THAT

MR. DEL RAY HAS POSSIBLY BEEN IMPAIRED IS THAT WE CAN

ARGUE, WELL, HE WOULDN'T KNOW WHAT THE ELEMENTS OF A 288

1  ARE IN CALIFORNIA.

2      THE COURT:  I THINK HE KNOWS THAT.

3      LET ME ASK YOU A QUESTION, MR. KOUMJIAN.

4  SUPPOSE YOU CHARGED HIM WITH A CRIME OF RAPE AND YOU TRIED

5  IT AND THE FACTS DEVELOP AT THE TRIAL YOU ESTABLISHED A

6  288 ONLY.  YOU GOT UP, YOU WAIVED YOUR JURY ARGUMENT, YOU

7  SAT DOWN.

8      MR. DEL RAY GOT UP AND YOU THEN STOOD UP AND

9  SAID, "WAIT A MINUTE.  WE WANT TO CHANGE THE GAME.  IT IS

10 NOT RAPE, IT IS A 288."

11     DO YOU THINK THAT IS GOING TO FLY?

12     MR. KOUMJIAN:  NO, AND THE REASON IT WOULDN'T FLY

13 IS THAT ALL OF THE DEFENDANT'S EXAMINATIONS AND

14 CROSS-EXAMINATIONS OF THE WITNESSES COULD HAVE BEEN

15 DIFFERENT IF HE HAD KNOWN HE WAS CHARGED WITH A 288, AS

16 OPPOSED TO BEING CHARGED WITH A RAPE.

17     IN THIS CASE -- AND ALSO BECAUSE THE

18 PRELIMINARY HEARING HAS TO ESTABLISH FOR A SUBSTANTIVE

19 OFFENSE THAT THE CRIME OCCURRED TO PUT THE DEFENDANT ON

20 NOTICE.

21     YOU ARE NOT REQUIRED TO ESTABLISH A PRIOR

22 CONVICTION AT THE PRELIMINARY HEARING.

23     IN THIS CASE WE'RE IN THE EVIDENCE STAGE OR

24 WE FINISH THE EVIDENCE STAGE OF THE PROCEEDINGS ON THE

25 PRIOR CONVICTION.  THERE IS ABSOLUTELY NO WAY THAT THE

26 EVIDENCE WOULD BE ANY DIFFERENT OR THE DEFENDANT'S

27 EXAMINATIONS WOULD BE, WHEN THE ONLY THING THAT IS

28 DIFFERENT IS WHETHER OR NOT THAT CALIFORNIA -- THE OHIO

PRIOR, WHICH CALIFORNIA STATUTE IT FALLS UNDER AS BEING
THE EQUIVALENT OF FOR THE ELEMENTS OF A SERIOUS FELONY.

IT IS JUST PURELY A LEGAL ARGUMENT AND IT IS
PURELY A MATTER OF THE CORRECT LEGAL APPLICATION OF THAT
STATUTE TO CALIFORNIA.

I'VE YET TO HEAR ANY THEORY OF HOW THE
DEFENDANT'S RIGHTS WILL BE IMPAIRED AT THIS STAGE BY
CHANGING THE PLEADING TO A 288 OR TO A COMBINATION OF
DIFFERENT OFFENSES IN CALIFORNIA.

I ALSO DIRECT THE COURT TO SECTION 960 OF THE
PENAL CODE.  SECTION 960 OF THE PENAL CODE DEALS WITH THE
SUFFICIENCY OF PLEADINGS AND IT MAKES ABSOLUTELY CLEAR
THAT:

"NO ACCUSATORY PLEADING IS
INSUFFICIENT, NOR CAN THE TRIAL,
JUDGMENT, OR OTHER PROCEEDING
THEREON BE AFFECTED BY REASON OF ANY
DEFECT OF IMPERFECTION IN MATTER OR
FORM WHICH DOES NOT PREJUDICE A
SUBSTANTIAL RIGHT OF THE DEFENDANT
UPON THE MERITS."

AND I THINK IN BOTH THIS AND SECTION 1009 IT
IS CLEAR THE LEGISLATURE DOES NOT WANT A PERSON WHO
DESERVES TO BE PUNISHED TO GET OFF BECAUSE OF A -- EVEN A
NEGLIGENT ACT BY THE PROSECUTOR.

AND I ADMIT THAT I DEFINITELY SHOULD HAVE CAUGHT THIS. THERE IS NO DOUBT ABOUT IT. IF WE WERE IN A MOCK TRIAL COMPETITION, I WOULD LOOSE, BUT HERE WE'RE TALKING ABOUT THE RIGHTS OF THE PUBLIC, WHETHER OR NOT THEY WOULD BE AFFECTED BY LETTING MR. DEL RAY WALK ON SOMETHING THAT HE CLEARLY HAD NOTICE OF, THAT HE CLEARLY WILL NOT BE PREJUDICED BY CHANGING AT THIS TIME.

THERE IS NO RIGHT OF MR. DEL RAY THAT IS BEING AFFECTED BY THE COURT READING THE MATERIAL IN LIBERAL FASHION WHICH IS REQUIRED BY SECTION 960, AS OPPOSED TO A VERY TECHNICAL READING SAYING, WELL, THE SECTION UNDER CALIFORNIA LAW CHARGED IS NOT A CORRECT PLEADING.

THE COURT: BUT THAT IS THE ESSENCE OF CHARGING A GUY WITH AN OUT-OF-STATE PRIOR, THAT IT HAD TO BE A FELONY IN CALIFORNIA.

MR. KOUMJIAN: THAT'S WHAT WE'VE PROVED. WE'VE PROVED THAT IN THE EVIDENCE. ABSOLUTELY WE HAVE TO SHOW IT AND WE'VE SHOWED IT IN THE EVIDENCE THAT IT IS A FELONY IN CALIFORNIA.

THE COURT: MR. DEL RAY?

THE DEFENDANT: YOUR HONOR, THE PEOPLE HAVE TALKED ABOUT THE AMENDMENT TO THE INFORMATION UNDER 1009. ACCORDING TO THE INFORMATION THAT THEY FILED, THEY ALLEGE 261.

ACCORDING TO 1009, IT SAYS:

"AN INDICTMENT OR ACCUSATION CANNOT

BE AMENDED AS TO CHANGE THE OFFENSE

1  CHARGED, NOR AN INFORMATION SO AS TO

2  CHARGE AN OFFENSE NOT SHOWN BY THE

3  EVIDENCE."

4  OKAY.

5  THAT GOES ON TO STATE ABOUT THE PRELIMINARY

6  HEARING. I BELIEVE I HAD ASKED FOR ONE PERTAINING TO THIS

7  AND THE PEOPLE COULD HAVE CAUGHT THEIR MISTAKES AT THAT

8  TIME.

9  THE PROBLEM WITH THE INFORMATION FROM OHIO IS

10  THAT THOUGH I WAS CONVICTED OF A RAPE --

11  THE COURT:  OF A CHILD UNDER THIRTEEN.

12  THE DEFENDANT:  RIGHT.  OKAY.

13  HERE UNDER THE CALIFORNIA STATUTE -- MAY I

14  HAVE A PENAL CODE, PLEASE?

15  THE COURT:  TIM, WOULD YOU GIVE MR. DEL RAY YOUR

16  PENAL CODE.  OH, MR. KOUMJIAN HAS GOT IT.

17  THE DEFENDANT:  THANK YOU.

18

19  (BRIEF PAUSE.)

20

21  THE DEFENDANT:  IF MAY HAVE A MINUTE, YOUR HONOR.

22  THE COURT:  SURE.

23  MR. KOUMJIAN:  I WOULD ALSO LIKE TO DIRECT THE

24  COURT TO THE CASE THAT IS INCLUDED IN THE MATERIAL I GAVE

25  THE COURT, PEOPLE VERSUS SMOOT, WHEREIN IN THAT CASE A

26  PRIOR CONVICTION OF 647(A) WAS INCORRECTLY PLEADED.  IT

27  DID NOT INCLUDE THE FACT THAT THE VIOLATION WAS OF

28  SUBDIVISION 1.

A VIOLATION OF THE OTHER SUBDIVISION 647(A) IS NOT A PRIORABLE OFFENSE.

THE COURT ALLOWED THAT THE PRIOR CONVICTION TO BE RECEIVED IN EVIDENCE AND SAID THE DEFENDANT HAD PROPERLY BEEN CONVICTED OF IT BECAUSE THE DEFENDANT HAD NOT DEMURRED TO IT, AND THE INFORMATION THAT IT WAS SUBDIVISION 1 WAS PROVEN IN THE EVIDENCE, EVEN THOUGH ON THE PLEADINGS ITSELF WERE NOT SUFFICIENT TO SHOW A CRIME HAD OCCURRED, THE PROOF, THE EVIDENCE IN THE CASE SHOWED THE CRIME OCCURRED.

(BRIEF PAUSE.)

THE COURT:  WELL, THE PROBLEM IS IN THE SMOOT CASE, MR. KOUMJIAN, IS THAT THIS DEFENDANT HAS OBJECTED ALL THE WAY ALONG.  HE OBJECTED TO THE INTRODUCTION OF THE MATERIAL FROM OHIO, AS I RECALL.  HE -- THAT IS WHAT HE HAS BEEN DOING.  THAT HAS BEEN HIS POSTURE DURING THAT WHOLE TRIAL.

HE DIDN'T DEMUR, I WILL GIVE THAT YOU.

MR. KOUMJIAN:  I DON'T THINK IT IS SUFFICIENT TO SAY "I OBJECT TO THE INTRODUCTION OF THE EVIDENCE."  I DON'T SEE HOW THAT PUTS THE ISSUE OF THE SUFFICIENCY OF THE PLEADINGS IN QUESTION.

THE DEFENDANT:  YOUR HONOR, MAY I --

THE COURT:  YES, GO AHEAD.

THE DEFENDANT:  I BELIEVE THAT EVEN THOUGH I DID NOT FORMALLY DEMUR, I DID STATE AS A FACT THAT THE

AMENDMENT TO THE INFORMATION, BEING THREE PAGES LONG, WAS OVERLY EXCESSIVE IN ITS WORDING. I THINK THAT THAT WOULD SHOW RIGHT THERE IT WAS A GROUNDS FOR DEMURRER, ALTHOUGH I DID NOT USE THE PROPER COURT TERM. IT WAS STILL A CHALLENGE.

THE COURT: MR. DEL RAY, YOU SAID SOMETHING YESTERDAY ABOUT DISCUSSING THIS AFTER YOUR LAST TRIAL.

THE DEFENDANT: YES, I DID, YOUR HONOR.

THE COURT: WHAT WAS THE NATURE OF THAT DISCUSSION?

THE DEFENDANT: WELL, I -- IT WAS BEFORE THE LAST TRIAL AT A 402 EVIDENTIARY HEARING WHERE I DISCUSSED THE -- THE NATURE OF THE CHARGE ITSELF, THE DIFFERENT SECTIONS I WAS CHARGED UNDER AND THE INSUFFICIENCY.

THE COURT: ARE WE TALKING ABOUT THE PRIOR ALLEGATIONS NOW?

THE DEFENDANT: YES.

THE COURT: ALL RIGHT.

THE DEFENDANT: AND I STATED THAT I DIDN'T THINK THAT IT WAS POSSIBLE TO CHARGE ME UNDER SO MANY DIFFERENT STATUTES.

AT THE TIME I HAD AID BY COUNSEL, AND HE DIDN'T SEE FIT TO CHALLENGE IT UNDER A DEMURRER OR ANYTHING LIKE THIS HERE.

AS FAR AS MY UNDERSTANDING OF THE DEMURRERS WENT, I ONLY THOUGHT THE DEMURRERS WAS TO THE INFORMATION CHARGING THE PRESENT OFFENSE. I WAS NOT AWARE THAT YOU CAN CHALLENGE A PRIOR ALSO UNDER DEMURRER.

BUT I TALKED ABOUT THE CONSTITUTIONALITY OF THE PRIOR. I STATED THAT BECAUSE -- IF THE PRIOR WAS PROVEN, THAT THE DEFENDANT, AS CLAIMED THERE, WAS ON A PAROLE, AND THAT HE WOULD BE PUNISHABLE AS A VIOLATOR.

AND IN OHIO, UNLIKE HERE, I DISCOVERED THAT A PAROLE VIOLATION CAN GET ANYWHERE FROM ONE TO FIVE YEARS JUST ON THE VIOLATION, AND BECAUSE IT IS A STATE THAT SENTENCES INDETERMINATELY, AFTER THE VIOLATION TIME IS COMPLETED, THE PERSON COULD ALSO GET TIME ON HIS UNFINISHED SENTENCE ON THAT SAME OFFENSE.

