UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI TONEY DERAY,<br><br>          Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>     Respondent, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.
CV-10-1845 VBF (RNB)

## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

STEVE COOLEY
District Attorney of
Los Angeles County

TRACEY W. LOPEZ
State Bar No. 174102

PATRICK D. MORAN
State Bar No. 066907

Deputy District Attorneys

Appellate Division
320 West Temple Street, Suite 540
Los Angeles, California  90012
Telephone: (213) 974-5911

Attorneys for Respondent

# TOPICAL INDEX

<u>PAGES</u>

MOTION TO DISMISS HABEAS CORPUS PETITION                        1

MEMORANDUM OF POINTS AND AUTHORITIES                          3

INTRODUCTION                                                   3

STATEMENT OF THE CASE                                          4

SUMMARY OF FEDERAL HABEAS CORPUS CLAIMS                       13

ARGUMENT                                                      14

    I    THIS COURT CAN SUMMARILY DISMISS
        THE HABEAS CORPUS PETITION                          14

    II    THE DISTRICT COURT LACKS PERSONAL
        JURISDICTION BECAUSE PETITIONER FAILED
        TO ALLEGE A NAMED RESPONDENT                        15

    III    ABSTENTION IS APPROPRIATE BECAUSE THERE
        IS A PENDING STATE COURT PROCEEDING                 17

    IV    THIS HABEAS PETITION IS NOT YET RIPE FOR
        REVIEW AND AVAILABLE STATE REMEDIES
        HAVE NOT YET BEEN EXHAUSTED                        22

CONCLUSION                                                    25

i

# TABLE OF AUTHORITIES

<u>CASES</u>                                                          <u>PAGES</u>

*Allen v. Oregon*
     153 F.3d 1046 (9th Cir. 1998)                              16

*Braden v. 30th Judicial Circuit Court of Kentucky*
     410 U.S. 484 (1973)                                        24

*Brittingham v. United States*
     982 F.2d 378 (9th Cir. 1992)                               16

*Carden v. Montana*
     626 F.2d 82 (9th Cir. 1980)                            18, 24

*Clemons v. Kramer*
     2008 WL 3833416 *2-5 (C.D. Cal. 2008)                  19, 24

*Cooley v. Superior Court (Marentez)*
     29 Cal.4th 228 (2002)                                       5

*Dannenberg v. Nakahara*
     1998 WL 661467 *1-2 (N.D. Cal. 1998)                       19

*Duncan v. Henry*
     513 U.S. 364 (1995)                                        23

*Engle v. Isaac*
     456 U.S. 107 (1982)                                        25

*Garcetti v. Superior Court (Pierre)*
     76 Cal.App.4th 685 (1999)                                   9

*Garcetti v. Superior Court (Lyles)*
     68 Cal.App.4th 1105 (1998)                                 10

*Garcetti v. Superior Court (Rasmussen)*
     49 Cal.App.4th 1533 (1996), review dism. (Feb. 16, 2000)   7-8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Gingrich v. Oberhauser*
     305 F.Supp. 738 (C.D. Cal. 1969)     21

*Hubbart v. Superior Court*
     19 Cal.4th 1138 (1999)     19, 20, 22

*Huffman v. Pursue, Ltd.*
     420 U.S. 592 (1975)     18

*Jones v. McClain*
     2008 WL 538672 *3-6 (C.D. Cal. 2008)     20

*Juidice v. Vail*
     430 U.S. 327 (1977)     19

*Kansas v. Crane*
     534 U.S. 407 (2002)     22

*Kansas v. Hendricks*
     521 U.S. 346 (1997)     22

*Lindh v. Murphy*
     521 U.S. 320 (1997)     14

*Maleng v. Cook*
     490 U.S. 488 (1982)     15, 24

*McNeely v. Blanas*
     336 F.3d 822 (9th Cir. 2003)     24

*Middlesex County Ethics Comm. v. Garden State Bar Assn.*
     457 U.S. 423 (1982)     20

