# APPENDIX 1

```
LAW OFFICES OF THE PUBLIC DEFENDER
By:  NANCY RAMSEYER, Deputy Public Defender
     State Bar Number: 99100
1150 North San Fernando Road
Los Angeles, California 90065
Telephone: (323) 226-2932

Attorney for Respondent.
```

**FILED**
LOS ANGELES SUPERIOR COURT
JUN 18 1999
JOHN A. CLARKE, CLERK
BY B. REYES, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE STATE OF CALIFORNIA

| People of the State of California, | ) | Case No. ZM 001979 |
|---|---|---|
| Petitioner, | ) | **MOTION TO DISMISS DUE TO LACK OF QUALIFYING SEXUALLY VIOLENT OFFENSE** |
| v. | ) | Date:  **June 30, 1999** |
| ELI DELRAY, | ) | Court:. Department 95 |
| Respondent. | ) | |

TO:  THE HONORABLE HAROLD E. SHABO, PRESIDING JUDGE IN DEPARTMENT 95, SUPERIOR COURT; GIL GARCETTI, LOS ANGELES COUNTY DISTRICT ATTORNEY AND/OR HIS REPRESENTATIVES:

**PLEASE TAKE NOTICE THAT** on **June 30, 1999**, respondent, through his counsel, **Nancy Ramseyer**, Deputy Public Defender, will move to dismiss the pending petition due to insufficient proof of a prior qualifying offense as defined in Welfare and Institutions Code Section 6600(a).

This motion will be based on the attached Points and Authorities, oral argument and the contents of the petition.

Dated this **16th** day of **June, 1999**.

Respectfully submitted,

MICHAEL P. JUDGE, PUBLIC DEFENDER
LOS ANGELES COUNTY

By: _Nancy Ramseyer_
   **NANCY RAMSEYER**
   Deputy Public Defender

1

MOTION TO DISMISS DUE TO LACK OF QUALIFYING SEXUALLY VIOLENT OFFENSE  002

## STATEMENT OF FACTS

On June 18, 1996, the District Attorney's office filed a Petition for Commitment as a Sexually Violent Predator naming **Eli Delray** as respondent. The petition alleges Mr. Delray had previously been convicted of two sexually violent offenses.

The petition alleges a 1974 conviction in case CR 15641. This prior conviction was from Ohio and although the petition does not so indicate, subsequent information obtained by the District Attorney's office shows the respondent was convicted on two counts of R.C. 2907.02, Rape, and one count of R.C. 2907.05, Gross Sexual Imposition. (Exhibit A.) The sentence pronounced in that case was "for an indeterminate period", namely seven to twenty-five years for each rape count, to run consecutively, and two to five years for the gross sexual imposition count. (See Exhibit A.)

The petition further alleges a California conviction in case A 766947 for P.C. 288(a) on February 24, 1987, for which Mr. Delray received a determinate sentence of twelve years.

## POINTS AND AUTHORITIES

### I

### RESPONDENT'S OHIO CONVICTION DID NOT QUALIFY UNDER THE SEXUALLY VIOLENT PREDATOR ACT AT THE TIME THE PETITION WAS FILED

When the petition was filed against Mr. Delray in June, 1996, the Sexually Violent Predator Act (SVPA), W&IC 6600 et seq., did not include out of state convictions as prior qualifying offenses. The SVPA did require that prior qualifying offenses result in a determinate sentence. As noted above, Mr. Delray suffered a conviction in Ohio which resulted in an indeterminate sentence.

In 1996, subsequent to the filing of the petition against Mr. Delray, the SVP law was amended to expand the categories of qualifying sexually violent offenses, including the new category of "a conviction in another state for an offense described in subdivision (b)...even if the offender did not receive a determinate sentence...."