AND ACCORDING TO MY RESEARCH, THE DEFENDANT WAS SENTENCED TO A MAX OF 55 YEARS AND HIS MAX DATE WOULD BE UP IN 2443 OR 2034 OR SOMETHING LIKE THAT.

GOING BACK TO THE ARGUMENT OF THE PEOPLE IN THEIR ALLEGEMENT (SIC), I DON'T BELIEVE THAT THEY CAN AMEND THE INFORMATION AT THIS TIME BECAUSE I BELIEVE THE AMENDMENTS HAVE TO BE DONE PRIOR TO TRIAL OR DURING TRIAL.

AS THE TRIAL OF THE DEFENDANT IS COMPLETE, AND THAT THIS IS JUST THE ARGUMENTS ON THE AMENDMENT WHICH WAS ALLEGED IN OCTOBER OF '85, THE PEOPLE HAD SUFFICIENT TIME TO REVIEW THEIR CASE, AS THIS WAS A PART OF THEIR CASE.

I WAS READING SOME OF THE CASES IN THE LIBRARY, THOUGH, ALTHOUGH WE'RE NOT THAT WELL-EQUIPPED, AND I CAME UP WITH A CASE OF PEOPLE VERSUS HOUSTON, 24 CAL.APP.2D 170 THAT STATES THAT THIS DEFENDANT WAS TRIED ON HIS PRIOR CONVICTION FOR HABITUAL CRIMINAL, AND IT WAS REVERSED FOR THE SIMPLE FACT THAT IT WAS AMENDED AFTER THE

1   TRIAL.

2          AND FOR THE PEOPLE --

3      THE COURT:  WHAT IS THE CITE?  24 CAL.APP.3D?

4      THE DEFENDANT:  YES, YOUR HONOR.

5      THE COURT:  WHAT PAGE?

6      THE DEFENDANT:  PAGE 170.

7      THE COURT:  HANG ON A MINUTE.

8

9          (BRIEF PAUSE.)

10

11     THE COURT:  NO, I DON'T THINK THAT IS APPOSITE,

12  MR. DEL RAY, THE HOUSTON CASE.

13     THE DEFENDANT:  OKAY.

14     THE COURT:  BUT I AM CONCERNED ABOUT SEVERAL

15  THINGS.  MR. KOUMJIAN HAS ADMITTED THAT HE WAS NOT ON TOP

16  OF THIS.  WE'RE TALKING CHANGING OF TWO NUMBERS, 261 TO

17  288.

18          I'M ALSO CONCERNED ABOUT THE FACT THAT YOU

19  WERE CONVICTED OF A SERIOUS FELONY BACK IN OHIO.  IT

20  CERTAINLY RELATES TO THE KIND OF CASE YOU WERE CONVICTED

21  ON OUT HERE.

22          MR. KOUMJIAN -- JUST A MINUTE.  WHEN I'M

23  TALKING, YOU KEEP QUIET.

24          MR. KOUMJIAN, I AM VERY UNHAPPY ABOUT THIS,

25  BUT I THINK -- I THINK DUE PROCESS REQUIRES ME TO FIND

26  THAT THE PLEADING, IN A TECHNICAL -- IN A TECHNICAL AREA

27  LIKE THIS, IS CRITICAL.

28

1    THIS IS AN ERROR THAT SHOULD HAVE BEEN CAUGHT

2  AT THE FIRST TRIAL.  THIS IS AN ERROR THAT SHOULD HAVE

3  BEEN CAUGHT BEFORE THIS CASE STARTED AND IT CERTAINLY

4  SHOULD HAVE BEEN CAUGHT BETWEEN THE TIME THAT THE JURY

5  WENT OUT AND THE TIME THE JURY CAME BACK.  IT WAS NOT.

6    I HAVE TO FIND, I THINK, THAT THE ALLEGATIONS

7  AS TO HIS PRIOR, THERE IS JUST A COMPLETE FAILURE OF PROOF

8  IN THE PEOPLE'S CASE, AND I'M GOING TO HAVE TO FIND THEM

9  NOT TRUE, ALL OF THEM.

10    I'M SORRY, I REALLY AM.

11    MR. KOUMJIAN:  DOES THE COURT WISH NO FURTHER

12  ARGUMENT ON THAT?

13    THE COURT:  NO.  THIS MATTER WILL BE SET THREE

14  WEEKS HENCE FOR PROBATION AND SENTENCE TO THE 24TH OF

15  FEBRUARY, 1987.

16    THE DEFENDANT:  24TH OF FEBRUARY, YOUR HONOR?

17    THE COURT:  YES.  THE PROBATION OFFICER SHALL

18  PREPARE A REPORT PURSUANT TO THIS ORDER.

19    THE DEFENDANT:  YOUR HONOR, MOTION FOR A COMPLETE

20  TRANSCRIPT OF THE TRIAL PROCEEDINGS?

21    THE COURT:  WHAT FOR?

22    THE DEFENDANT:  WELL, JUST IN CASE I DECIDE TO TAKE

23  UP AN APPEAL.

24    THE COURT:  YOU TAKE UP AN APPEAL AND YOU ASK THE

25  APPELLATE COURT FOR A COMPLETE TRANSCRIPT.

26    (AT 10:00 A.M. AN ADJOURNMENT WAS

27    TAKEN UNTIL, TUESDAY, FEBRUARY 24,

28    1987, 9:00 A.M.)

Eli Toney DelRay
Sup. Ct. No. ZM 001979

Ohio Revised Code § 2907.02
    "Rape"
(From 1974)
1 page

# ATTACHMENT
# "B"

39                                    SEX OFFENSES                              § 2907.02

amendments do not require a prior adversary judicial determination of the fact of obscenity: *Moody v. Thrush Corp.*, 62 OO(2d) 115, 33 O Misc 84, 291 NE(2d) 922 (CP 1972).

## SEXUAL ASSAULTS

### § 2907.02   Rape.

(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

(1) The offender purposely compels the other person to submit by force or threat of force.

(2) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.

(3) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.

(B) Whoever violates this section is guilty of rape, a felony of the first degree. If the offender under division (A) (3) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A) (3) of this section shall be imprisoned for life.

**HISTORY:** 134 v H 511.   Eff 1-1-74.

Not analogous to former RC § 2907.02 (131 v 673), repealed 134 v H 511, § 3, Eff 1-1-74.

The effective date of H 511 is set by section 4 of the act.

**Committee Comment**

This section includes the traditional concept of rape as sexual intercourse with a female by force, but expands upon the offense in four important respects.

First, the acts contemplated include anal intercourse, cunnilingus, and fellatio in addition to vaginal intercourse, because any of such acts can result in serious physical or psychic harm to the victim when committed under circumstances amounting to rape.

Second, the section does away with distinctions of sex between offenders and victims, for the reason that homosexual and lesbian assaults can be as dangerous to victims as heterosexual assaults.

Third, the section explicitly provides for rape by purposely drugging the victim or rendering the victim intoxicated. In this context, the section does not include the situation where a person plies his intended partner with drink or drugs in the hope that lowered inhibitions might lead to a liaison, since when the alcohol or drugs are voluntarily taken in the absence of force or deception, the consent of the "victim" can fairly be inferred.

Fourth, the section designates as rape sexual conduct with a pre-puberty victim, regardless of whether force or drugs are used, and regardless of whether the offender has actual knowledge of the victim's age.

cible rape of a victim under age 13 carries a penalty of life imprisonment.

**Research Aids**

46 OJur2d: Rape §§ 1 et seq.
65 AmJur2d: Rape §§ 1 et seq.

**ALR**

Admissibility, in prosecution for assault or similar offense involving physical violence, of extent or effect of victim's injuries. 87 ALR2d 926.

Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR2d 841.

Admissibility of prosecution evidence on issue of consent, that rape victim was virgin, absent defense attack on her chastity. 35 ALR3d 1452.

Applicability of rape statute covering children of a specified age, with respect to a child who has passed the anniversary date of such age. 73 ALR 2d 874.

Cautionary instructions as to evidence of other similar offense in rape case. 77 ALR2d 906.

Criminal responsibility of husband for rape, or assault to commit rape, on wife. 84 ALR2d 1017.

Entrapment to commit sexual offense. 52 ALR2d 1194.

Impeachment or cross-examination of prosecuting witness in sexual offense trial by showing that similar charges were made against other persons. 75 ALR2d 508.

Impotency as defense to charge of rape, attempt to rape, or assault with intent to commit rape. 23 ALR3d 1351.

Intercourse accomplished under pretext of medical treatment. 70 ALR2d 824.

Mistake or lack of information as to victim's age as defense to statutory rape. 8 ALR3d 1100.

Rape by fraud or impersonation. 91 ALR2d 591.

Rape or similar offense based on intercourse with woman who was allegedly mentally deficient. 31 ALR3d 1227.

## CASE NOTES AND OAG

### INDEX

Abduction for immoral purposes, 19
Attempted rape, 6, 7
Consent, or lack of, 5, 20, 21, 23, 25
Evidence, competency, sufficiency, 1, 2, 11, 14, 20, 26, 27
Declaration by victim, 13, 15, 17
Exclusion of public from courtroom, 12
Former jeopardy, 10
Impeaching prosecuting witness, 16, 18
Incest, 9
Indictment, sufficiency, 4
Insanity, finding, 3
Instructions, 7, 8
Intent to use force, 7, 20, 23, 24
Intoxication, 27
Lesser included offenses, 9
Statutory rape, 1, 22
Unconscious victim, 25

See RC § 2905.01(A) (1)

Eli Toney DelRay
Sup. Ct. No. ZM 001979

Ohio Revised Code § 2907.05
   "Gross Sexual Imposition"
(From 1974)
1 page

# ATTACHMENT
# "C"

43                              SEX OFFENSES                              § 2907.06

decent liberties. . . or otherwise in any manner" molesting any such child, is not void for indefiniteness or uncertainty. Columbus v. Cook, 5 OApp (2d) 243, 54 OO(2d) 388, 214 NE(2d) 837.

12. An indictment of an accused over eighteen years of age, under CC § 12414 (RC § 2905.03), for carnally knowing and abusing a female person under sixteen years of age, with her consent, has the effect also of charging the accused with an attempt to rape a female person under sixteen years of age, with her consent, as such offense is defined in this section: State v. Ross, 96 App 157, 54 OO 230, 121 NE(2d) 289.

13. The intent with which an act is done is immaterial, where it is made an offense expressly prohibited by statute, and in a prosecution of one over eighteen years of age for having carnal knowledge of a girl under sixteen with consent, it is not necessary that criminal intent be either averred or proved. Zent v. State, 8 App 473, 21 CC(NS) 475, 25 CD 219.

14. A sixteen year old boy having carnal knowledge of a female under sixteen years of age cannot be held delinquent for violating [former] RC § 2905.03, since the statute specifically identifies the class of persons who are criminally liable for statutory rape as being eighteen years of age or over: In re J. P., 61 OO(2d) 24, 32 O Misc 5, 287 NE(2d) 926 CP (1972).

15. Where a man over eighteen years of age has sexual intercourse with his daughter or sister under sixteen years of age, with her consent, he may be prosecuted and punished under provisions of this section, notwithstanding the fact that he is also guilty of incest: 1943 OAG p. 6557.

## § 2907.05   Gross sexual imposition.

(A) No person shall have sexual contact with another, not the spouse of the offender, when any of the following apply:

(1) The offender purposely compels the other person to submit by force or threat of force.

(2) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.

(3) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.

(B) Whoever violates this section is guilty of gross sexual imposition. Violation of division (A) (1) or (2) of this section is a felony of the fourth degree. Violation of division (A) (3) of this section is a felony of the third degree.

HISTORY: 134 v H 511.  Eff 1-1-74.

Not analogous to former RC § 2907.05 (113 v 541), repealed 134 v H 511, § 2. Eff 1-1-74.

The effective date of H 511 is set by section 4 of the act.

### Committee Comment

This section defines an offense analogous to rape, though less serious. Its elements are identical to those of rape, except that the type of sexual activity involved is sexual contact, rather than sexual conduct. See section 2907.02.

Gross sexual imposition is a felony of the fourth de-

gree when the sexual contact is committed by force or threat or with the use of drugs or intoxicants. When the victim of the offense is under age 13, regardless of the means used to commit the offense, gross sexual imposition is a felony of the third degree.