*Moore v. DeYoung*
     515 F.2d 437 (3d Cir. 1975)     24

*Moore v. Sims*
     442 U.S. 415 (1979)     18

*Mouzon v. McLain*
     2007 WL 4219432 * 1-2     19-20

*O'Bremski v. Maass*

915 F.2d 418 (9th Cir. 1990)                                14

*O'Shell v. Mayberg*

2009 WL 3061982 *2-4 (S.D. Cal. 2009)                       19

*People v. Butler*

68 Cal.App.4th 421 (1998)                                    8

*People v. Castillo*

49 Cal.4th 145 (2010)                                    11-12

*People v. Hubbart*

88 Cal.App.4th 1202 (2001)                                  11

*People v. Superior Court (Whitley)*

68 Cal.App.4th 1383 (1999)                                  10

*Picard v. Connor*

404 U.S. 270 (1971)                                         23

*Preiser v. Rodriguez*

411 U.S. 475 (1973)                                         15

*Rhines v. Weber*

544 U.S. 269 (2005)                                         23

*Rhoden v. Mayberg*

2008 WL 52220202 *2-4 (E.D. Cal. 2008)                   22-23

*Rose v. Lundy*

455 U.S. 509 (1982)                                         23

*Rouse v. Lee*

339 F.3d 238 (4th Cir. 2003)                                14

*Rumsfield v. Padilla*

542 U.S. 426 (2004)                                         15

*Stanley v. California Supreme Court*

21 F.3d 359 (9th Cir. 1994)                              15-16

*Thomas v. Anchorage Equal Rights Comm'n*

220 F. 3d 1134 (9th Cir. 2000)                                    23

*Thomas v. Union Carbide Agricultural Products Co.*

473 U.S. 568 (1985)                                             23

*United States ex rel. Goodman v. Kehl*

456 F.2d 863 (2d Cir. 1972)                                     24

*United States v. Comstock*

__ U.S. __ ; [130 S.Ct. 1949] (2010)                          18-19

*White v. Lewis*

874 F.2d 599 (9th Cir. 1989)                                    14

*Williamson v. Gregoire*

151 F.3d 1180 (9th Cir. 1998)                                   15

*Woodard v. Plummer*

2002 WL 3833416 *1 (N.D. Cal. 2002)                            19

*Younger v. Harris*

401 U.S. 37 (1971)                                         1, 3, 17-22

CODES AND STATUTES

**California Evidence Code**

Section 402                                                     11

**California Government Code**

Section 26605                                                   16

**California Penal Code**

Section 288, subd. (a)                                          4

Section 314, subd. (1)                                          4

Section 4000                                                    16

**California Welfare and Institutions Code**

Sections 6600 et. seq.                                            3

**California Rules of Court**

Rule 8.1115                                                      7

**United States Code**

28 U.S.C. § 2241, subd. (c)(3)                                  24

28 U.S.C. Section 2254                                         14, 24

28 U.S.C.A. foll. Section 2254, Rule 4.                         14

**United States Constitution**

First Amend.                                                    13

Fourth Amend.                                                   13

Fifth Amend.                                                    13

Sixth Amend.                                                    13

Eighth Amend.                                                   13

Fourteenth Amend.                                              13

STEVE COOLEY
District Attorney of Los Angeles County
PATRICK D. MORAN, State Bar No. 066907
TRACEY W. LOPEZ, State Bar No. 174102
320 West Temple St., Suite 540
Los Angeles, California  90012-3213
Telephone:  (213) 974-5911
Fax:  (213) 217-5104
Email:  tlopez@da.lacounty.gov

Attorneys for Respondent

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELI TONEY DELRAY,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>        Respondent. | Case Number:<br>CV-10-1845 VBF (RNB)<br><br>MOTION TO DISMISS<br>HABEAS CORPUS PETITION;<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES;<br>EXHIBITS<br><br>United States Magistrate Judge<br>Honorable Robert N. Block |

TO THE HONORABLE COURT AND TO PETITIONER:

The District Attorney for the County of Los Angeles hereby makes this motion to dismiss the Petition for Writ of Habeas Corpus (hereafter "Petition") brought by Petitioner Eli Toney DelRay (hereafter "DelRay" or "Petitioner"), for failure to state a proper respondent, failure to exhaust available state remedies, lack of ripeness and based on the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971).

This Motion is based on the Petition and its Exhibits, the attached Memorandum of Points and Authorities, the attached Appendix and any arguments

1

1   which may be adduced at a hearing on the Motion, should one be scheduled.

2

3           WHEREFORE, Respondent prays that the Petition be dismissed.

4

5   Dated:  June 28, 2010                    Respectfully submitted,
6                                            STEVE COOLEY,
                                             District Attorney of Los Angeles County
7

8                                            PATRICK D. MORAN
9

10

11                                           TRACEY W. LOPEZ
                                             Deputy District Attorneys
12                                           Appellate Division

                                             Attorneys for Respondent
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

Petitioner Eli Toney DelRay (hereafter "Petitioner" or "DelRay") is currently detained pending a trial to determine whether, beyond a reasonable doubt, he qualifies for involuntary civil commitment as a sexually violent predator (hereafter "SVP") within the meaning of California Welfare and Institutions Code (hereafter "W&I Code") sections 6600 et seq., which is also known as the Sexually Violent Predator Act. If the allegations of the SVP petition are found true at trial, DelRay would be committed to a state hospital for treatment. Pending a jury trial, pursuant to his own request, DelRay is currently being housed at the Coalinga State Hospital rather than the Los Angeles County Jail. DelRay has never previously been adjudged to be an SVP; instead, the underlying civil commitment case has been continuously pending since it was filed in 1996. Trial upon this case has been delayed either upon the stipulation of the parties or upon request of Petitioner, who has at all times been represented by counsel in the superior court.

DelRay seeks release and dismissal of the SVP petition. Respondent urges this Court to abstain from addressing the Petition pursuant to *Younger v. Harris*, 401 U.S. 37 (hereafter "*Younger*"), and to dismiss the Petition for failure to state a

1  proper respondent, lack of ripeness and failure to exhaust available state remedies.[1]

2  ## STATEMENT OF THE CASE

3
4  On or about April 8, 1975, Petitioner was convicted in the State of Ohio
5  in Case No. CR-15641 of felony crimes of Gross Sexual Imposition and Rape
6  [hereafter "the Ohio convictions"] for which he received a prison sentence. Petition,
7  Ex. 1-3.[2]
8
9  On January 29, 1987, Petitioner was convicted in the County of Los
10  Angeles in Case No. A766947, of three felony counts of Lewd Acts With a Child, in
11  violation of California Penal Code section 288, subdivision (a).  Petition, Ex. 4.
12
13  During that proceeding, a prior conviction allegation was found not true by the court.
14  *Ibid.*, see also Petition, Attach. A [explaining that the "not true" finding was based
15  upon a variance between the prior conviction allegations in the criminal information
16
17  and the conforming proof regarding the elements of the Ohio convictions].