In People v. West, (1999) 70 Cal.App.4th 248, the court makes the point that the 1996 amendment was not intended to clarify existing law. The court refers to a Committee Report prepared

2

MOTION TO DISMISS DUE TO LACK OF QUALIFYING SEXUALLY VIOLENT OFFENSE 003

for a July 9, 1996 hearing before the Senate Committee on criminal procedure:

> This bill would increase the definition of a "sexually violent predator" to include persons who...were convicted under indeterminate sentencing law, or have an out-of-state conviction....

The significance of the West court's holding that the amendment was not intended to merely clarify the law is that an amendment which expands the scope of an existing statute may not be applied retrospectively unless the legislature plainly intended it to do so (Evangelatos v. Superior Court (1988) 44 Cal.3d 1188, 1207-1208). The 1996 amendment to the SVPA contains no express language that the amendment was intended to apply retroactively. Nothing in the 1996 amendment states that it is intended to clarify existing law.

In People v. Butler (1998) 68 Cal.App.4th 421, the court relied on statements of legislative intent made prior to the Committee Report quoted above to hold that the 1996 amendment was a mere clarification instead of an expansion. The text of the amendment itself demonstrates that it is an expansion of the statutue. Furthermore, the Butler court did not cite any legislative history concerning an intent to include out of state convictions. A common sense reading of the amendment coupled with the Committee Report quoted above makes it clear that the amendment in fact increased the scope of the SVP law.

There is one point made in the Butler case which does apply to the instant case. The court indicates "the applicable law is the version of the statute in effect at the time the petition was filed rather than the version of the statute in effect at the time of the trial..." (68 Cal.App.4th 421, 439). The version of the law which applies to Respondent is the pre-amendment text.

Based on the foregoing argument the Respondent urges the court to apply the unamended version of W&IC 6600, find that the 1996 amendment did expand the statute and conclude that the use of the 1974 conviction from Ohio is barred by the terms of the original statute. If the Ohio conviction cannot be used to support the petition, there is no longer a sufficient basis for alleging that Mr. Delray is a Sexually Violent Predator.

## II
## THE OHIO CONVICTION WAS PREVIOUSLY FOUND TO BE NOT TRUE IN CALIFORNIA

In the course of the trial of the California case (A766947) the court found the Ohio prior to be "not true" (see Exhibit B). Under the principles of res judicata and collateral estoppel the issue of the validity of the prior conviction has been decided. Had the petitioner been aware of the trial court's ruling in A766947, it is unlikely that this petition would ever have been filed.

In light of all of the foregoing arguments, Respondent respectfully requests the court to find the Ohio conviction may not be used to support the petition in this case and to dismiss the case in its entirety.

Respectfully submitted,

MICHAEL P. JUDGE,
PUBLIC DEFENDER

By: *Nancy Ramseyer*
NANCY RAMSEYER
Deputy Public Defender

**EXHIBIT A**

STATE OF OHIO, } ss.
CUYAHOGA COUNTY }

IN THE COURT OF COMMON PLEAS
JANUARY _____ TERM, 19 75

STATE OF OHIO — PLAINTIFF
vs.
Anthony Pringle — DEFENDANT

TO-WIT: April 8, 1975
NO. CR-15641

INDICTMENT Rape cts 1-3 w/ct Gr. Sex. Impost.

## JOURNAL ENTRY

The defendant herein having, on a former day of court, been found guilty by a Jury of Rape, RC. 2907.02, as charged in the first and third counts, and guilty of Gross Sexual Imposition, RC.2907.05, as charged in the second count of the indictment, was this day brought into court with his counsel present.

Thereupon the court inquired of the said defendant if he had anything to say why judgment should not be pronounced against him; and having nothing but what he had already said and showing no good and sufficient cause why judgment should not be pronounced:

It is therefore ordered and adjudged by the court that defendant Anthony Pringle, be imprisoned and confined in the Ohio State Reformatory, Mansfield, Ohio, under each count, count one and three each for a period seven (7) to twenty-five (25) years, count two for a period of two (2) to five (5) years, xxxxxxxxxxxxxxxxxxxxxxxxx for an indeterminate period, according to law and that he pay the cost of this prosecution for which execution is awarded.