Research Aids

6 AmJur2d:  Assault and Battery § 55

ALR

Applicability of statutes relating to offenses against children of specified age with respect to child who has passed the anniversary date of such age. 73 ALR2d 874

Assault with intent to commit unnatural sex act upon minor as affected by latter's consent. 65 ALR2d 748.

Impeachment or cross-examination of prosecuting witness in sexual offense trial by showing that similar charges were made against other persons. 75 ALR2d 508.

Mens rea or guilty intent as necessary element of offense of contributing to the delinquency or dependency of minor. 31 ALR3d 848.

## § 2907.06   Sexual imposition.

(A) No person shall have sexual contact with another, not the spouse of the offender, when any of the following apply:

(1) The offender knows that the sexual contact is offensive to the other person, or is reckless in that regard.

(2) The offender knows that the other person's ability to appraise the nature of or control the offender's conduct is substantially impaired.

(3) The offender knows that the other person submits because of being unaware of the sexual contact.

(4) The other person is over twelve but not over fifteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than the other person.

(B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.

(C) Whoever violates this section is guilty of sexual imposition, a misdemeanor of the third degree.

HISTORY: 134 v H 511.  Eff 1-1-74.

Not analogous to former RC § 2907.06 (113 v 541) repealed 134 v H 511, § 2. Eff 1-1-74.

The effective date of H 511 is set by section 4 of the act.

### Committee Comment

This section defines an offense analogous to certain types of sexual battery and corruption of a minor, except that it involves sexual contact rather than sexual conduct.

The offense includes a sexual touching when the offender knows or has reasonable cause to believe the touching is offensive. In this regard, if the person engaging in sexual contact has no reasonable grounds

Eli Toney DelRay
Sup. Ct. No. ZM 001979


California Penal Code    Title 9   Chapter 1
Penal Code Section(s) 261 thru 290
(From 1974)
7 pages


# ATTACHMENT "D"

Sec.
266h. Pimping; punishment.
266i. Pandering; punishment.
267. Abduction, female under 18 for purpose of prostitution; punishment.
268. Seduction under promise of marriage; punishment.
269. Seduction under promise of marriage; marriage as bar to prosecution; exception.
269a. Cohabitation and adultery; punishment.
269b. Adultery; each party married to another; evidence.

### Cross References

Advertising respecting certain sex matters as offense, see Business and Professions Code § 600.

## § 261.   Rape defined

Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances:

1. Where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent;

2. Where she resists, but her resistance is overcome by force or violence;

3. Where she is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, or by any intoxicating narcotic, or anaesthetic substance, administered by or with the privity of the accused;

4. Where she is at the time unconscious of the nature of the act, and this is known to the accused;

5. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with intent to induce such belief.

(Enacted 1872.  Amended by Stats.1889, c. 191, p. 223, § 1;  Stats. 1897, c. 139, p. 201, § 1;  Stats.1913, c. 122, p. 212, § 1;  Stats.1970, c. 1301, p. 2405, § 1.)

### Cross References

Administering stupefying drugs to assist in commission of felony, see § 222.
Assault with intent to commit rape, see § 220.
Contributing to delinquency of minors, see § 272.
Conviction as ground for revocation of
    County teaching certificate, see Education Code § 13217.
    Teaching credential, see Education Code § 13206.
Fingerprints and descriptions of violations of subds. (3), (4), daily report to bureau of identification and investigation, see § 11112.
Punishment for rape, see § 264.
Registration of sex offenders, see § 290.
School certificated employee, compulsory leave of absence on charge of violating this section, see Education Code § 13409.
School classified employee, suspension on charge of violating this section, see § 13742.
Sex offense as including violation of this section, see Education Code § 12912.
Soliciting commission of rape by another, punishment for, see § 653f.
Sufficiency of penetration, see § 263.

NST

Section
--  261
--  270
--  274
--  278
--  281
--  290
es
--  299
--  311
--  313
nd
--  311
--  319
--  330
-- 337.1
--  338
--  346

; discre-

for pur-
g female

prostitu-

· slavery;

abitation.
g her for

stitution;

## § 261.5   CRIMES AGAINST THE PERSON   Pt. 1

### § 261.5   Unlawful sexual intercourse with female under age 18

Unlawful sexual intercourse is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, where the female is under the age of 18 years.
(Added by Stats.1970, c. 1301, p. 2406, § 2.)

#### Cross References

Administering stupefying drugs to assist in commission of felony, see § 222.
Assault with intent to commit rape, see § 220.
Certificated employee of school district, compulsory leave of absence on charge of
        commission of sex offense, see Education Code § 13409.
Contributing to delinquency of minor, see § 272.
Conviction as ground for revocation of,
        County teaching certificate, see Education Code § 13217.
        Teaching credential, see Education Code § 13206.
Punishment for rape, see § 264.
Registration of sex offenders, see § 290.
Soliciting commission of rape by another, punishment, see § 653f.
Sufficiency of penetration, see § 263.

### § 262.   Rape; defendant under 14; proof of physical ability

WHEN PHYSICAL ABILITY MUST BE PROVED.   No conviction for rape can be had against one who was under the age of fourteen years at the time of the act alleged, unless his physical ability to accomplish penetration is proved as an independent fact, and beyond a reasonable doubt.
(Enacted 1872.)

#### Cross References

Capacity of infants under age of fourteen to commit crimes, see § 26.
Contributing to delinquency of minors, see § 272.
Rape defined, see § 261.
Reasonable doubt, see §§ 1096, 1097; Evidence Code § 501.
        Instruction on, see § 1096a.
Sufficiency of penetration, see § 263.

### § 263.   Rape; essentials; sufficiency of penetration

PENETRATION SUFFICIENT.   The essential guilt of rape consists in the outrage to the person and feelings of the female.   Any sexual penetration, however slight, is sufficient to complete the crime.
(Enacted 1872.)

#### Cross References

Probation, denial to defendant convicted of rape with force or violence, see § 1203.
Reasonable doubt, establishing guilt beyond, see §§ 1096, 1097; Evidence Code § 501.
Soliciting commission of rape by force and violence, see § 653f.

### § 264.   Rape; unlawful sexual intercourse; recommendation of jury; discretion of court

Rape, as defined in Section 261, is punishable by imprisonment in the state prison for not less than three years.   Unlawful sexual intercourse, as defined in Section 261.5, is punishable either by imprisonment in the county jail for not more than one year or in the state prison for not more than 50 years, and in such case the jury shall recommend by their verdict whether the punishment shall be

122

by imprisonment in the county jail or in the state prison; provided, that when the defendant pleads guilty to an offense under Section 261.5 the punishment shall be in the discretion of the trial court, either by imprisonment in the county jail for not more than one year or in the state prison for not more than 50 years.

The preceding provisions of this section notwithstanding, in any case in which the defendant committed rape as defined in Section 261, and in the course of commission of the rape, with the intent to inflict such injury, inflicted great bodily injury on the victim of the rape, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from 15 years to life.

(Enacted 1872.  Amended by Stats.1913, c. 123, p. 213, § 1;  Stats. 1923, c. 130, p. 271, § 1;  Stats.1952, 1st Ex.Sess., c. 23, § 1;  Stats. 1967, c. 151, p. 1217, § 1;  Stats.1970, c. 1301, p. 2406, § 3.)

**Cross References**

Conviction as ground for revocation of county teaching certificate, see Education Code § 13217.
Conviction as ground for revocation of teaching credential, see Education Code § 13206.
Indeterminate sentences, see §§ 1168, 1168a, 3020.
Life imprisonment where no maximum term prescribed, see § 671.
Punishments, how determined, see § 13.
Sterilization after being adjudged guilty of carnal abuse of female under 10, see § 645.

## § 264.1   Rape; acting in concert by force or violence; punishment

The provisions of Section 264 notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim, committed the rape, either personally or by aiding and abetting such other person, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from five years to life.

(Added by Stats.1967, c. 1551, p. 3722, § 1.)

**Cross References**

Conviction as ground for revocation of county teaching certificate, see Education Code § 13217.
Conviction as ground for revocation of teaching credential, see Education Code § 13206.
Persons aiding and abetting as principals, see § 31.

on of

ment
al in-
y im-
n the
jury
ll be

## § 265.   Abduction for marriage or defilement; punishment

ABDUCTION OF WOMEN.  Every person who takes any woman unlawfully, against her will, and by force, menace, or duress, compels her to marry him, or to marry any other person, or to be defiled, is punish-

123

## § 286.  Sodomy; punishment

Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than one year.

(Enacted 1872.  Amended by Stats.1921, c. 90, p. 87, § 1;  Stats.1949, 1st Ex.Sess., c. 15, p. 29, § 1;  Stats.1952, 1st Ex.Sess., c. 23, p. 380, § 2.)

### Cross References

Assault with intent to commit sodomy, see § 220.
Conviction as ground for revocation of county teaching certificate, see Education Code § 13217.
Conviction as ground for revocation of teaching credential, see Education Code § 13206.
Felony, defined, see § 17.
Punishment, life imprisonment where minimum term prescribed and no maximum, see § 671.
Registration of sex offenders, see § 290.
Sex offense as including violation of this section, see Education Code § 12912.
Violation as sex offense within Education Code, see Education Code § 12912.

## § 286.1    Sodomy; acting in concert by force or violence;  punishment

The provisions of Section 286 notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim committed sodomy upon a human being, either personally or by aiding and abetting such other person, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from five years to life.

(Added by Stats.1967, c. 1551, p. 3722, § 2.)

### Cross References

Conviction as ground for revocation of county teaching certificate, see Education Code § 13217.
Conviction as ground for revocation of teaching credential, see Education Code § 13206.

## § 287.    Sodomy; sufficiency of penetration

PENETRATION SUFFICIENT TO COMPLETE THE CRIME.  Any sexual penetration, however slight, is sufficient to complete the crime against nature.

(Enacted 1872.)

### Cross References

Rape, sufficiency of penetration, see § 263.

## § 288.    Lewd or lascivious acts upon the body of a child under 14; intent; punishment

Any person who shall wilfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in part one of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or

149

§ 288                CRIMES AGAINST THE PERSON                    Pt. 1

sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life.
(Added by Stats.1901, c. 204, p. 630, § 1.   Amended by Stats.1933, c. 405, p. 1028, § 1;  Stats.1937, c. 545, p. 1562, § 1.)

#### Cross References

Accomplice, defined, see § 1111.
Contributing to delinquency of minors, see § 272.
Conviction as ground for revocation of county teaching certificate, see Education Code § 13217.
Conviction as ground for revocation of teaching credential, see Education Code § 13206.
Degrading practices in presence of children, see § 273g.
Felony, defined, see § 17.
Persons capable of committing crime, see § 26.
Registration of sex offenders, see § 290.
Sentence to imprisonment in state prison, see § 1168.
Sex offense as including violation of this section, see Education Code § 12912.
Sexual psychopaths, see Welfare and Institutions Code § 6300 et seq.
Term of imprisonment, determining, see § 3020.
Violation as sex offense within Education Code, see Education Code § 12912.
Willfully defined, see § 7(1).

## § 288.1    Lewd or lascivious acts;  psychiatric report as prerequisite to suspended sentence

Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his sentence suspended until the court obtains a report from a reputable psychiatrist as to the mental condition of such person.
(Added by Stats.1941, c. 1201, p. 2972, § 1.   Amended by Stats.1965, c. 1815, p. 4189, § 1.)

#### Cross References

Certification for hearing and examination after conviction, see Welfare and Institutions Code § 6302.
Paroles, see § 3040 et seq.

## § 288a.    Perversion;  copulation with the mouth;  punishment

Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding 15 years, or by imprisonment in the county jail not to exceed one year;  provided, however, whenever any person is found guilty of the offense specified herein, and it is charged and admitted or found to be true that he is more than 10 years older than his coparticipant in such an act, which coparticipant is under the age of 14, or that he has compelled the other's participation in such an act by force, violence, duress, menace, or threat of great bodily harm, he shall be punished by imprisonment in the state prison for not less than three years.   The order of commitment shall expressly state whether a person convicted hereunder is more than 10 years older than his coparticipant and whether such coparticipant is under the age of 14.   The order shall also state whether a person con-

150

Title 9                    SEX PERVERSION                    § 290

victed hereunder has compelled coparticipation in his act by force, violence, duress, menace, or threat of great bodily harm.