18  On November 19, 1993, Petitioner was convicted in the County of Los
19  Angeles in Case No. BA080477, of one felony count of Indecent Exposure, in
20
21  violation of California Penal Code section 314, subdivision (1), and was sentenced to
22  a determinate term of three years in state prison.  Petition, Ex. 6.  As Petitioner's
23
24  anticipated parole date approached, a screening process commenced to determine

25  ---
[1] Pursuant to this Court's scheduling order, defenses which relate to the merits of
26  Petitioner's claims, such as failure to state a federal claim and procedural defaults,
   would be raised in an answer, to be filed only if this Motion is denied.
27  [2] Citations to "Exhibits" or "Attachments" [which include both numbers and letters
28  of the alphabet] refer to exhibits to the Petition; for clarity, the District Attorney

whether he should be referred for civil commitment as an SVP.

On January 29, 1996, a Department of Corrections Correctional Counselor completed an SVP screening form, and a Classification and Parole Representative co-signed the form on February 8, 1996. Petition, Ex. 8.

On April 15, 1996, Petitioner's case was referred by the Board of Prison Terms and the Department of Corrections to the Department of Mental Health for further SVP evaluation. Petition, Ex. 9.   On April 23, 1996, an additional review took place. Petition, Ex. 10.

On May 6, 1996, Petitioner consented in writing to be interviewed by two psychiatrists for evaluation as a potential SVP. Petition, Ex. 11. On May 17, 1996 and May 20, 1996, the psychiatrists each opined in one-page Clinical Evaluation Summary forms that DelRay fit the SVP criteria, in that he had committed sexually violent predatory offenses against two or more victims, had a diagnosable mental disorder and was likely to engage in sexually violent criminal behavior as a result. Petition, Ex. 12.

On May 21, 1996, [which was the date Petitioner would otherwise have been eligible for release upon parole] the Board of Prison Terms instead conducted an administrative hearing to determine whether there existed "probable cause"[3] that

(..continued)
refers to attachments to this Motion to Dismiss as "Appendices."

[3] An SVP is also entitled to an entirely separate judicial "probable cause" proceeding conducted in superior court *after* an SVP petition is filed and counsel is appointed, during which witness testimony is presented under oath subject to cross-examination. *Cooley v. Superior Court (Marentez)* 29 Cal.4th 228 (2002)

DelRay was an SVP in order to justify a 45-day hold on his scheduled parole release date. Petition, Ex. 13. The additional forty-five days enabled the psychiatrists' reports to be submitted to the Director of the Department of Mental Health, for him to evaluate the case, and to forward it on to the Los Angeles County District Attorney to determine whether an SVP civil commitment petition should be filed. During the Board of Prison Terms hearing, DelRay was represented by legal counsel, who argued that (1) DelRay was coerced into being interviewed by the psychiatrists; (2) the psychiatrists' one page summaries were insufficient basis to hold DelRay; (3) DelRay did not meet the criteria because the Ohio convictions were for an indeterminate prison term. *Ibid.* These objections were all overruled. *Ibid.* As a result, the Deputy Commissioner authorized a 45-day hold effective 12:01 a.m. on May 22, 1996, to expire on July 5, 1996. *Ibid.*

On May 29, 1996, the Director of the Department of Mental Health referred DelRay's case to the Los Angeles County District Attorney to determine whether an SVP civil commitment petition should be filed. Petition, Ex. 16.

On June 14, 1996, Los Angeles County Deputy District Attorney Richard Vagnozzi (hereafter "DDA Vagnozzi") requested a removal order to secure DelRay's presence in Los Angeles County Superior Court from Atascadero State Hospital where Petitioner was housed at that time. Petition, Ex. 18. Since the construction of Coalinga State Hospital, all SVPs are currently housed at Coalinga

(..continued)

[describing the scope of the judicial probable cause hearing and comparing it to a

Hospital rather than Atascadero Hospital; pretrial SVP detainees may also be housed at the Coalinga Hospital upon their request.

On June 18, 1996, on behalf of the Los Angeles County District Attorney, DDA Vagnozzi filed an SVP petition for civil commitment, which was assigned Los Angeles Superior Court SVP Case No. ZM001979. Petition, Ex. 19. On June 27, 1996, Petitioner was arraigned upon the SVP petition. Petition, Ex. 21-22. Petitioner requested to be housed at the hospital pending the SVP trial, which was granted. Petition, Ex. 21. DDA Vagnozzi appeared at the arraignment, but the transcript reflects that he did not address the court. Petition, Ex. 22. At all times during the SVP trial court proceedings, Petitioner was represented by the Los Angeles County Public Defender's Office. During the arraignment, DelRay's attorney referred to the "first fifteen"[4] SVP cases which had been filed by Los Angeles County, and Petitioner's desire to achieve a "similar result" of a dismissal in his case. Petition, Ex. 22.