Sentence as to each count to run consecutively.

Daniel O. Corrigan, Judge
va
4/10
n-4/9
C OF C 124 C

RECEIVED FOR FILING
APR 1 5 1975
BY _____ JUDGE _____

VOL 250 PG 735

**EXHIBIT B**

355

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES   DEPT. 113

| | | | |
|---|---|---|---|
| Date: | 2-3-87 | | |
| HONORABLE: | MICHEAL TYNAN JUDGE | E COX Deputy Sheriff | Deputy Clerk |
| | T MARTINEZ Deputy Sheriff | C OLSON | Reporter |

a766947

PEOPLE OF THE STATE OF CALIFORNIA
VS
01 DELRAY, ELI TONY
288(a) 03cts

(Parties and counsel checked if present)

Counsel for People:
DEPUTY DISTRICT ATTY:    N. KOUMJIAN

Counsel for Defendant:    PRO PER

NATURE OF PROCEEDINGS     PRIORS     REMANDED

THE ISSUE OF THE PRIOR ALLEGATIONS RESUMES FROM FEBRUARY 2, 1987 WITH ALL PARTIE PRESENT AS HERETOFORE.

THE PEOPLE ARGUE.

DEFENDANT ARGUES.

THE COURT FINDS ALL OF THE PRIOR ALLEGATIONS TO BE NOT TRUE.

THE DEFENDANT IS REFERRED TO THE PROBATION DEPARTMENT AND PROBATION AND SENTENCING IS SET FEBRUARY 24, 1987, AT 9:00.

REM

MINUTES ENTERED
2-3-87
COUNTY CLERK

009

**MINUTE ORDER**

# APPENDIX 2

```
 1 │ GIL GARCETTI
   │ District Attorney
 2 │ By: REBECCA MARIE MADRID                    FILED
   │ State Bar No. 149276                LOS ANGELES SUPERIOR COURT
 3 │ Deputy District Attorney
   │ Sexually Violent Predator Unit            JUN 28 1999
 4 │ 320 West Temple Street, Room 772
   │ Los Angeles, California 90012
 5 │ Telephone: (213) 974-5927
   │                                       BY B. REYES, DEPUTY
 6 │ Attorney for Petitioner
 7 │
 8 │       SUPERIOR COURT OF LOS ANGELES JUDICIAL DISTRICT
 9 │         COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
10 │
11 │ PEOPLE OF THE STATE OF CALIFORNIA, )  CASE NO. ZM001979
12 │                                    )           A766947
   │                        Petitioner, )
13 │                                    )  PETITIONER'S OPPOSITION
   │           v.                       )  TO RESPONDENT'S MOTION
14 │                                    )  TO DISMISS
   │                                    )
15 │ ELI TONY DELRAY                    )
   │                                    )  DATE: June 30, 1999
16 │                                    )  TIME: 8:30 a.m.
   │                        Respondent. )  DEPT: 95
17 │ _____  )
18 │     TO THE HONORABLE HAROLD E. SHABO, PRESIDING JUDGE IN DEPARTMENT
19 │ 95, RESPONDENT ELI TONY DELRAY, AND HIS ATTORNEY OF RECORD NANCY
20 │ RAMSEYER, DEPUTY PUBLIC DEFENDER:
21 │ .   PLEASE TAKE NOTICE that on June 30, 1999 the Petitioner will
22 │ oppose the Respondent's motion to dismiss.  This opposition will be
23 │ based on the attached points and authorities, oral argument and the
24 │ contents of the petition.
25 │ ///
26 │ ///
27 │ ///
28 │ ///
```

1

Opposition to Respondent's Motion to Dismiss

011

I.