(Added by Stats.1921, c. 848, p. 1633, § 2. Amended by Stats.1950, 1st Ex.Sess., c. 56, p. 512, § 1;  Stats.1952, 1st Ex.Sess., c. 23, p. 380, § 3;  Stats.1955, c. 274, p. 729, § 1.)

<center>Cross References</center>

Asexualization, see § 645.
Contributing to delinquency of minors, see Welfare and Institutions Code § 702.
Conviction as ground for revocation of county teaching certificate, see Education Code
    § 13217.
Conviction as ground for revocation of teaching credential, see Education Code § 13206.
Felony, defined, see § 17.
Procedure to determine sexual psychopaths, see Welfare and Institutions Code § 6302.
Punishment,
    Minimum life imprisonment but no maximum prescribed, see § 671.
    Minimum punishment, see §§ 18a, 18b.
Registration of sex offenders, see § 290.
Sex offense as including violation of this section, see Education Code § 12912.
Violation as sex offense within Education Code, see Education Code § 12912.

## § 288b.   Perversion; oral copulation; acting in concert by force or violence; punishment

The provisions of Section 288a notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim participated in an act of oral copulation, either personally or by aiding and abetting such other person, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from five years to life.

(Added by Stats.1967, c. 1551, p. 3722, § 3.)

## § 289.   Blank

## § 290.   Registration of sex offenders

**Duty to register; time.**   Any person who, since the first day of July, 1944, has been or is hereafter convicted in the State of California of the offense of assault with intent to commit rape or the infamous crime against nature, under Section 220, or of any offense defined in Sections 266, 267, 268, 285, 286, 288, 288a, subdivision 1 of Section 647a, subdivision 2 or 3 of Section 261, subdivision (a) or (d) of Section 647, or subdivision 1 or 2 of Section 314, or of any offense involving lewd and lascivious conduct under Section 272, or any person who since such date has been or is hereafter convicted of the attempt to commit any of the above-mentioned offenses; or any person who since such date or at any time hereafter is discharged or paroled from a penal institution where he was confined because of the commission or attempt to commit one of the above-mentioned offenses; or any person who since such date or at any time hereafter is determined to be a mentally disordered sex offender under the provisions of Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and In-

<center>151</center>

# Title 9

## OF CRIMES AGAINST THE PERSON AND AGAINST PUBLIC DECENCY AND GOOD MORALS

| Chapter | | Section |
|---|---|---|
| 1. | Rape, Abduction, Carnal Abuse of Children, and Seduction | 261 |
| 2. | Abandonment and Neglect of Children | 270 |
| 3. | Abortions | 274 |
| 4. | Child Stealing | 278 |
| 5. | Bigamy, Incest, and the Crime against Nature | 281 |
| 6. | Violating Sepulture and the Remains of the Dead [Repealed] | 290 |
| 7. | Of Crimes Against Religion and Conscience, and other Offenses Against Good Morals | 299 |
| 7.5 | Obscene Matter | 311 |
| 7.6 | Harmful Matter | 313 |
| 8. | Indecent Exposure, Obscene Exhibitions, Books and Prints, and Bawdy and Other Disorderly Houses | 311 |
| 9. | Lotteries | 319 |
| 10. | Gaming | 330 |
| 10.5 | Horse Racing | 337.1 |
| 11. | Pawnbrokers | 338 |
| 12. | Other Injuries to Persons | 346 |

## Chapter 1

## RAPE, ABDUCTION, CARNAL ABUSE OF CHILDREN, AND SEDUCTION

Sec.
261.   Rape defined.
261.5  Unlawful sexual intercourse with female under age 18.
262.   Rape; defendant under 14; proof of physical ability.
263.   Rape; essentials; sufficiency of penetration.
264.   Rape; unlawful intercourse; recommendation of jury; discretion of court.
264.1  Rape; acting in concert by force or violence; punishment.
265.   Abduction for marriage or defilement; punishment.
266.   Inveiglement or enticement of unmarried female under 18 for purposes of prostitution, etc.; aiding or abetting; procuring female for illicit intercourse by false pretenses; punishment.
266a.  Abduction or procurement by fraudulent inducement for prostitution; punishment.
266b.  Abduction to live in illicit relation; punishment.
266c.  Bringing into state Chinese or Japanese women for sale or slavery; punishment.
266d.  Receiving money for placing female for purposes of cohabitation.
266e.  Purchasing female for purposes of prostitution or placing her for immoral purposes.
266f.  Sale of female for immoral purposes.
266g.  Placing or permitting placement of wife in house of prostitution; punishment.

120

Eli Toney DelRay
Sup. Ct. No. ZM 001979

**Sexually Violent Predator Evaluation**
By Dr. Jatinder K. Singh, Ph.D.
     First and Last page:   2 pages
(Dated 05-06-96)

# ATTACHMENT
# "E"

State of California-Health and Welfare  Agency
ASSESSMENTS/CONFERENCES/EVALUATIONS/REPORTS
MH 5728 (New 2/88)

Department of Mental Health
Patton State Hospital

Title: SEXUALLY VIOLENT PREDATOR EVALUATION

Date: May 6, 1996
=================================================================================

## IDENTIFYING DATA:

| | |
|---|---|
| Inmate name: | Delray, Eli |
| Date of Birth: | 8/10/55 |
| Age: | 40 |
| CDC Number: | D-53484 |
| CDC Facility: | Chuckawalla Valley State Prison |
| CII Number: | A07053516 |
| Release Date: | 5-21-96 |
| Evaluation Date: | 5-6-96 |

**Commitment Offense:** Mr. Eli Delray (AKA Anthony Pringle) is currently serving a 3 year prison term after conviction on PC 314.1, indecent exposure. This charge stems from an incident which occurred on 7/10/93 in Los Angeles County. At the time of his arrest, Mr. Delray was on parole following a 1987 conviction of three counts of PC 288(a), lewd and lascivious behavior with a child under the age of 14. For these convictions he was originally sentenced to 12 years. A four year old female was the victim in these 1987 convictions. In 1974 Mr. Delray was convicted in Ohio on two counts of rape and one count of "gross imposition" (also a sex offense). In this case, there were two female victims ages 6 and 7.

On May 6, 1996 Mr. Delray was informed about this evaluation and that the evaluation would result in this report to the Board of Prison Terms. The Notification was explained to him and he asked several questions about the nature of the evaluation which made it appear that he understood the nature and purpose of the interview and evaluation. He agreed to be interviewed for evaluation as a Sexually Violent Predator and signed the attached Notification Form.

For the purpose of this evaluation, I reviewed the California Department of Corrections (CDC) central file and medical file at Chuckawalla Valley State Prison. In addition, Mr. Delray participated in a 2.5 hour interview. Other DMH staff were present during this interview.

## FINDINGS:

### A. Has the inmate been convicted of a sexually violent offense against two or more victims?  YES

Mr. Delray has most recently been convicted of PC 314.1, indecent exposure. In 1987 he was convicted on 3 counts of PC 288(a), lewd and lascivious behavior with a child under the age of 14. In 1984 he was convicted in Ohio of raping two girls who were also under the age of 14. Following is a description of the crimes from the POR and police reports:

Mr. Delray is currently serving a 3 year sentence for indecent exposure. According to the POR, on 8/10/93 Mr. Delray was observed at an apartment complex standing outside stroking his erect penis and looking into the witnesses' building. Apparently this behavior went on for some time before the police arrived. The witnesses stated that when Mr. Delray noted that he was being observed by the witnesses , he gestured to them to come

=================================================================================
SEXUALLY VIOLENT
PREDATOR
EVALUATION

CONFIDENTIAL PATIENT INFORMATION
SEE W & I CODE SECTION 5328

DELRAY, ELI
CDC # D-53484

1

State of California-Health and Welfare Agency
ASSESSMENTS/CONFERENCES/EVALUATIONS/REPORTS
MH 5728 (New 2/88)

Department of Mental Health
Patton State Hospital

Title: SEXUALLY VIOLENT PREDATOR EVALUATION

Date: May 6, 1996

====================================================================================================

would suggest a change or decline in his risk for reoffense.  It is because of the pervasive nature of his
diagnosed mental disorder that he is predisposed to engage in sexually violent criminal behavior again.


## CONCLUSION:

It is the professional opinion of this evaluation that this inmate does meet all three criteria for commitment under
Welfare and Institutions Code 6600 as a Sexually Violent Predator.

_Jatinder K. Singh, Ph.D_

Respectfully submitted,
Jatinder K. Singh, Ph.D.
PSY 14199

SEXUALLY VIOLENT
PREDATOR
EVALUATION

CONFIDENTIAL PATIENT INFORMATION
SEE W & I CODE SECTION 5328

DELRAY, ELI
CDC # D-51484

Eli Toney DelRay
Sup. Ct. No. ZM 001979

**Sexually Violent Predator Evaluation**
By Dr. Patricia Kirkish, Ph.D.
   First and Last page: 2 pages
(Dated 05-13-96)

# ATTACHMENT
## "F"

State of California-Health and Welfare Agency     Department of Mental Health
**ASSESSMENT/CONFERENCES/EVALUATIONS/REPORTS**     Patton State Hospital
MH 5728 (New 2/88)

Title: SEXUALLY VIOLENT PREDATOR EVALUATION     Date: May 13, 1996

---

### IDENTIFYING DATA:

| | |
|---|---|
| Inmate Name: | Eli Delray |
| Evaluation Date: | May 6, 1996 |
| DOB: | 8/10/58 |
| Age: | 37 |
| CDC Number: | D-53484 |
| CDC Facility: | Chuckawalla Valley State Prison (CVSP) |
| CII No.: | A07053516 |
| Commitment County: | Los Angeles |
| RRD: | 5/21/96 |

Commitment Offense: Mr. Eli Delray, a parole violator, is serving a twelve-year prison sentence, having been convicted of three counts of section 288 (A) of the Penal Code, Lewd and Lascivious acts with a child under the age of fourteen. The crimes occurred between 1984 and 1985. The victim of all three of these counts was the two-year-old female child of the inmate's common-law wife. His parole was violated for Indecent Exposure with Prior 288 PC conviction, PC 314(1), that occurred on 7/10/93.

Additionally, the inmate has a prior conviction in Ohio, Court of Common Plea, County of Cuyahoga for two counts of rape (1199/20907.02) and one count of Sex Offense-Gross Imposition (1199/20907.05). These crimes occurred in 1974; the victims were the female children of the inmate's girlfriend.

The inmate was fully informed about the nature and purpose of the interview and evaluation, he understood this and indicated his willingness to participate in the interview by signing the Notification Form, affirmatively. The inmate was interviewed on 5/6/96 for two hours thirty minutes by Patricia Kirkish, Ph.D. in a contact interview at CVSP; additionally, the Control File (C-File) and Medical Chart were both reviewed and considered.

### FINDINGS:

**A.** **Has the inmate been convicted of a sexually violent offense against two or more victims? YES.**

- In 1974, Mr. Delray was convicted of two counts of rape and one count of a sex offense – gross imposition. One victim was the six-year-old daughter of his girlfriend and the second victim was her seven-year-old friend.

    Victim one reported, in a Cleveland Police Department Supplementary Report, dated 8-14-74, that, "on 8-7-74 Tony, woke her up took off her pants and unzipped his pants and pulled out his wiener [sic] and put it in her money (points to vagina) and that after he moved around white stuff came out and she went into the bathroom and wiped herself with toilet tissue. On 8-12-74 she was again sleeping and he again woke her up and removed her pants this time he put his fingers in her money and moved them around." It was further reported that the grandmother of victim one noticed discharge on her granddaughter's panties on 7/12/74 and on 8/7/74.

    The second victim was a seven-year-old friend of victim one. According to the

_"Virtual" stranger_

---

SEXUALLY VIOLENT PREDATOR     CONFIDENTIAL PATIENT INFORMATION     ELI DELRAY
EVALUATION     D-53484
    SEE W&I CODE SECTION 5328     Chuckawalla Valley
    State Prison (CVSP)

State of California-Health   d Welfare Agency       Department of Mental Health
**ASSESSMENT/CONFERENCES/EVALUATIONS/REPORTS**             Patton State Hospital
MH 5728 (New 2/88)

Title:   SEXUALLY VIOLENT PREDATOR EVALUATION       Date:   May 13, 1996

---

This individual was angry, oppositional and withholding; he demonstrated no remorse or concern for his victims.  He denied any sexual crimes despite his extensive criminal history.  He has received treatment at POC, but it would appear he had gained little about his paraphilia, substance abuse or sexuality.  Therefore, it is the opinion of this evaluator that this inmate is not treated.  There is no evidence to suggest he would be willing or able to control his predatory violent sexual behavior in the future.