At his arraignment, Petitioner waived time to await the result of the

(..continued)
preliminary hearing in a felony criminal case].
[4] DelRay's case was commenced shortly after the first fifteen SVP litigants secured dismissals, which were reversed in *Garcetti v. Superior Court (Rasmussen)*, previously published at 49 Cal.App.4th 1533 (Oct. 10, 1996), review granted by the California Supreme Court and review dismissed Feb. 16, 2000. California unpublished and previously published cases may not be cited for their legal authority. Cal.Rules of Court, Rule 8.1115. However, this citation is provided only to clarify the discussion at arraignment and the fact that that DelRay was *not* a litigant in *Garcetti v. Superior Court (Rasmussen)*, which was *not* a class action proceeding, and which did *not* prevent the trial court from trying this SVP case at any time. Petition, Attach. G.

7

constitutional challenge to the SVP law made by the petitioners in *Garcetti v. Superior Court (Rasmussen)*.   Petition, Ex. 22 [requesting a new court date of September 3, 1996].   The District Attorney affirmatively alleges that at all times during the pendency of this SVP proceeding, continuances were granted either upon the stipulation of the parties or upon Petitioner's request, and also that he has intentionally sought to delay his SVP trial in order to pursue habeas corpus relief.  See, e.g., Petition, p. 3, paragraph 9, subd. D ["Petitioner received a continuance to pursue his Writ in the Court of Appeals . . . ."].

On June 18, 1999, Petitioner filed a motion to dismiss the SVP proceeding.  Appendix 1.  In the motion, Petitioner argued that his Ohio convictions did not qualify under the SVP statutes as originally drafted, because they were from out of state, and because they resulted in an indeterminate sentence rather than a determinate sentence. *Ibid.*  The motion also argued that the Ohio convictions had been previously found "not true" in California, so that principles of res judicata and collateral estoppel barred use of the Ohio convictions in this SVP proceeding. *Ibid.*

On June 28, 1999, the District Attorney filed a written opposition to DelRay's motion to dismiss the SVP proceeding.   Appendix 2.   The opposition argued that under *People v. Butler* (1998) 68 Cal.App.4th 421, 440, the 1996 amendments to the SVP statute applied retroactively to this case and that the Ohio convictions could be used as predicate offenses in this SVP proceeding. *Ibid.*

On August 9, 1999, Deputy District Attorney Rebecca Marie Madrid

filed an amended petition for civil commitment as an SVP, which superseded the original petition filed by DDA Vagnozzi. Petition, Ex. 36.

On November 19, 1999, Petitioner filed a Supplemental Motion to Dismiss Due to Lack of Qualifying Sexually Violent Offense. Appendix 3. In the Supplemental Motion, Petitioner argued that the Ohio convictions could not be used as predicate offenses because the 1996 amendments to the SVP statutes could not be applied retroactively, and also because the legal elements of the Ohio crimes did not correspond to the list of qualifying sexually violent crimes. *Ibid.*

On December 16, 1999, the supplemental motion was heard and denied by the superior court. Appendix 4. During the hearing, DelRay's counsel acknowledged that a new published decision had been issued by the California Court of Appeal about two weeks before the hearing. *Id.* at pp. 2-3 [referring to *Garcetti v. Superior Court (Pierre)* (1999) 76 Cal.App.4th 685, 693-694 (holding that the 1996 amendment to the SVP statute permitting predicate offenses with either determinate or indeterminate sentences could be applied to an SVP petition which was filed *before* the amendment was enacted, because neither the judicial probable cause hearing nor SVP trial had yet been conducted)]. The superior court denied the motion based on the *Pierre* decision. Appendix 4; Appendix 11.

On January 18, 2000, the superior court denied a motion to reconsider the motion to dismiss the SVP proceeding. Appendix 12.

On February 22, 2000 and March 1, 2000, the judicial probable cause

9

hearing was commenced in superior court and evidence was presented from mental health experts. Appendix 13.

On April 28, 2000, Petitioner filed a third motion to dismiss the SVP proceeding, on grounds that he was eligible for parole at the time the SVP petition was filed. Appendix 5. In particular, the motion argued that the Board of Prison Terms failed to follow proper procedures in authorizing the forty-five day hold, so that he was unlawfully detained. *Ibid.* [acknowledging adverse authority in *Garcetti v. Superior Court (Lyles)* (1998) 68 Cal.App.4th 1105 and *People v. Superior Court (Whitley)* (1999) 68 Cal.App.4th 1383].

On May 10, 2000, the District Attorney filed a written opposition to the motion to dismiss. Appendix 6 [arguing that the Board of Prison Terms was authorized to place the 45-day hold upon DelRay, and that the District Attorney properly filed the SVP petition].

On May 23, 2000, the superior court denied the motion to dismiss based upon the decision in *Garcetti v. Superior Court (Lyles)* (1998) 68 Cal.App.4th 1105. Appendix 14.

On May 25, 2000, the superior court again stated that the motion to dismiss was denied, and determined that there was probable cause to believe that DelRay was an SVP. Appendix 15. Petitioner is currently being detained pending his SVP trial by the County of Los Angeles pursuant to this probable cause order.