## STATEMENT OF FACTS

On June 18, 1996 a Petition for Commitment as a Sexually Violent Predator was filed against the respondent, Eli Tony Delray, pursuant to Welfare and Institutions Code section 6600 et seq.[1] The petition alleges that the respondent suffered two prior convictions within the meaning of Welfare and Institutions Code section 6600, subdivisions (b) and (e). It was alleged in the petition that on the respondent was convicted in the state of Ohio of one count of R.C. 2907.02, Rape and one count of R.C. 2907.05, Gross Sexual Imposition in case number CR 15641. On April 8, 1975, the respondent was sentenced to two terms of seven to twenty-five years on two counts of rape and one term of two to five years on one count of gross sexual imposition, the sentences to run consecutive.

On January 29, 1987, the respondent was convicted of Lewd and Lascivious Acts Upon a Child Under 14 in violation of Penal Code Section 288(a) in case number A766947. He was sentenced to twelve years in the state prison. At the time of his parole he was detained on this petition.

II.

## AN OUT OF STATE CONVICTION CONSTITUTES A QUALIFYING SEXUALLY VIOLENT OFFENSE PURSUANT TO THE SEXUALLY VIOLENT PREDATORS ACT

Section 6600, subdivision (a), defines a "Sexually Violent Predator" as follows: "a person who has been convicted of a sexually

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise specified.

violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent behavior." Urgency legislation enacted on September 13, 1996 amended sections 6600, subdivisions (a) and (b) as follows (the added language is underlined):

>(a) "Sexually violent predator" means a person who has been convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.
>
>For purposes of this subdivision, a prior finding of not guilty by reason of insanity for an offense described in subdivision (b), a conviction prior to July 1, 1977, for an offense described in subdivision (b), a conviction resulting in a finding that the person was a mentally disordered sex offender, or a conviction in another state for an offense that includes all the elements of an offense described in subdivision (b), shall also be deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense.
>
>...The existence of any prior conviction may be shown with documentary evidence. The details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with a victim, may be shown by documentary evidence, including but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports and evaluations by the State Department of Mental Health.
>
>(b) "Sexually violent offense" means the following acts when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as provided in subdivision (a)...."

The intent of the Legislature in passing the urgency legislation was to clarify that those inmates convicted of the enumerated qualifying violent sex offenses who were sentenced prior to 1977,

3

sentenced in a foreign jurisdiction, found not guilty by reason of insanity or found to be a MDSO, would be eligible for commitment under the SVP law. Any interpretation of the original statute which excludes these sexually violent prior offenses would not only undermine this intent, but would also lead to the absurd result of allowing a select group of sexually violent predators to escape commitment under the SVP law solely on the type or sentence received for their prior conviction, regardless of the fact that the prior crimes qualify under the act. <u>People v. Butler</u> (1998) 68 Cal.App.4th 421, 440.

Under the facts of the respondent's case, <u>Butler</u> is squarely on point. In <u>Butler</u> a petition was filed against the inmate seeking to commit him pursuant to the SVP law. The petition alleged he had been convicted of Penal Code Section 261.3 Rape by Force or Threat of Violence in 1974 and "first degree rape and sodomy" in 1976 in Oklahoma. The inmate contended that his 1976 Oklahoma conviction was not a qualifying offense under the SVP law because the petition was filed prior to the 1996 amendment to section 6600. The court held that the 1976 Oklahoma conviction was a qualifying offense under the SVP law <u>despite the fact that the amendment had not been enacted when the SVP petition was filed against the inmate.</u> <u>Ibid</u>. The court stated:

> A strict construction of section 6600 as it read at the time the commitment petition was filed would result in absurd consequences which the Legislature could not have intended. To exempt from the SVP law persons who committed their prior offenses in another jurisdiction would fail to satisfy the purposes of the SVP law, i.e., to identify, confine, and treat individuals who have diagnosable mental disorders which predispose them to engage in sexually violent criminal behavior. Thus, we believe that <u>even prior to the 1996 amendment to section 6600, subdivision (a), the Legislature intended the statute to apply to persons with

foreign offenses which included all of the elements of the California offenses enumerated in section 6600, subdivision (b).