CONCLUSION:

Mr. Delray meets all three criteria for commitment under W&IC 6600.

Respectfully submitted,

Patricia Kirkish, Ph.D.
PSY 9667

---

SEXUALLY VIOLENT PREDATOR    CONFIDENTIAL PATIENT INFORMATION    ELI DELRAY
EVALUATION                                     D-53484
                        SEE W&I CODE SECTION 5328     Chuckawalla Valley
                                            State Prison (CVSP)

Eli Toney DelRay
Sup. Ct. No. ZM 001979

Face Page of Class Action Pleading to the
"Supreme Court of The State of California"
             1 page
(Date Unknown)

No. S 057336

     B 103020

Real Party in Interest's
Reply Brief on The Merits

# ATTACHMENT
## "G"

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

———————————

| | |
|---|---|
| GIL GARCETTI, as District Attorney, etc., | ) S 057336 |
| | ) |
| Petitioner, | ) |
| | ) B103020 |
| v. | ) |
| | ) (LASC Nos. ZM001798, |
| THE SUPERIOR COURT FOR THE | )  ZM001801, ZM001814, |
| COUNTY OF LOS ANGELES, | )  ZM001847, ZM001854, |
| | )  ZM001867, ZM001869 |
| Respondent; | )  ZM001884, ZM001886, |
| | )  ZM001904, ZM001920, |
| KENNETH KASTEN RASMUSON et al., | )  ZM001904, ZM001920, |
| | )  ZM001930, ZM001945, |
| Real Parties in Interest. | )  ZM001946, ZM00196) |
| | ) |

———————————

## **REAL PARTY IN INTEREST'S**
## **REPLY BRIEF ON THE MERITS**


MICHAEL P. JUDGE, PUBLIC DEFENDER
OF LOS ANGELES COUNTY, CALIFORNIA

Albert J. Menaster,
Melvin Higashi,
David Yamada,
Nancy Ramseyer,
John J. Vacca,
Jack T. Weedin,
            Deputy Public Defenders

Appellate Branch
320 West Temple Street, Suite 590
Los Angeles, California 90012
Telephone: (213) 974-3067

Attorneys for Real Parties in Interest

Eli Toney DelRay
Sup. Ct. No. ZM 001979

Copies of Handwritten Notes and Requests
'Addressed'

"Legal Agenda to Nancy Ramseyer"

(Assorted Dates)

5 Requests = 7 pages

# ATTACHMENT
# "H"

1. Full Chart from Hospital — MAY 23, 1996 — JAN 98
2. CDC Screening Form for S.V.P petition 98
3. BPT probable Cause determination MAY 21, 1996
4. Full cdc file · 1987 — present
5. Investigative Reports from Michelle Mudgett
6. Hold DR. Anderson's report until I review it for error
7. Get transcript of arraignment June 1996.
8. Check on Property At ASH
9. subpoena records from CDC showing percentage of sexual assaults against staff by category of sex offenders -vs- other offenders. per year.

10. Medical Reports from Brotman Clinic
    Both
11. Medical Reports from Ohio Both Victim
12. Transcripts from Ohio
13. Police Reports from Ohio

   CASE   People v. Superior Court Howard
              70 cal app 4th 136   on hearsay documents

_Fix DELAY_
_10-21-99_

_LEGAL AGENDA TO MONEY RAMIEYER_

✓ 1. My name, _tl_ _phone_ _number_ is _unlisted_ and is privileged information. It is for your eyes only. This privilege is not to be _transferred_, given, _enlarged_, ALTERED, sold, lent in any manner nor to be _leaked_, without the express written permission of _county_, DA, _sheriff_.
   MOM = _Kathy_ _Knight_. 323-871-0013
   _____

2. Make copy of _each_ Envelope & USE Film. _Reduced_ on U.S. 847.

✓ 3. copy of _original_ _G.V_ _complaint_ _filed_ in 1996, for _comparison_ with amended complaint.

✓ 4. Copy of Ohio Revised Code _Sections_ 4707.02 and 2927.05.

5. copy of _____ _____ _____ motion:

6. _motion_ to _disqualify_ DA & prove bad on _____ _____ _____ _____ & _____ _____ WRL code 6600. _____ _____ _____ hearing.

7. Motion for _evidentiary_ _subpoena_ with _the_ _Senate_ on Oh a _Prior_ Argument _____ in _Pegan_ v. Rice 303 Cal. App. 3d 647 and _Mary_ v. California 118 S. Ct. 1244 on basis that this is not and _enhancement_ as a _statute_ or _statutes_, but the _changed_ _offense_ itself (See Petitioner's opposition to motion to dismiss, pg. 8 ^(et seq) and _foreseeable_ requirement) Attention to Jeopardy claims.

_Pg. 1 of 2_

ELI DeKAY
10-24-99

pg 2  AGENDA continued:

8. Refer to disqualification evaluations from 1996 and 1998 (need time to discuss ground for disqualifications with you)

9. Habeas Corpus Writ on Legality of Confinement under Penal Code 3000, and W&I code Section 6250, Denial of Due Process,

Later added

10. Copy of past cer____ information in case # A766917, _____ _____ _____ _____ _____ and of _____ _____ _____, ___ than A766917 is ___ _____ ___ ____

11. Transcript of _____ of _____ Feb 5, and June Feb 3, and last _____ to be _____ _____ with ___

Thank You

Eli DeKay

CC:
client

Original
transcript

ELi DelRAY

LEGAL AGENDA TO NANCY RAMSEYER   4-20-2000

x   1. TRANSCRIPT of ARRAIGNMENT JUNE 18, 1996 IN
       Dept 95

x   2. MEDICAL chart from A.S.H. MAY 23, 1996 — JAN. 21, 19[?]

Lither Workin   3. Complaints Against staff, Police Reports, staff
       Reports to P.R.A. At A.S.H. Pertaining to seperate
       incidents involving Respondent.

x   4. C.D.C. FILE  D-53484

x   5. Rogers WRIT, Plaintiffs Response

x   6. List of all DMH evaluators statewide, the dates
       they were on S.V.P. panel and the date they
       Left and Reason for Leaving, And A statewide
       List of current DMH evaluators still performing
       evaluations.

x   7. Packet on chant and restraint issue At A.S.H,
       that the P.R.A. has.

    8. Good copies of the interdisciplinary Patient/Family
       health Education Record, from A.S.H. chart.

prepartn 9. What happened to my copies of certificate for Anger
       management + Project Change.

Legal Agenda To NANCY RAMSEYER 5-14-2002

do myself x 1. Obtain copy of C.C.R Title 15 section 2600.1 date
filed 12-26-95. Register 95, No. 52, Emergency operative 1-1-9
Obtain from Secretary of State, by mail; Phone and
fax, or try Web site; http://www.ss.ca.gov, and
download pertinent section, best if can obtain
full history.

x 2. TRANSCRIPT of ARRAIGNMENT June 18, 1996 IN
Dept. 95

property 3. Find out what happened to copy of Chrono and certifical
that was in A.S.H. file. See A.S.H. note dated 6-15-98

x 4. Medical chart from A.S.H. MAY 23, 1996— JAN 21, 1998

5. C.D.C Central File D-53484

x 6. List of all DMH evaluators statewide, the dates
they were on S.V.P. panel. List for Past & Present.

x 7. Actual writ for Gerald Rogers.

x 8. Complaints and investigative Reports from P.R.A. at
A.S.H. Michele Mudgett — on Restraint issues.

Latham & 9. Filed Police reports and complaints on staff with
Watkins H.P.O. Hospital Peace Officers.

Eli Delray                                    May 28, 2000

Dear Nancy, Ramseyer,

    In order to have the exhibits that I may need
for my writ on denial of motions and the Probable
Cause hearing. I respectfully request you to send
me these documents. Some of them are documents
I've been asking you for, for awhile, so if they
seem familiar, that's why.
    I will need these items in hand before I leave
for the hospital, or at the least, as many as possible
    Timeliness is most important to the filing of my
writ for review. People v. Butler, 68 Cal App 4th 421
and In Re Packer; 60 Cal App 4th 1153, Fn 8, pg 1160.

1. Court Calendar of my appearances — 1996 to present.

2. Transcript of June 18th ?? 1996 Arraignment, Dept 95?

3. Transcript of Jan. 18, 2000 Augmented record on Prior

4. Transcript of Jan. 19, 2000 motion on Spanish + Due Process.

5. Transcript of May 23, + 25, 2000 closing Arguments, motion

6. C.D.C. C-File, D-53484; Chronological History.

7. A.S.H. Chart; May 23, 1996 to Jan 21, 1998.

8. D.M.H. Evaluator List, showing Dr's Kirkish and Singh

9. Writ and D.A. Response Retaining too Gerald Rogers, by Pamela
    King, that we previously talked about

cont pg 2

ELi DELRAY                                    MAY 28, 2000

TO: NANCY RAMSEYER                            Pj 2

10. Full History of C.C.R. Title 15 §2600.1, Filed 12-26-95,
    Register 95, No. 52, operative 1-1-96, And Later
    Amendments.

11. D.M.H. Screening Protocol Form, used in April, 1996.

12. C.D.C. Initial Screening Form, used by C.D.C. Staff, (Counselo-
    to screen me As Sexually Violent Predator.

13. Full copy of C.D.C. File, D-53484. You told me it
    was Already in the Process of being copied by
    the paralegal. With that I may be Able to Locate
    the other C.D.C. Things I've Asked for.

      Its very important that I have as much of this
    paper work as possible before going to the hospital,
    because, once I'm there, it will be (10) TEN times
    harder for me to obtain this stuff.
      PS. Please get me A copy of the order from
    Judge Shabo that I dont be housed on Program 7.

      Thank you for your time and consideration in this
    matter. Oh, if you have a generic copy of a writ
    pertaining to denial of a motion and for Probable Cause,
    could you also include a copy, for me to use as A
    template?
                  Thank You!
                              Sincerly
                                Eli Delray

ORIG: Nancy
CC: My File

Eli Toney DelRay
Sup. Ct. No. ZM 001979

Senate Bill 1143, Sexually Violent Predators Act
    Stats. 1995, ch. 762, s3, as passed
    [6 pages]

# ATTACHMENT "I"

## Ch. 762

# CRIMINAL PROCEDURE—POST–SENTENCE CONFINEMENT AND EVALUATION OF SEXUAL PREDATORS

## CHAPTER 762

### S.B. No. 1143

AN ACT to amend Section 6250 of, and to add Article 4 (commencing with Section 6600) to Chapter 2 of Part 2 of Division 6 of, the Welfare and Institutions Code, relating to sexual predators.

[Approved by Governor October 10, 1995.]

[Filed with Secretary of State October 11, 1995.]

### LEGISLATIVE COUNSEL'S DIGEST

SB 1143, Mountjoy.  Sexually violent predators.

Existing law sets forth specified punishments for sex crimes, including, among others, rape, sodomy, oral copulation, penetration with a foreign object, and lewd and lascivious conduct.

This bill would provide that whenever the Director of Corrections determines that an individual who is in custody under the jurisdiction of the Department of Corrections, and who is either serving a determinate sentence or whose parole has been revoked, may be a sexually violent predator, he or she shall, at least 6 months prior to that individual's scheduled date for release from prison, refer the person for evaluation and, under specified circumstances, request that a petition for commitment be filed, and the proceedings be handled, by either the district attorney or the county counsel of the county in which the person was convicted of the offense for which he or she is under the jurisdiction of the Department of Corrections.  The bill would require the Department of Corrections and the Board of Prison Terms to screen the person based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history before referring the person to the State Department of Mental Health for a full evaluation.

This bill would set forth procedures and standards for the review of the petition for commitment and would provide that a person who is the subject of the petition is entitled to a trial by jury, the assistance of counsel, the right to retain experts or professional persons to perform an examination on his or her behalf, and access to all relevant medical and psychological records and reports.

This bill would require a court or jury to determine whether, beyond a reasonable doubt, the person is a sexually violent predator.  If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court would be required to direct that the person be released at the conclusion of the term for which he or she was initially sentenced, or that the person be unconditionally released at the end of parole.  If the court or jury determines that the person is a sexually violent predator, the person would be committed for 2 years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health that is located on the grounds of an institution under the jurisdiction of the Department of Corrections until his or her diagnosed mental disorder has so changed that he or she is not likely to commit an act of sexual violence.