On January 16, 2006, DelRay was transferred from Atascadero State

10

1    Hospital to Coalinga State Hospital.  Appendix 16.

2           On July 27, 2006, DelRay filed a written time waiver for his trial from

3    July 18, 2006 through July 18, 2007.  Appendix 17.

4

5           On October 11, 2006, the District Attorney, the Public Defender and the

6    Superior Court entered into a joint stipulation that if determined to be an SVP,

7    DelRay would face a two-year[5] commitment rather than the indeterminate

8

9    commitment provided for by Proposition 83, commonly known as Jessica's Law

10   (Nov. 7, 1996 ballot).  *People v. Castillo,* 49 Cal.4th 145 (2010).

11          On April 16, 2008, the SVP proceeding was transferred to Department

12

13   100 [the master calendar court] and subsequently to Department 116 for all purposes,

14   including jury trial.  Appendix 18.

15          On May 6, 2008, Petitioner filed a motion to dismiss this proceeding,

16

17   captioned as an *in limine* motion pursuant to California Evidence Code § 402.

18   Appendix 7.   In the motion, Petitioner argued that this proceeding should be

19   dismissed because (1) the 1996 amendments to the SVP statutes [which explicitly

20

21   permitted use of out of state priors with indeterminate sentences] should not apply to

22   this case; (2) the elements of the Ohio statutes do not correspond to California law;

23   and (3) under principles of res judicata and collateral estoppel, the Ohio convictions

24

25   were previously found to be "not true."  *Ibid.*

26   _____

27   [5] The SVP commitment of two years runs from the date of the commitment order.
     *People v. Hubbart*, 88 Cal.App.4th 1202, 1222-23 (2001).   DelRay is not
28   entitled to credit for pretrial detention because this is not a criminal case.

On May 6, 2008, Petitioner filed a motion to dismiss this proceeding on grounds that he was eligible for parole at the time the petition was filed, arguing that DelRay's custody was unlawful.  Appendix 8.

On May 6, 2008, the District Attorney filed written oppositions to each of these motions to dismiss, upon each of the grounds.  Appendix 9, Appendix 10.

On May 6, May 29 and June 17, 2008, counsel and the court discussed issues relating to the SVP trial.  Appendix 19.

On June 10, 2008, Petitioner filed a petition for writ of habeas corpus in the Los Angeles Superior Court which was denied on June 19, 2008 by the honorable Norm Shapiro, judge presiding.  Appendix 20.

On August 4, 2008, Petitioner desired to further pursue his habeas corpus remedy; thereupon the matter was transferred from Department 116 [trial department] back to Department 95 [pretrial department].  Appendix 21.[6]

On November 7, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on December 19, 2008.  Appendix 22.

On April 28, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on September 30, 2009.  Appendix 23.

---

[6] The minute order reflects that DelRay was advised that he might face an indeterminate commitment; however, this was before the stipulation for a two-year commitment was upheld in *People v. Castillo,* 49 Cal.4th 145 (2010).

On March 15, 2010, the instant Petition for Writ of Habeas Corpus was filed in this Court.

## **SUMMARY OF FEDERAL HABEAS CORPUS CLAIMS**

In Claim One,  Petitioner alleges that he was denied his constitutional rights under the First, Fifth, Sixth and Fourteenth Amendments by the Department of Corrections and the Department of Mental Health during his SVP screening.

In Claim Two,  Petitioner alleges that he was denied his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments because the Board of Prison Terms unlawfully seized and detained him past his parole date.

In Claim Three, Petitioner alleges that he was denied his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments because the Department of Mental Health unlawfully seized and detained him past his parole date without a valid court order.

In Claim Four, Petitioner alleges that he was denied his constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments because DDA Vagnozzi "intentionally misled the court" and caused him to be illegally restrained by filing the SVP petition and requesting a removal order to secure his presence in court.

In Claim Five, Petitioner alleges that he was denied his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments because the superior court lacked jurisdiction to arraign Petitioner upon the SVP

13

1  petition or to hold a probable cause hearing.

2  **ARGUMENT**

3  I

4

5  **THIS COURT CAN SUMMARILY DISMISS THE**

6  **HABEAS CORPUS PETITION**

7

8  Because the habeas corpus petition in this case was filed on March 15,

9  2010, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996

10  (hereafter "AEDPA"), which was signed into law on April 24, 1996.  *Lindh v.*

11  *Murphy*, 521 U.S. 320, 326-327 (1997).  Summary dismissal is proper when "it

12

13  plainly appears from the petition and any attached exhibits that the petitioner is not

14  entitled to relief in the district court."  28 U.S.C.A. foll. Section 2254, Rule 4.

15

16  The Advisory Committee Note to Rule 4 discusses grounds upon which

17  a motion to dismiss can be granted: "'For example, the judge may want to

18  authorize ... a motion to dismiss based upon information ... that petitioner has failed

19  to exhaust state remedies; that the petitioner is not in custody within the meaning of

20

21  28 U.S.C. Section 2254; or that a decision in the matter is pending in a state court.'"

22  *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989), quoting the Advisory Committee

23  Note, *superseded by statute* on another ground.    Thus, this Court can summarily

24

25  dismiss a habeas corpus petition.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.

26  1990) (reviewing a motion to dismiss for non-exhaustion); *Rouse v. Lee*, 339 F.3d

27

28  238, 241 (4th Cir. 2003) (upholding a district court's dismissal of a habeas corpus

14

1    petition filed one day after the AEDPA statute of limitations had expired).

2        As set forth more fully herein, dismissal is appropriate in this case

3    because a decision regarding DelRay's commitment (custody status) is currently

4

5    pending in a state court and has not yet been finally adjudicated.