(People v. Butler, supra, 68 Cal.App.4th at p.440, emphasis added.)

In deciding that the Legislature intended that the pre-amendment SVP statute apply to persons whose prior convictions were suffered in foreign jurisdictions, the Butler court based its analysis on People v. Johnson (1995) 33 Cal.App.4th 623. In Johnson the court considered the whether Penal Code Section 667.6(b), which provided for a ten year sentencing enhancement for certain enumerated prior convictions, applied to the defendant who had a prior conviction out of Arizona. (Id. at p. 627.) The language of Section 667.6(b) listed only California convictions as qualifying priors. (Ibid.) The defendant argued the "limiting" language of the statute precluded the imposition of the enhancement for the Arizona conviction. (Id. at p. 628.) The Johnson court concluded that interpreting the statute and applying it solely to California convictions would "result in absurd consequences which the legislature could not have intended." (Id. at p. 632.) In so concluding the court stated:

> According to defendant, one who commits comparable violent sex offenses in another jurisdiction would be exempt from the . . . enhancements set forth in section 667.6. Such a construction would be directly contrary to the express purposes of section 667.6 i.e., attacking the recidivism of violent sex offenders by providing for longer enhancements for prior convictions of the same type of offense, irrespective of where, or in which jurisdiction, the prior crimes were perpetrated.

(Id. at p. 632.)

The Johnson court also pointed out that the defendant's interpretation of the statute would treat violent sex offenders from other jurisdictions far more lightly than those who committed past and present offenses within California. (People v. Johnson, supra,

5

Opposition to Respondent's Motion to Dismiss

015

33 Cal.App.4th at p. 632.)

The Butler court emphasized that the Johnson court zeroed in on the fact that to read Section 667.6 literally, thus ignoring out of state convictions "would be directly contrary to the express purposes of section 667.7, i.e., attacking the recidivism of violent sex offenders by providing for longer enhancements for prior convictions of the same type of offense, irrespective of where, or in which jurisdiction, the crimes were perpetrated." (People v. Butler, supra, 68 Cal.App.4th at p. 440, citing People v. Johnson, supra, 33 Cal.App.4th at p. 632.)

Thus exempting persons convicted of qualifying sexually violent offenses in other states contravenes the purpose of the SVP law which is to confine and treat those who have diagnosable mental disorders predisposing them to commit sexually violent offenses. (People v. Butler, supra, 68 Cal.App.4th at p. 440.)

### III.

### LEGISLATIVE INTENT DICTATES THAT THE SEPTEMBER 13, 1996 AMENDMENT APPLIES RETROACTIVELY TO THE RESPONDENT

The Legislative intended that the September 1996 amendment to the SVP law be applied retroactively as demonstrated by the express statement in the law itself. The original language of subdivision (b) of section 6600 specifically states a "sexually violent offense" is a crime committed "on, before, or after the effective date of this article and result in a conviction...". (Emphasis added.) Furthermore, the 1996 amendment specifically refers back to Subdivision (b) thereby incorporating the retroactive language.

6

Opposition to Respondent's Motion to Dismiss

Thus, the Legislature clearly intended that the original SVP law <u>and</u> the amendment apply to crimes committed prior the effective dates of those laws and expressly so states in the body of the statute itself.

Further, the <u>Butler</u> court found that the fact that the 1996 amendment took effect immediately upon approval, as urgency legislation also supports the conclusion that it was intended to clarify rather than expand the application of the SVP law thus making the amendment retroactive. (<u>People v. Butler</u>, <u>supra</u>, 68 Cal.App.4th at p. 441.) The <u>Butler</u> court also considered the legislative history of the September 1996 amendment and concluded: "The legislative history of the September 1996 amendment to section 6600, subdivision (a) demonstrates the amendment was intended to clarify the statute rather than simply to enlarge its application." (<u>Id</u> at p. 440.) The court cited Assembly and Senate reports which used the term "clarify" to describe the purpose of the amendment thus allowing for retroactive application.