This bill would require annual evaluations of those individuals committed as sexually violent predators.

The bill also would set forth procedures and standards for requesting and hearing petitions for conditional and unconditional release.

*The people of the State of California do enact as follows:*

SECTION 1.  The Legislature finds and declares that a small but extremely dangerous group of sexually violent predators that have diagnosable mental disorders can be identified

4604        Additions or changes indicated by underline; deletions by asterisks * * *

ES OF 1995

ENT

while they are incarcerated. These persons are not safe to be at large and if released represent a danger to the health and safety of others in that they are likely to engage in acts of sexual violence. The Legislature further finds and declares that it is in the interest of society to identify these individuals prior to the expiration of their terms of imprisonment. It is the intent of the Legislature that once identified, these individuals, if found to be likely to commit acts of sexually violent criminal behavior beyond a reasonable doubt, be confined and treated until such time that it can be determined that they no longer present a threat to society.

:00) to Chapter
ual predators.

The Legislature further finds and declares that while these individuals have been duly punished for their criminal acts, they are, if adjudicated sexually violent predators, a continuing threat to society. The continuing danger posed by these individuals and the continuing basis for their judicial commitment is a currently diagnosed mental disorder which predisposes them to engage in sexually violent criminal behavior. It is the intent of the Legislature that these individuals be committed and treated for their disorders only as long as the disorders persist and not for any punitive purposes.

g others, rape,
vious conduct.

SEC. 2.  Section 6250 of the Welfare and Institutions Code is amended to read:

nines that an
tions, and who
y be a sexually
:duled date for
circumstances,
t, by either the
onvicted of the
rections.  The
rms to screen
:datory offense
e referring the

6250.  As used in this part, "persons subject to judicial commitment" means persons who may be judicially committed under this part as mentally disordered sex offenders pursuant to Article 1 (commencing with Section 6300), sexually violent predators pursuant to Article 4 (commencing with Section 6600), or mentally retarded persons pursuant to Article 2 (commencing with Section 6500) of Chapter 2 of this part.

Nothing in this part shall be held to change or interfere with the provisions of the Penal Code and other laws relating to mentally disordered persons charged with crime or to the criminally insane.

ne petition for
is entitled to a
onal persons to
t medical and

This part shall be liberally construed so that, as far as possible and consistent with the rights of persons subject to commitment, such persons shall be treated, not as criminals, but as sick persons.

SEC. 3.  Article 4 (commencing with Section 6600) is added to Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, to read:

asonable doubt,
sfied beyond a
l be required to
he or she was
f parole.  If the
erson would be
tal Health for
the Director of
isdiction of the
changed that he

## Article 4.  Sexually Violent Predators

6600.  As used in this article, the following terms have the following meanings:

(a) "Sexually violent predator" means a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

sexually violent

Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but shall not be the sole basis for the determination.  Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

earing petitions

(b) "Sexually violent offense" means the following acts when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, and that are committed on, before, or after the effective date of this article and result in a conviction and a determinate sentence: a felony violation of paragraph (2) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262, Section 264.1, subdivision (a) or (b) of Section 288, or subdivision (a) of Section 289 of the Penal Code, or sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code.

mely dangerous
:an be identified

(c) "Diagnosed mental disorder" includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others.

1995-

## Ch. 762, § 3

(d) "Danger to the health and safety of others" does not require proof of a recent overt act while the offender is in custody.

(e) "Predatory" means an act is directed toward a stranger or individual with whom a relationship has been established or promoted for the primary purpose of victimization.

(f) "Recent overt act" means any criminal act that manifests a likelihood that the actor may engage in sexually violent predatory criminal behavior.

6601. (a) Whenever the Director of Corrections determines that an individual who is in custody under the jurisdiction of the Department of Corrections, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the director shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation in accordance with this section.

(b) The person shall be screened by the Department of Corrections and the Board of Prison Terms based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history. This screening shall be conducted in accordance with a structured screening instrument developed and updated by the State Department of Mental Health in consultation with the Department of Corrections. If as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections shall refer the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Section 6600.

(c) The State Department of Mental Health shall evaluate the person in accordance with a standardized assessment protocol, developed and updated by the State Department of Mental Health, to determine whether the person is a sexually violent predator as defined in this article. The standardized assessment protocol shall require assessment of diagnosable mental disorders, as well as various factors known to be associated with the risk of reoffense among sex offenders. Risk factors to be considered shall include criminal and psychosexual history, type, degree, and duration of sexual deviance, and severity of mental disorder.

(d) Pursuant to subdivision (c), the person shall be evaluated by two practicing psychiatrists or psychologists, or one practicing psychiatrist and one practicing psychologist, designated by the Director of Mental Health. If both evaluators concur that the person has a diagnosed mental disorder such that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director of Mental Health shall forward a request for a petition for commitment under Section 6602 to the county designated in subdivision (i). Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment.

(e) If one of the professionals performing the evaluation pursuant to subdivision (d) does not concur that the person meets the criteria specified in subdivision (d), but the other professional concludes that the person meets those criteria, the Director of Mental Health shall arrange for further examination of the person by two independent professionals selected in accordance with subdivision (g).

(f) If an examination by independent professionals pursuant to subdivision (e) is conducted, a petition to request commitment under this article shall only be filed if both independent professionals who evaluate the person pursuant to subdivision (e) concur that the person meets the criteria for commitment specified in subdivision (d). The professionals selected to evaluate the person pursuant to subdivision (g) shall inform the person that the purpose of their examination is not treatment but to determine if the person meets certain criteria to be involuntarily committed pursuant to this article. It is not required that the person appreciate or understand that information.

(g) Any independent professional who is designated by the Director of Corrections or the Director of Mental Health for purposes of this section shall not be a state government employee, shall have at least five years of experience in the diagnosis and treatment of mental disorders, and shall include psychiatrists and licensed psychologists who have a doctoral degree in psychology. The requirements set forth in this section also shall apply to any professionals appointed by the court to evaluate the person for purposes of any other proceedings under this article.

Additions or changes indicated by underline; deletions by asterisks * * *

(h)
viole
reque
subdi
made
file a

(i)
comm
convi
Corre
distri
desig
proce

(j)
articl

660
there
in sex
the p
judge
judge
to det
health
upon

660
of cou
his o
repor
or he
profes
behalf

(b)
demai

(c)
the tr

(d)
660
a sexu
that t
releas
person
or ju
comm
appro
Menta
unless
a new
pursu
towar
the co
the tv
institu

660
of the
menta
indige

(h) If the State Department of Mental Health determines that the person is a sexually violent predator as defined in this article, the Director of Mental Health shall forward a request for a petition to be filed for commitment under this article to the county designated in subdivision (i).  Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment.

(i) If the county's designated counsel concurs with the recommendation, a petition for commitment shall be filed in the superior court of the county in which the person was convicted of the offense for which he or she is under the jurisdiction of the Department of Corrections.  The petition shall be filed, and the proceedings shall be handled, by either the district attorney or the county counsel of that county.  The county board of supervisors shall designate either the district attorney or the county counsel to assume responsibility for proceedings under this article.

(j) The time limits set forth in this section shall not apply during the first year that this article is operative.

6602.  A judge of the superior court shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release.  The person named in the petition shall be entitled to assistance of counsel at the probable cause hearing.  If the judge determines there is not probable cause, he or she shall dismiss the petition.  If the judge determines that there is probable cause, the judge shall order that a trial be conducted to determine whether the person is, by reason of diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections.

6603.  (a) A person subject to this article shall be entitled to a trial by jury, the assistance of counsel, the right to retain experts or professional persons to perform an examination on his or her behalf, and have access to all relevant medical and psychological records and reports.  In the case of a person who is indigent, the court shall appoint counsel to assist him or her, and, upon the person's request, assist the person in obtaining an expert or professional person to perform an examination or participate in the trial on the person's behalf.

(b) The attorney petitioning for commitment under this article shall have the right to demand that the trial be before a jury.

(c) If no demand is made by the person subject to this article or the petitioning attorney, the trial shall be before the court without jury.

(d) A unanimous verdict shall be required in any jury trial.

6604.  The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator.  If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court shall direct that the person be released at the conclusion of the term for which he or she was initially sentenced, or that the person be unconditionally released at the end of parole, whichever is applicable.  If the court or jury determines that the person is a sexually violent predator, the person shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health, and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a new petition for commitment under this article or unless the term of commitment changes pursuant to subdivision (e) of Section 6605.  Time spent on conditional release shall not count toward the two-year term of commitment, unless the person is placed in a locked facility by the conditional release program, in which case the time in a locked facility shall count toward the two-year term of commitment.  The facility shall be located on the grounds of an institution under the jurisdiction of the Department of Corrections.

6605.  (a) A person found to be a sexually violent predator and committed to the custody of the State Department of Mental Health shall have a current examination of his or her mental condition made at least once every year.  The person may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to

examine him or her, and the expert or professional person shall have access to all records concerning the person.

(b) The director shall provide the committed person with an annual written notice of his or her right to petition the court for conditional release under Section 6608. The notice shall contain a waiver of rights. The director shall forward the notice and waiver form to the court with the annual report. If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged. The committed person shall have the right to be present and to have an attorney represent him or her at the show cause hearing.

(c) If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the court shall set a hearing on the issue.

(d) At the hearing, the committed person shall have the right to be present and shall be entitled to the benefit of all constitutional protections that were afforded to him or her at the initial commitment proceeding. The attorney designated by the county pursuant to subdivision (i) of Section 6601 shall represent the state and shall have the right to demand a jury trial and to have the committed person evaluated by experts chosen by the state. The committed person also shall have the right to demand a jury trial and to have experts evaluate him or her on his or her behalf. The court shall appoint an expert if the person is indigent and requests an appointment. The burden of proof at the hearing shall be on the state to prove beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged.

(e) If the court or jury rules against the committed person at the hearing conducted pursuant to subdivision (d), the term of commitment of the person shall run for a period of two years from the date of this ruling. If the court or jury rules for the committed person, he or she shall be unconditionally released and unconditionally discharged.

(f) In the event that the State Department of Mental Health has reason to believe that a person committed to it as a sexually violent predator is no longer a sexually violent predator, it shall seek judicial review of the person's commitment pursuant to the procedures set forth in Section 7250 in the superior court from which the commitment was made. If the superior court determines that the person is no longer a sexually violent predator, he or she shall be unconditionally released and unconditionally discharged.

6606. (a) A person who is committed under this article shall be provided with programming by the State Department of Mental Health which shall afford the person with treatment for his or her diagnosed mental disorder.

(b) Amenability to treatment is not required for a finding that any person is a person described in Section 6600, nor is it required for treatment of that person. Treatment does not mean that the treatment be successful or potentially successful, nor does it mean that the person must recognize his or her problem and willingly participate in the treatment program.

(c) The programming provided by the State Department of Mental Health in facilities shall be consistent with current institutional standards for the treatment of sex offenders, and shall be based on a structured treatment protocol developed by the State Department of Mental Health. The protocol shall describe the number and types of treatment components that are provided in the program, and shall specify how assessment data will be used to determine the course of treatment for each individual offender. The protocol shall also specify measures that will be used to assess treatment progress and changes with respect to the individual's risk of reoffense.

6607. (a) If the Director of Mental Health determines that the person's diagnosed mental disorder has so changed that the person is not likely to commit acts of predatory sexual violence while under supervision and treatment in the community, the director shall forward a report and recommendation for conditional release in accordance with Section 6608 to the

cess to all records

ten notice of his or
.  The notice shall
r form to the court
.er right to petition
.ring to determine
ion has so changed
f discharged.  The
.y represent him or

se exists to believe
.t he or she is not a
in sexually violent
issue.

.esent and shall be
.o him or her at the
ursuant to subdivi-
. to demand a jury
.y the state.  The
.d to have experts
ert if the person is
ing shall be on the
diagnosed mental
ty of others and is

hearing conducted
run for a period of
committed person,
d.

.n to believe that a
ly violent predator,
rocedures set forth
de.  If the superior
, he or she shall be

ded with program-
son with treatment

person is a person
1.  Treatment does
es it mean that the
treatment program.

lth in facilities shall
offenders, and shall
artment of Mental
omponents that are
ed to determine the
o specify measures
. to the individual's

s diagnosed mental
f predatory sexual
tor shall forward a
ection 6608 to the

* * *

county attorney designated in subdivision (i) of Section 6601, the attorney of record for the person, and the committing court.