6                                         **II**

7

8    **THE DISTRICT COURT LACKS PERSONAL**

9    **JURISDICTION BECAUSE PETITIONER FAILED**

10   **TO ALLEGE A NAMED RESPONDENT**

11

12       In order to obtain habeas relief, Petitioner must demonstrate that he is

13   "in custody" as a jurisdictional requirement.   *Maleng v. Cook*, 490 U.S. 488, 490

14   (1982) (per curiam); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).

15

16   In other words, the essence of habeas corpus is an attack by a person in custody

17   against the legality of that custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

18   The question of "custody" implicates two issues:   the identity of the respondent

19   custodian, and whether there exist circumstances sufficient to create custody.

20

21       "A petitioner for habeas corpus relief must name the state officer having

22   custody of him or her as the respondent to the petition."  *Stanley v. California*

23   *Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (dismissing a case for lack of

24   personal jurisdiction based upon the failure to name a custodian as a respondent).

25   The proper respondent to a habeas corpus petition is generally the person who has

26   custody over the petitioner.  *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004).

27

28

1    Here, the Petition is subject to dismissal for lack of personal jurisdiction

2    because it specifies only an unnamed "Warden" as Respondent.    *Stanley v.*

3    
4    *California Supreme Court*, 21 F.3d at 360.   DelRay is currently remanded to the legal

5    custody of Leroy D. Baca, the elected Sheriff of Los Angeles County, pursuant to an

6    order of the Los Angeles Superior Court in a pending SVP case, No. ZM00197.

7    
8    Appendix 15 [probable cause order].   In Los Angeles County, the Sheriff has legal

9    authority over the county jail and acts as the legal custodian of all prisoners and

10   detainees such as DelRay.   Cal. Penal Code § 4000; Cal. Gov. Code § 26605.

11   
12   Pending his SVP trial, Del Ray requested to be physically housed at Coalinga State

13   Hospital where he can receive treatment during times when he is not in court. Petition,

14   Ex. 21.   The Superior Court granted DelRay's request, and accordingly, Sheriff Baca

15   
16   delegated DelRay's daily care to the Coalinga State Hospital.   However, DelRay

17   remains detained by the County of Los Angeles, and his legal custodian is the Sheriff,

18   *not* entities such as the Department of Mental Health, Department of Corrections or

19   
20   the Board of Prison Terms which had custody of DelRay before his parole expired.[7]

21   *Allen v. Oregon*, 153 F.3d 1046 (9th Cir. 1998)(explaining that a petitioner was not in

22   state custody because his sentence had expired, and therefore the federal custodian

23   
24   was an indispensable party); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.

25   1992) (explaining that a federal habeas petitioner's custodian is the person that can

26   

27   _____
     [7] DelRay's parole expired by operation of law before he first sought habeas corpus
28   relief from the superior court in 2008.  (Petition, Ex. 34 [parole expired three years
     from June 29, 1998].)

1  actually produce the body of the petitioner).

2       Although the Los Angeles County Sheriff has sufficient custody of

3
   DelRay to be a respondent and the District Attorney is filing this motion to dismiss
4
5  the Petition, the District Attorney is not counsel for the Los Angeles County Sheriff

6  and does not address any claims regarding conditions of confinement or DelRay's

7
   treatment while detained. [8]  The District Attorney's failure to address any such claims
8
9  does not waive any issue properly addressed by another respondent.   The District

10 Attorney appears on behalf of the government to address claims that the Los Angeles

11
   County Superior Court's jurisdiction over the SVP petition was defective and that
12
13 there has been any violation of his constitutional rights which would entitle him to

14 release from Los Angeles County custody at this time.

15
                                     **III**
16

17 **ABSTENTION   IS   APPROPRIATE   BECAUSE**

18
   **THERE   IS   A   PENDING   STATE   COURT**
19
20 **PROCEEDING**

21       In *Younger, supra*, 401 U.S. 37, the United States Supreme Court set

22
   forth certain principles of federalism pursuant to which federal courts should abstain
23

24 _____

25 [8] Claims regarding events which transpired *before* DelRay was detained upon the
   SVP petition would be moot because Petitioner is no longer in the custody of the
26 Department of Corrections, the Board of Prison Terms and the Department of Mental
   Health and this Court cannot grant a habeas remedy of release from entities that do
27 not have custody of DelRay.  These past events are legally relevant– if at all –only to
   the degree that they would impact the legality of DelRay's current detention by the
28 County of Los Angeles upon the pending SVP petition.

from deciding issues which are pending in state court proceedings: It is a "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law . . . . " *Id.* at 43.   The abstention doctrine is based upon the notion of "comity," or respect for the freedom of states to perform their own functions without undue interference. *Id.* at 44.   In practice, the *Younger* doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980), cert. denied, 449 U.S. 1014 (1980), citation omitted.