The language in the statute and the <u>Butler</u> holding mandate that out of state convictions qualify as prior sexually violent offenses under the SVP law prior to the September 13, 1996 amendment.

### IV.

### THE ISSUE OF THE VALIDITY OF THE RESPONDENT'S
### 1987 PRIOR HAS NOT BEEN DECIDED

In this case the Petitioner is seeking to commit the respondent as a Sexually Violent Predator utilizing the Ohio prior conviction which was found to be not true by the court in case number A766947. The fact that the court in the previous action found the Ohio prior to be "not true" does not void the conviction. (<u>People v. Rice</u>

7

Opposition to Respondent's Motion to Dismiss

(1988) 200 Cal.App.3d 647, 654.) In <u>Rice</u> the defendant who had been convicted of driving under the influence with two prior convictions found true, argued that the trial court should have stricken his prior convictions on the grounds of double jeopardy and collateral estoppel. (<u>Id</u>. at p. 650.) The defendant argued the priors should have been stricken because in a previous trial the jury found them to be not true. (<u>Id</u>. at p. 653.) The court in <u>Rice</u> rejected the defense argument and held that the doctrines of collateral estoppel and double jeopardy do not bar the government from seeking to enhance a subsequent offense with a prior conviction that a previous jury found not true. (<u>Id</u>. at p. 655.)

Further, since the <u>Rice</u> decision, the United States Supreme Court has ruled that double jeopardy does not preclude retrial on a prior conviction allegation in a noncapital sentencing context. (<u>Monge v. California</u> (1998) 118 S.Ct. 2246, 2253; 141 L.Ed.2d 615, 622.) In <u>Monge</u> the prosecution failed to prove a three strikes prior conviction beyond a reasonable doubt. (<u>Id</u>. at 2249, 618.) On appeal the state conceded that the prior had not been proven and requested another opportunity to prove the allegation on remand. (<u>Ibid</u>.) The California Court of Appeal determined that a remand for retrial on the enhancement would violate double jeopardy principles. (<u>Ibid</u>.) The California Supreme Court, finding no such violation, reversed the appellate court's ruling. (<u>Ibid</u>.) In affirming the California Supreme Court the U.S. Supreme Court stated:

> "Historically, we have found double jeopardy protections inapplicable to sentencing proceedings, [citations omitted] because the determinations at issue do not place a defendant in jeopardy for an "offense" [citations omitted]...Nor have sentence enhancements been construed as additional punishment for the previous offense; rather they act to increase a sentence "because of the manner in which

1  [the defendant] committed the crime of conviction."
2  [Citations omitted.] . . . An enhanced sentence imposed on a persistent offender thus "is not viewed as either a new
3  jeopardy or additional penalty for earlier crimes" but as "a stiffened penalty for the latest crime, which is
4  considered to be an aggravated offense because a repetitive one." [Citations omitted.]

(Id. at 2250, 619.)

Clearly the validity of the prior Ohio conviction as it applies to this matter, was not decided in case number A766947. The "not true" finding does not preclude proving the prior in this proceeding. (Monge at 2253, 622; Rice at 655.)

V.

## CONCLUSION

Respondent Delray's 1974 Ohio conviction is a qualifying prior sexually violent offense pursuant to section 6600. Therefore there is no legal basis for dismissal and the Petitioner respectfully requests that the Respondent's motion be denied.

DATED: June 28, 1999

Respectfully submitted,

GIL GARCETTI
District Attorney

By [signature]

REBECCA MARIE MADRID
Deputy District Attorney