(b) When a report and recommendation for conditional release is filed by the Director of Mental Health pursuant to subdivision (a), the court shall set a hearing in accordance with the procedures set forth in Section 6608.

6608.  (a) Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release and subsequent unconditional discharge without the recommendation or concurrence of the Director of Mental Health.  If a person has previously filed a petition for conditional release without the concurrence of the director and the court determined, either upon review of the petition or following a hearing, that the petition was frivolous or that the committed person's condition had not so changed that he or she would not be a danger to others in that it is not likely that he or she will engage in sexually violent criminal behavior if placed under supervision and treatment in the community, then the court shall deny the subsequent petition unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted.  Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing.  The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to assistance of counsel.

(b) The court shall give notice of the hearing date to the attorney designated in subdivision (i) of Section 6601, the retained or appointed attorney for the committed person, and the Director of Mental Health at least 15 court days before the hearing date.

(c) No hearing upon the petition shall be held until the person who is committed has been under commitment for confinement and care in a facility designated by the Director of Mental Health for not less than one year from the date of the order of commitment.

(d) The court shall hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community.  If the court at the hearing determines that the committed person would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community, the court shall order the committed person placed with an appropriate forensic conditional release program operated by the state for one year.  A substantial portion of the state-operated forensic conditional release program shall include outpatient supervision and treatment.  The court shall retain jurisdiction of the person throughout the course of the program.  At the end of one year, the court shall hold a hearing to determine if the person should be unconditionally released from commitment on the basis that, by reason of a diagnosed mental disorder, he or she is not a danger to the health and safety of others in that it is not likely that he or she will engage in sexually violent criminal behavior.  The court shall not make this determination until the person has completed at least one year in the state-operated forensic conditional release program.  The court shall notify the Director of Mental Health of the hearing date.

(e) Before placing a committed person in a state-operated forensic conditional release program, the community program director designated by the State Department of Mental Health shall submit a written recommendation to the court stating which forensic conditional release program is most appropriate for supervising and treating the committed person.  If the court does not accept the community program director's recommendation, the court shall specify the reason or reasons for its order on the record.  The procedures described in Sections 1605 to 1610, inclusive, of the Penal Code shall apply to the person placed in the forensic conditional release program.

(f) If the court determines that the person should be transferred to a state-operated forensic conditional release program, the community program director, or his or her designee, shall make the necessary placement arrangements and, within 21 days after receiving notice of the court's finding, the person shall be placed in the community in accordance with the treatment and supervision plan unless good cause for not doing so is presented to the court.

Eli Toney DelRay
Sup. Ct. No. ZM 001979

Assembly Bill 888,   Sexually Violent Predators Act
    Stats. 1995, ch. 763,s3, as passed
    [6 pages]

# ATTACHMENT
# "J"

(g) If the court rules against the committed person at the trial for unconditional release from commitment, the court may place the committed person on outpatient status in accordance with the procedures described in Title 15 (commencing with Section 1600) of Part 2 of the Penal Code.

(h) If the court denies the petition to place the person in an appropriate forensic conditional release program or if the petition for unconditional discharge is denied, the person may not file a new application until one year has elapsed from the date of the denial.

(i) In any hearing authorized by this section, the petitioner shall have the burden of proof by a preponderance of the evidence.

(j) If the petition for conditional release is not made by the director of the treatment facility to which the person is committed, no action on the petition shall be taken by the court without first obtaining the written recommendation of the director of the treatment facility.

(k) Time spent in a conditional release program pursuant to this section shall not count toward the term of commitment under this article unless the person is confined in a locked facility by the conditional release program, in which case the time spent in a locked facility shall count toward the term of commitment.

---

## SEXUALLY VIOLENT PREDATORS

### CHAPTER 763

### A.B. No. 888

AN ACT to amend Section 6250 of, and to add Article 4 (commencing with Section 6600) to Chapter 2 of Part 2 of Division 6 of, the Welfare and Institutions Code, relating to sexual predators.

[Approved by Governor October 10, 1995.]

[Filed with Secretary of State October 11, 1995.]

### LEGISLATIVE COUNSEL'S DIGEST

AB 888, Rogan.   Sexually violent predators.

Existing law sets forth specified punishments for sex crimes, including, among others, rape, sodomy, oral copulation, penetration with a foreign object, and lewd and lascivious conduct.

This bill would provide that whenever the Director of Corrections determines that an individual who is in custody under the jurisdiction of the Department of Corrections, and who is either serving a determinate sentence or whose parole has been revoked, may be a sexually violent predator, he or she shall, at least 6 months prior to that individual's scheduled date for release from prison, refer the person for evaluation and, under specified circumstances, request that a petition for commitment be filed, and the proceedings be handled, by either the district attorney or the county counsel of the county in which the person was convicted of the offense for which he or she is under the jurisdiction of the Department of Corrections.   The bill would require the Department of Corrections and the Board of Prison Terms to screen the person based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history before referring the person to the State Department of Mental Health for a full evaluation.

This bill would set forth procedures and standards for the review of the petition for commitment and would provide that a person who is the subject of the petition is entitled to a trial by jury, the assistance of counsel, the right to retain experts or professional persons to perform an examination on his or her behalf, and access to all relevant medical and psychological records and reports.

This bill would require a court or jury to determine whether, beyond a reasonable doubt, the person is a sexually violent predator.   If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court would be required to direct that the person be released at the conclusion of the term for which he or she was

**Ch. 763, § 3**

initially sentenced, or that the person be unconditionally released at the end of parole.  If the court or jury determines that the person is a sexually violent predator, the person would be committed for 2 years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health that is located on the grounds of an institution under the jurisdiction of the Department of Corrections until his or her diagnosed mental disorder has so changed that he or she is not likely to commit an act of sexual violence.

This bill would require annual evaluations of those individuals committed as sexually violent predators.

The bill also would set forth procedures and standards for requesting and hearing petitions for conditional and unconditional release.

*The people of the State of California do enact as follows:*

SECTION 1.  The Legislature finds and declares that a small but extremely dangerous group of sexually violent predators that have diagnosable mental disorders can be identified while they are incarcerated.  These persons are not safe to be at large and if released represent a danger to the health and safety of others in that they are likely to engage in acts of sexual violence.  The Legislature further finds and declares that it is in the interest of society to identify these individuals prior to the expiration of their terms of imprisonment.  It is the intent of the Legislature that once identified, these individuals, if found to be likely to commit acts of sexually violent criminal behavior beyond a reasonable doubt, be confined and treated until such time that it can be determined that they no longer present a threat to society.

The Legislature further finds and declares that while these individuals have been duly punished for their criminal acts, they are, if adjudicated sexually violent predators, a continuing threat to society.  The continuing danger posed by these individuals and the continuing basis for their judicial commitment is a currently diagnosed mental disorder which predisposes them to engage in sexually violent criminal behavior.  It is the intent of the Legislature that these individuals be confined and treated for their disorders only as long as the disorders persist and not for any punitive purposes.

SEC. 2.  Section 6250 of the Welfare and Institutions Code is amended to read:

6250.  As used in this part, "persons subject to judicial commitment" means persons who may be judicially committed under this part as mentally disordered sex offenders pursuant to Article 1 (commencing with Section 6300), sexually violent predators pursuant to Article 4 (commencing with Section 6600), or mentally retarded persons pursuant to Article 2 (commencing with Section 6500) of Chapter 2 of this part.

Nothing in this part shall be held to change or interfere with the provisions of the Penal Code and other laws relating to mentally disordered persons charged with crime or to the criminally insane.

This part shall be liberally construed so that, as far as possible and consistent with the rights of persons subject to commitment, those persons shall be treated, not as criminals, but as sick persons.

SEC. 3.  Article 4 (commencing with Section 6600) is added to Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, to read:

### Article 4.  Sexually Violent Predators

6600.  As used in this article, the following terms have the following meanings:

(a) "Sexually violent predator" means a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but shall not be the sole basis for the determination.  Jurors shall be admonished that they

may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

(b) "Sexually violent offense" means the following acts when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, and that are committed on, before, or after the effective date of this article and result in a conviction and a determinate sentence: a felony violation of paragraph (2) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262, Section 264.1, subdivision (a) or (b) of Section 288, or subdivision (a) of Section 289 of the Penal Code, or sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code.

(c) "Diagnosed mental disorder" includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others.

(d) "Danger to the health and safety of others" does not require proof of a recent overt act while the offender is in custody.

(e) "Predatory" means an act is directed toward a stranger or individual with whom a relationship has been established or promoted for the primary purpose of victimization.

(f) "Recent overt act" means any criminal act that manifests a likelihood that the actor may engage in sexually violent predatory criminal behavior.

6601. (a) Whenever the Director of Corrections determines that an individual who is in custody under the jurisdiction of the Department of Corrections, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the director shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation in accordance with this section.

(b) The person shall be screened by the Department of Corrections and the Board of Prison Terms based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history. This screening shall be conducted in accordance with a structured screening instrument developed and updated by the State Department of Mental Health in consultation with the Department of Corrections. If as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections shall refer the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Section 6600.

(c) The State Department of Mental Health shall evaluate the person in accordance with a standardized assessment protocol, developed and updated by the State Department of Mental Health, to determine whether the person is a sexually violent predator as defined in this article. The standardized assessment protocol shall require assessment of diagnosable mental disorders, as well as various factors known to be associated with the risk of reoffense among sex offenders. Risk factors to be considered shall include criminal and psychosexual history, type, degree, and duration of sexual deviance, and severity of mental disorder.

(d) Pursuant to subdivision (c), the person shall be evaluated by two practicing psychiatrists or psychologists, or one practicing psychiatrist and one practicing psychologist, designated by the Director of Mental Health. If both evaluators concur that the person has a diagnosed mental disorder such that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director of Mental Health shall forward a request for a petition for commitment under Section 6602 to the county designated in subdivision (i). Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment.

(e) If one of the professionals performing the evaluation pursuant to subdivision (d) does not concur that the person meets the criteria specified in subdivision (d), but the other professional concludes that the person meets those criteria, the Director of Mental Health shall arrange for further examination of the person by two independent professionals selected in accordance with subdivision (g).

STATUTES OF 1995 1995–1996 REGULAR SESSION Ch. 763, § 3

fenses absent relevant
erson a danger to the
age in sexually violent

tted by force, violence,
the victim or another
f this article and result
raph (2) of subdivision
n 264.1, subdivision (a)
de, or sodomy or oral

condition affecting the
ommission of criminal
a and safety of others.
of of a recent overt act

dividual with whom a
pose of victimization.
ood that the actor may

n individual who is in
who is either serving a
be a sexually violent
u's scheduled date for
a this section.

ns and the Board of
lly violent predatory
ational history. This
instrument developed
with the Department
person is likely to be
ie person to the State
a meets the criteria in

in accordance with a
Department of Mental
or as defined in this
ment of diagnosable
a the risk of reoffense
nal and psychosexual
of mental disorder.

o practicing psychia-
g psychologist, desig-
hat the person has a
ts of sexual violence
ealth shall forward a
ounty designated in
g documents shall be
bdivision (i) who may

subdivision (d) does
n (d), but the other
or of Mental Health
professionals selected

(f) If an examination by independent professionals pursuant to subdivision (e) is conducted, a petition to request commitment under this article shall only be filed if both independent professionals who evaluate the person pursuant to subdivision (e) concur that the person meets the criteria for commitment specified in subdivision (d). The professionals selected to evaluate the person pursuant to subdivision (g) shall inform the person that the purpose of their examination is not treatment but to determine if the person meets certain criteria to be involuntarily committed pursuant to this article. It is not required that the person appreciate or understand that information.

(g) Any independent professional who is designated by the Director of Corrections or the Director of Mental Health for purposes of this section shall not be a state government employee, shall have at least five years of experience in the diagnosis and treatment of mental disorders, and shall include psychiatrists and licensed psychologists who have a doctoral degree in psychology. The requirements set forth in this section also shall apply to any professionals appointed by the court to evaluate the person for purposes of any other proceedings under this article.

(h) If the State Department of Mental Health determines that the person is a sexually violent predator as defined in this article, the Director of Mental Health shall forward a request for a petition to be filed for commitment under this article to the county designated in subdivision (i). Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment.

(i) If the county's designated counsel concurs with the recommendation, a petition for commitment shall be filed in the superior court of the county in which the person was convicted of the offense for which he or she is under the jurisdiction of the Department of Corrections. The petition shall be filed, and the proceedings shall be handled, by either the district attorney or the county counsel of that county. The county board of supervisors shall designate either the district attorney or the county counsel to assume responsibility for proceedings under this article.