Although the *Younger* abstention principles were enunciated in the setting of pending state criminal proceedings, those principles have been held to apply also when there are pending civil proceedings if the State's interests in the proceedings are sufficiently important that to exercise federal judicial power would be to disregard comity. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-605 (1975); *Moore v. Sims*, 442 U.S. 415, 423 (1979).   It is beyond dispute that California has an important interest in detaining and treating individuals who may be dangerous to others because they suffer from a mental defect or disorder which causes them to engage in sexually predatory behavior. *United States v. Comstock*, __ U.S. __ ; [130

(..continued)

18

S.Ct. 1949; 2010 WL 1946729] (May 17, 2010) (upholding the constitutionality of a federal statute which authorized the civil commitment of a sexually violent predator beyond his otherwise applicable release date under the "necessary and proper" clause); *Hubbart v. Superior Court*, 19 Cal.4th 1138, 1153 fn. 20 (1999)(SVP proceedings serve "compelling" state interests in the protection of the public and the treatment of mental illness).

If *Younger* applies, a court may not retain jurisdiction, but should instead dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 348 (1977).  District Courts have concluded that *Younger* abstention applies to pending federal habeas corpus petitions brought by detainees whose SVP proceedings have not yet finally been adjudicated. *Dannenberg v. Nakahara*, 1998 WL 661467 *1-2 (N.D. Cal. 1998) (declining to "step into the middle of state commitment proceedings" under the *Younger* abstention doctrine); *Woodard v. Plummer,*  2002 WL 3833416 *1 (N.D. Cal. 2002)(concluding that *Younger* abstention was appropriate because pending SVP proceedings implicated an important state interest and afforded an adequate opportunity to raise constitutional claims); *Clemons v. Kramer*, 2008 WL 3833416 *2-5 (C.D. Cal. 2008) (concluding that *Younger* abstention applied where a petitioner claimed that the superior court lacked jurisdiction to bring an SVP proceeding against him after his parole release date, and that the civil commitment would violate *ex post facto* principles); *O'Shell v. Mayberg* 2009 WL 3061982 *2-4 (S.D. Cal. 2009)(concluding that *Younger* abstention applied when there was a direct appeal of

an SVP commitment pending in state court); *Mouzon v. McLain,* 2007 WL 4219432 * 1-2 (dismissing a habeas petition when there was a pending SVP trial); *Jones v. McClain,* 2008 WL 538672 *3-6 (C.D. Cal. 2008)(same).

*Younger* abstention requires that pending state proceedings be judicial in nature, implicate important state interests, and afford the petitioner an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982). Here, a pending SVP petition in state court satisfies all of those requirements as well as the important state interest requirement. Federal questions are regularly litigated in the ordinary course of judicial proceedings in California's state courts. See, e.g., *Hubbart v. Superior Court*, *supra*, 19 Cal.4th at pp. 1149-51 (1999) (constitutional issues relating to an SVP proceeding). In the case *sub judice*, there is no reason to doubt that the pending SVP proceedings and subsequent appeal rights will afford DelRay all the constitutional protection he may wish to invoke.

The United States Supreme Court has stated that federal courts should not enjoin pending state proceedings absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (explaining that cost, anxiety and the inconvenience of presenting a defense are not the kind of special circumstances or irreparable harm that would justify federal court intervention; instead, a statute must be unconstitutional in every "clause, sentence and

1   paragraph, and in whatever manner" it is applied).  *Ibid.*

2           Respondent hereby moves for dismissal based on the abstention doctrine.

3
4   DelRay does not attack a state judgment under which he is or will be subject to

5   custody, but instead the manner in which the SVP petition was brought and the fact

6   that the Los Angeles Superior Court has declined to dismiss the SVP proceeding and

7
8   concluded instead that the matter should proceed to trial.  This Court should abstain

9   from adjudicating DelRay's claims concerning those pending state proceedings.

10          DelRay has not shown any harassment by state officials; the mere fact

11
12  that Petitioner legally disagrees that the superior court has jurisdiction over the

13  underlying SVP proceeding does not equate to harassment.  A judicial probable cause

14  hearing was held during which expert witnesses testified, and were subject to

15
16  cross-examination by DelRay's attorney, and a superior court judge found probable

17  cause to go forward with the SVP commitment proceedings against DelRay.

18  Appendix 15.  Although DelRay claims misconduct by the DDA Vagnozzi by "lying

19
20  to the court," this claim relates solely to the prosecutor's official duties in filing the

21  SVP petition and seeking a removal order to secure DelRay's presence in court, both

22  of which DelRay views as legally improper.  Indeed, DDA Vagnozzi did not even

23
24  address the court during the arraignment.  Petition, Ex. 22; *Gingrich v. Oberhauser*,

25  305 F.Supp. 738, 741-742 (C.D. Cal. 1969)(transcripts are presumed to be correct).

26          Neither has DelRay demonstrated irreparable injury.  The Supreme

27  Court has explained that irreparable injury does not exist if the threat to the

28

21

petitioner's federally protected constitutional rights may be eliminated by his defense of the pending case. *Younger, supra*, 401 U.S. at 53-54. The mere fact that DelRay prefers a dismissal rather than a trial does not mean that he would be irreparably harmed by permitting this case to be litigated to a conclusion in the state courts. DelRay has not claimed – and indeed *cannot* claim – that California's SVP statutes are patently unconstitutional as drafted and applied, because the United States Supreme Court has already upheld the constitutionality of SVP statutes upon which California's statutory scheme for SVPs was modeled. *Kansas v. Hendricks*, 521 U.S. 346, 356-358 (1997); *Kansas v. Crane*, 534 U.S. 407 (2002); *Hubbart v. Superior Court, supra*, 19 Cal.4th at 1171-79 (California's SVP proceedings are "substantially similar" to those of Kansas). Abstention is therefore appropriate.