(j) The time limits set forth in this section shall not apply during the first year that this article is operative.

6602. A judge of the superior court shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release. The person named in the petition shall be entitled to assistance of counsel at the probable cause hearing. If the judge determines there is not probable cause, he or she shall dismiss the petition. If the judge determines that there is probable cause, the judge shall order that a trial be conducted to determine whether the person is, by reason of diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections.

6603. (a) A person subject to this article shall be entitled to a trial by jury, the assistance of counsel, the right to retain experts or professional persons to perform an examination on his or her behalf, and have access to all relevant medical and psychological records and reports. In the case of a person who is indigent, the court shall appoint counsel to assist him or her, and, upon the person's request, assist the person in obtaining an expert or professional person to perform an examination or participate in the trial on the person's behalf.

(b) The attorney petitioning for commitment under this article shall have the right to demand that the trial be before a jury.

(c) If no demand is made by the person subject to this article or the petitioning attorney, the trial shall be before the court without jury.

(d) A unanimous verdict shall be required in any jury trial.

6604. The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court shall direct that the person be released at the conclusion of the term for which he or she was initially sentenced, or that the person be unconditionally released at the end of parole, whichever is applicable. If the court

s • • •

or jury determines that the person is a sexually violent predator, the person shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health, and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a new petition for commitment under this article or unless the term of commitment changes pursuant to subdivision (e) of Section 6605. Time spent on conditional release shall not count toward the two-year term of commitment, unless the person is placed in a locked facility by the conditional release program, in which case the time in a locked facility shall count toward the two-year term of commitment. The facility shall be located on the grounds of an institution under the jurisdiction of the Department of Corrections.

6605. (a) A person found to be a sexually violent predator and committed to the custody of the State Department of Mental Health shall have a current examination of his or her mental condition at least once every year. The person may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person.

(b) The director shall provide the committed person with an annual written notice of his or her right to petition the court for conditional release under Section 6608. The notice shall contain a waiver of rights. The director shall forward the notice and waiver form to the court with the annual report. If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged. The committed person shall have the right to be present and to have an attorney represent him or her at the show cause hearing.

(c) If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the court shall set a hearing on the issue.

(d) At the hearing, the committed person shall have the right to be present and shall be entitled to the benefit of all constitutional protections that were afforded to him or her at the initial commitment proceeding. The attorney designated by the county pursuant to subdivision (i) of Section 6601 shall represent the state and shall have the right to demand a jury trial and to have the committed person evaluated by experts chosen by the state. The committed person also shall have the right to demand a jury trial and to have experts evaluate him or her on his or her behalf. The court shall appoint an expert if the person is indigent and requests an appointment. The burden of proof at the hearing shall be on the state to prove beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged.

(e) If the court or jury rules against the committed person at the hearing conducted pursuant to subdivision (d), the term of commitment of the person shall run for a period of two years from the date of this ruling. If the court or jury rules for the committed person, he or she shall be unconditionally released and unconditionally discharged.

(f) In the event that the State Department of Mental Health has reason to believe that a person committed to it as a sexually violent predator is no longer a sexually violent predator, it shall seek judicial review of the person's commitment pursuant to the procedures set forth in Section 7250 in the superior court from which the commitment was made. If the superior court determines that the person is no longer a sexually violent predator, he or she shall be unconditionally released and unconditionally discharged.

6606. (a) A person who is committed under this article shall be provided with programming by the State Department of Mental Health which shall afford the person with treatment for his or her diagnosed mental disorder.

(b) Amenability to treatment is not required for a finding that any person is a person described in Section 6600, nor is it required for treatment of that person. Treatment does

not mean
person mu

(c) The
be consist
be based
Health. T
provided i
course of
that will b
risk of rec

6607. (
disorder h
violence wl
report and
county atto
person, an

(b) Whe
Mental He
procedures

6608. (a
sexually vi
uncondition
Health. I
concurrenc
following a
had not so
he or she
treatment
contains fa
changed th
committed
possible to
shall deny
uncondition

(b) The c
(i) of Secti
Director of

(c) No ho
under comm
Health for

(d) The c
danger to t
sexually vic
supervision
committed
disorder wl
committed
by the stat
release pro
jurisdiction
court shall
commitmen
danger to t
sexually vic
person has
program.

the person shall be
f Mental Health for
l by the Director of
nger than two years
cident to the filing of
commitment changes
elease shall not count
n a locked facility by
ty shall count toward
t the grounds of an

nitted to the custody
ination of his or her
in, or if he or she is
rofessional person to
access to all records

ritten notice of his or
98. The notice shall
ver form to the court
her right to petition
earing to determine
lition has so changed
s if discharged. The
ney represent him or

use exists to believe
nat he or she is not a
e in sexually violent
ne issue.

present and shall be
to him or her at the
pursuant to subdivi-
it to demand a jury
by the state. The
ind to have experts
pert if the person is
ring shall be on the
's diagnosed mental
ety of others and is

hearing conducted
run for a period of
e committed person,
ed.

ion to believe that a
illy violent predator,
procedures set forth
ide. If the superior
r, he or she shall be

ided with program-
rson with treatment

person is a person
n. Treatment does
• • •

not mean that the treatment be successful or potentially successful, nor does it mean that the person must recognize his or her problem and willingly participate in the treatment program.

(c) The programming provided by the State Department of Mental Health in facilities shall be consistent with current institutional standards for the treatment of sex offenders, and shall be based on a structured treatment protocol developed by the State Department of Mental Health. The protocol shall describe the number and types of treatment components that are provided in the program, and shall specify how assessment data will be used to determine the course of treatment for each individual offender. The protocol shall also specify measures that will be used to assess treatment progress and changes with respect to the individual's risk of reoffense.

6607. (a) If the Director of Mental Health determines that the person's diagnosed mental disorder has so changed that the person is not likely to commit acts of predatory sexual violence while under supervision and treatment in the community, the director shall forward a report and recommendation for conditional release in accordance with Section 6608 to the county attorney designated in subdivision (i) of Section 6601, the attorney of record for the person, and the committing court.

(b) When a report and recommendation for conditional release is filed by the Director of Mental Health pursuant to subdivision (a), the court shall set a hearing in accordance with the procedures set forth in Section 6608.

6608. (a) Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release and subsequent unconditional discharge without the recommendation or concurrence of the Director of Mental Health. If a person has previously filed a petition for conditional release without the concurrence of the director and the court determined, either upon review of the petition or following a hearing, that the petition was frivolous or that the committed person's condition had not so changed that he or she would not be a danger to others in that it is not likely that he or she will engage in sexually violent criminal behavior if placed under supervision and treatment in the community, then the court shall deny the subsequent petition unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted. Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing. The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to assistance of counsel.

(b) The court shall give notice of the hearing date to the attorney designated in subdivision (i) of Section 6601, the retained or appointed attorney for the committed person, and the Director of Mental Health at least 15 court days before the hearing date.

(c) No hearing upon the petition shall be held until the person is committed for confinement and care in a facility designated by the Director of Mental Health for not less than one year from the date of the order of commitment.

(d) The court shall hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community. If the court at the hearing determines that the committed person would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community, the court shall order the committed person placed with an appropriate forensic conditional release program operated by the state for one year. A substantial portion of the state-operated forensic conditional release program shall include outpatient supervision and treatment. The court shall retain jurisdiction of the person throughout the course of the program. At the end of one year, the court shall hold a hearing to determine if the person should be unconditionally released from commitment on the basis that, by reason of a diagnosed mental disorder, he or she is not a danger to the health and safety of others in that it is not likely that he or she will engage in sexually violent criminal behavior. The court shall not make this determination until the person has completed at least one year in the state-operated forensic conditional release program. The court shall notify the Director of Mental Health of the hearing date.

Eli Toney DelRay
Sup. Ct. No. ZM 001979

15 CCR § 2600.1
    Register 95, No. 52;
    12-29-95, OAL File No. 95-1214-02
    [4 pages]

# ATTACHMENT
## "K"

*Teor 95, No. 52*

**Regulatory Action:** Changes affect title 14, section 1038.

**Filed:** 12/28/95, **Effective:** 12/28/95, **OAL File No.:** 95–1113–03

**Agency Contact:** Gary Brittner  (916) 653–9418

---

*Forestry and Fire Protection, Department of*

**Modification of requirements for public hearings regarding timber harvesting plans**

**Summary:** The California Department of Forestry and Fire Protection has revised regulations addressing the rules for public hearings on Timber Harvesting Plans (THPs) held in counties with special local rules.

The amendments add Nonindustrial Timber Management Plans (NTMP) as plans on which the counties can request a public hearing. The deadline for requesting a public hearing is extended until one calendar day after the preharvest inspection. The request, which must be for a specific plan that has been accepted for filing by the Department, shall be made in writing, by phone or by facsimile. The earliest date for which a hearing can be scheduled has been changed to five days from the date of the request, rather than seven days, as previously specified.

Regulations requiring public notice of any proposed hearing previously stated that notice shall be given within two days of the date on which the timber harvesting plan is filed. As amended, public notice must be given at least five days before the hearing is held. The listing of persons that must be provided with notice has been changed to the county, the review team members and those required to be notified of the plan pursuant to 14 CCR 1032.7(e). The amendments require a notice to be published in a local newspaper, whereas previous regulations only required notice to be sent to a local newspaper.

The amendments remove language requiring the hearing to be scheduled after the preharvest inspection. The amendments state that the purpose of the hearing is to gather information from the public regarding the proposed timber operation, and that the hearing shall be an integral part of the multidisciplinary review of the plan.

A Department representative shall conduct the hearing; the presence of the review team chairman at the hearing shall no longer be required. Also, the Department shall no longer be required to provide a separate set of official responses to issues raised during the hearing; rather, the issues will be addressed in the Department's official response to issues raised during the review of the plan or NTMP. Regulatory language specifying a time limitation for oral comments and the time period for acceptance of written comments has been repealed.

**Regulatory Action:** Changes affect title 14, sections 1115, 1115.1, 1115.2, 1115.3 and 1115.4.

**Filed:** 12/28/95, **Effective:** 12/28/95, **OAL File No.:** 95–1213–09

**Agency Contact:** Gary Brittner  (916) 653–9418

*Conservation, Department of*

**Nonsubstantive amendments to regulations governing recycling centers**

**Summary:** The Department of Conservation has made non-substantive amendments to regulations governing recycling programs. All references to "processing fees" have been changed to refer to "processing payments." Other amendments clarify the relationship of the supermarket or dealer to the recycling center for purposes of fulfilling the reporting requirements.

The amendments also provide the latest revision date for the Handling Fee Application Form. Applicable handling fees (when those fees are not based upon container count) have been reduced from $2300 to $2000. The information to be contained within an appeal from handling fees no longer has to include the corresponding convenience zone number.

The amendments also correct existing and provide new references to statutory law.

**Regulatory Action:** Change without regulatory effect. Changes affect title 14, sections 2000, 2040, 2090, 2110, 2425, 2430, 2505, 2517, 2518, 2519, 2530, 2540, 2545, 2950, 2960, 2965, 2980 and 2985.

**Filed:** 12/28/95, **Effective:** 1/1/96, **OAL File No.:** 95–1201–01

**Agency Contact:** Betty Fernandez  (916) 322–1899

---

# Title 15

*Prison Terms, Board of*

**New regulation addresses the provision of probable cause hearings to determine sexually violent predator status**

**Summary:** The Board of Prison Terms has adopted a new regulation on an emergency basis concerning the placement of a hold upon an inmate or parolee in revoked status in order to conduct a probable cause hearing to determine whether that person shall be designated as a sexually violent predator.

Statutory law provides that a person may be committed to the Department of Mental Health if he or she has been sentenced for sexually violent offenses against two or more victims, and has been diagnosed with a mental disorder that predisposes that person toward the commission of criminal sexual acts. Persons designated by the Director of Corrections as sexually violent predators within the meaning of the statute are subject to psychiatric screening by the Board of Prison Terms and the Department of Corrections.

The new regulation states that, upon notification that there is some evidence to believe that an inmate or parolee in revoked status is a sexually violent predator within the meaning of the statute, the Board may order the imposition of a temporary hold on that person for up to three working days pending a probable cause hearing. If it is necessary to retain counsel or an interpreter, the temporary hold period may be extended.

If, upon the conduct of a hearing, the Board finds probable cause that an inmate or parolee in revoked status is a