## IV

**THIS HABEAS PETITION IS NOT YET RIPE FOR REVIEW AND AVAILABLE STATE REMEDIES HAVE NOT BEEN EXHAUSTED**

A challenge regarding whether a particular detainee can legally be adjudicated as an SVP is not yet ripe for review where such determination has not been made, and indeed may not ever be made if the alleged SVP prevailed either at trial or upon subsequent state court appeal. *Rhoden v. Mayberg*, 2008 WL 52220202 *2-4 (E.D. Cal. 2008) (concluding that a habeas petition brought by a pretrial SVP detainee was not ripe for review and that *Younger* abstention was appropriate). When

an issue is not ripe, there is no "case or controversy" for federal courts to decide: The United States Supreme Court has stated that the rationale of the ripeness doctrine is "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568 (1985). It is not the role of the federal courts "to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases and controversies . . . ." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F. 3d 1134 (9th Cir. 2000). A case is not ripe when it is "anchored in future events that may not occur as anticipated, or at all." *Rhoden v. Mayberg*, 2008 WL 52220202 at *2 (E.D. Cal. 2008). Here, no case or controversy currently exists, and may not ever exist, depending upon the result of the SVP trial and subsequent state court appellate proceedings.

It logically follows from the fact that the habeas petition is not yet ripe, that dismissal is also appropriate because DelRay has failed to exhaust state remedies which remain available before applying for federal habeas relief. *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (per curiam). State courts must first be given a "fair opportunity" to address alleged violations of constitutional rights, applying controlling legal principles to the facts, before federal habeas relief is available. *Picard v. Connor*, 404 U.S. 270, 275-277 (1971); *cf. Rose v. Lundy*, 455 U.S. 509, 518-519 (1982), superseded by statute and abrogated on other grounds by *Rhines v. Weber*, 544 U.S. 269 (2005).

23

DelRay is pending trial and an order of commitment on his SVP petition. Jurisdiction to issue a writ of habeas corpus before a judgment is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3), not under § 2254. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975); *McNeely v. Blanas*, 336 F.3d 822, 824 fn. 1 (9th Cir. 2003). Habeas corpus review under § 2241 is available if the petitioner satisfies two jurisdictional requirements: (a) that he is "in custody," and (b) that the legality of custody is challenged because it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Although no exhaustion requirement is mandated by statute for claims under 28 U.S.C. § 2241(c)(3), federal courts have nonetheless required exhaustion in such habeas petitions. *Clemons v. Kramer*, 2008 WL 3833416 *5-6 (C.D. Cal. 2008)(concluding that a pretrial SVP detainee had not yet exhausted available state appellate remedies although he presented his claims to the California Court of Appeal and the California Supreme Court in habeas corpus petitions). Thus, principles of federalism and comity require abstention until all state proceedings are completed and DelRay exhausts available state remedies, absent special circumstances warranting federal intervention prior to a state trial. See *Carden v. Montana*, 626 F.2d at 83-84 & n. 1 (9th Cir. 1980); *United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must exhaust state remedies); see also

1   *Moore v. DeYoung*, 515 F.2d at 447 (alleged denial of a speedy trial is not an

2   extraordinary circumstance warranting pretrial habeas relief).

3
     Exhaustion applies only to *available* state remedies, i.e., state remedies

4
5   still available at the time of the federal petition. *Engle v. Isaac*, 456 U.S. 107, 125,

6   n.28 (1982).   At this time, DelRay still has available to him the SVP trial through

7
    which he can present defenses, including claims that his constitutional rights have
8
9   been violated or that the court lacks jurisdiction.   Assuming a lack of success at trial,

10   DelRay still has appellate remedies, which also have not been exhausted.   Therefore,

11
    this Court should dismiss the Petition for lack of ripeness and for failure to exhaust
12
13   state court remedies.

14                              **CONCLUSION**

15
          For all of the reasons stated, the Petition should be dismissed.
16

17

18   Dated:  June 28, 2010                Respectfully submitted,
                                          STEVE COOLEY,
19                                        District Attorney of Los Angeles County

20

21                                        PATRICK D. MORAN

22

23                                        TRACEY W. LOPEZ
                                          Deputy District Attorneys
24                                        Appellate Division

25                                        Attorneys for Respondent

26

27

28

                              25

1    <u>DECLARATION OF SERVICE BY MAIL</u>

2         The undersigned declares under penalty of perjury that the following is

3    true and correct:

4         I am over eighteen years of age, not a party to the within cause and

5    employed in the Office of the District Attorney of Los Angeles County with offices at

6    320 West Temple St., Suite 540, Los Angeles, California 90012.  On the date of

7    execution hereof, I served the attached <u>Motion to Dismiss Habeas Corpus Petition;</u>

8    <u>Memorandum of Points and Authorities; Exhibits.</u> upon each addressee by depositing

9    a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid

10   in the United States mail in the County of Los Angeles, California, addressed as

11   follows, and where indicated, by e-mail:

12   Eli Toney DelRay
     CSH-000155-2
13   Coalinga State Hospital
     24511 West Janey Avenue
14   PO Box 5003
     Coalinga, CA 93211-5003
15

16

17        Executed on June 28, 2010, at Los Angeles, California.

18

19

20        (Signature) Martha Paez

21

22

23

24

25

26

27

28